IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM WHITFORD, ROGER ANCLAM,
EMILY BUNTING, MARY LYNNE DONOHUE,
HELEN HARRIS, WAYNE JENSEN,
WENDY SUE JOHNSON, JANET MITCHELL,
ALLISON SEATON, JAMES SEATON,
JEROME WALLACE and DONALD WINTER,

                        ORDER

           Plaintiffs,

                        15-cv-421-bbc

     v.

GERALD C. NICHOL, THOMAS BARLAND,
JOHN FRANKE, HAROLD V. FROEHLICH,
KEVIN J. KENNEDY, ELSA LAMELAS and
TIMOTHY VOCKE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs are 12 individuals registered to vote in Wisconsin. All of them are "supporters of the public policies espoused by the Democratic party and of Democratic Party candidates." Cpt. ¶ 15, dkt. #1. In this lawsuit brought under 42 U.S.C. § 1983, plaintiffs contend that the Wisconsin State Assembly district plan adopted in 2012 by Wisconsin Act 43 violates the First and Fourteenth Amendments to the United States Constitution because the plan is an example of "extreme partisan gerrymandering." Id. at ¶ 2. In particular, plaintiffs say that the plan "treats voters unequally, diluting their voting power based on their political beliefs, in violation of the Fourteenth Amendment's guarantee of equal protection" and "unreasonably burdens their First Amendment rights of association and free speech." Id. Defendants have filed a motion

to dismiss, dkt. #24, which is ready for review.

The first question in every case is whether the court has subject matter jurisdiction. <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 341–42 (2006); <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 95 (1998). One of the components of jurisdiction is standing, which requires the plaintiffs to show that they have suffered a concrete injury that is fairly traceable to the defendants' conduct and that is likely to be redressed by winning the lawsuit. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).

Defendants argue that plaintiffs lack standing under the rationale of <u>United States v. Hays</u>, 515 U.S. 737 (1995), in which the Supreme Court held that a plaintiff does not have standing in a racial gerrymandering case unless that plaintiff lives in the district that was gerrymandered. Defendants argue that the logic of <u>Hays</u> should be applied to political gerrymandering claims as well. If <u>Hays</u> applies, defendants say, plaintiffs do not have standing because they are challenging a statewide plan without a representative plaintiff from each of the 99 districts.

In response, plaintiffs argue that all the Supreme Court cases involving partisan gerrymandering were statewide challenges. <u>League of United Latin American Citizens v. Perry</u>, 548 U.S. 399, 465-66 (2006); <u>Vieth v. Jubelirer</u>, 541 U.S. 267, 292(2004); <u>Davis v. Bandemer</u>, 478 U.S. 109, 140-41 (1986). This is true, but the Court did not consider the issue of standing in any of the political gerrymandering cases. (In <u>Bandemer</u> and <u>Vieth</u>, the Court considered the political question doctrine, not standing.) The Court's failure to discuss standing may be an indication that the Court agrees with plaintiffs, but the Court has held that "assumptions—even on jurisdictional issues—are not binding," <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470,

478–79 (2006), so plaintiffs cannot rely simply on the fact that the Court considered the merits of similar claims in other cases.

Plaintiffs also say that their theory of the case comes from a concept called "partisan symmetry," which is "intelligible only with respect to a plan as a whole." Plts.' Br., dkt. #31, at 39. Although plaintiffs' claims may be premised on a statewide challenge, that does not necessarily mean that plaintiffs have shown the type of injury necessary to have standing to obtain their requested relief. Hays, 515 U.S. at 746 ("Appellees insist that they challenged Act 1 in its entirety, not District 4 in isolation. That is true. It is also irrelevant. The fact that Act 1 affects all Louisiana voters by classifying each of them as a member of a particular congressional district does not mean—even if Act 1 inflicts race-based injury on some Louisiana voters—that every Louisiana voter has standing to challenge Act 1 as a racial classification.") (citations omitted).

The potential problem is that the plaintiffs do not address in their brief the question whether each plaintiff has suffered a concrete injury that is fairly traceable to defendants' conduct and that is likely to be redressed by success in this case, as required to show standing. Lujan, 504 U.S. at 560. For example, the plaintiffs do not explain how a voter in one district suffers a concrete injury as the result of an election in another district or how a voter who votes for the winning candidate in his or her district suffers a concrete injury. There may be plausible arguments in favor of the view that plaintiffs have standing to bring a statewide challenge, but plaintiffs have not yet articulated those arguments. Accordingly, the court will give the parties an opportunity to file supplemental briefs that address whether plaintiffs meet Lujan's injury-in-fact test with respect to their request for statewide relief.

In drafting their supplemental briefs, the parties may wish to consider whether this court should adopt the analysis of the district court in Vieth v. Pennsylvania, 188 F. Supp. 2d 532 (M.D. Pa. 2002). In that case, the court concluded that a voter in a partisan gerrymandering case had standing to challenge a statewide plan because "[t]he very nature of a claim of partisan gerrymandering contemplates a harm which extends beyond that inflicted upon a particular voter." Id. at 540. However, if plaintiffs take that approach, they should explain why it is appropriate to consider harm to those who are not parties to the case. In addition, the parties may wish to address the statement of the plurality in Vieth, 541 U.S. at 292, that a majority of the Court (the four-justice plurality and Justice Stevens) agree that "statewide claims are nonjusticiable."

ORDER

IT IS ORDERED that the parties may have until November 23, 2015, to file supplemental, simultaneous briefs on the question of standing. They may have until November 30, 2015, to file responses to the other side's brief.

Entered this 17th day of November, 2015.

BY THE COURT:

/s/

_____
KENNETH F. RIPPLE
Circuit Judge

/s/

_____
BARBARA B. CRABB
District Judge

/s/

_____
WILLIAM C. GRIESBACH
District Judge