IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, et al.,

      Plaintiffs,

    v.                                 Case No. 15-CV-421-bbc

GERALD NICHOL, et al.,

      Defendants.

## DEFENDANTS' ANSWER

NOW COME Defendants Gerald C. Nichol, Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, and Timothy Vocke, by their undersigned counsel, as and for their Answer to the Complaint hereby respond as follows.

## INTRODUCTION

1.    Defendants respond that the first sentence in paragraph 1 of the complaint states legal conclusions to which no response is required. Defendants deny the allegations in the second sentence of paragraph 1. Defendants admit the allegations in the third sentence of paragraph 1. Defendants deny the allegations in the fourth sentence of paragraph 1.

2.    Defendants respond that paragraph 2 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

3.     Defendants deny the allegations in the first sentence in paragraph 3 of the complaint. Defendants respond that the second sentence in paragraph 3 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

4.     Defendants respond that paragraph 4 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

5.     Defendants deny the allegations of paragraph 5 of the complaint.

6.     Defendants respond that paragraph 6 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

7.     Defendants state that the first sentence of paragraph 7 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants deny the remaining allegations in paragraph 7.

8.     Defendants respond that the first sentence of paragraph 8 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants deny the allegations in the remaining sentences of paragraph 8.

9.     Defendants deny the allegations in paragraph 9 of the complaint.

10.     Defendants deny the allegations in paragraph 10 of the complaint.

11.    Defendants respond that paragraph 11 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

## JURISDICTION AND VENUE

12.    Defendants admit that this Court has jurisdiction over this action.

13.    Defendants admit that a three-judge panel is appropriate for this case.

14.    Defendants admit that venue is proper in the Western District of Wisconsin.

## PARTIES

15.    Defendants lack knowledge or information to form a belief about the allegations in the first two sentences of paragraph 15 of the complaint. Defendants respond that the remaining allegations in paragraph 15 state legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

16.    Defendants respond that paragraph 16 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

17.    Defendants lack knowledge or information to form a belief about the allegations in paragraph 17 of the complaint.

18.    Defendants lack knowledge or information to form a belief about the allegations in paragraph 18 of the complaint.

19.     Defendants lack knowledge or information to form a belief about the allegations in paragraph 19 of the complaint.

20.     Defendants lack knowledge or information to form a belief about the allegations in the first sentence of paragraph 20 of the complaint. Defendants respond that the second sentence of paragraph 20 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

21.     Defendants lack knowledge or information to form a belief about the allegations in paragraph 21 of the complaint.

22.     Defendants lack knowledge or information to form a belief about the allegations in paragraph 22 of the complaint.

23.     Defendants lack knowledge or information to form a belief about the allegations in the first sentence of paragraph 23 of the complaint. Defendants respond that the second sentence of paragraph 23 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

24.     Defendants lack knowledge or information to form a belief about the allegations in the first sentence of paragraph 24 of the complaint. Defendants respond that the second sentence of paragraph 24 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

25.    Defendants lack knowledge or information to form a belief about the allegations in paragraph 25 of the complaint.

26.    Defendants lack knowledge or information to form a belief about the allegations in the first sentence of paragraph 26 of the complaint. Defendants respond that the second sentence of paragraph 26 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

27.    Defendants lack knowledge or information to form a belief about the allegations in paragraph 27 of the complaint.

28.    Defendants admit the allegations in paragraph 28 of the complaint.

29.    Defendants admit the allegations in paragraph 29 of the complaint.

30.    Defendants admit the allegations in paragraph 28 of the complaint.

## BACKGROUND

### The Current Plan Was Intended To Discriminate Against Democrats

31.    Defendants deny the allegations in the first sentence of paragraph 31 of the complaint. Defendants state the opinion in *Baldus v. Wisconsin Government Accountability Board*, 849 F. Supp. 2d 840 (E.D. Wis. 2012) speaks for itself.

32.    Defendants deny the allegations in paragraph 32 of the complaint.

33.     Defendants admit the allegations in the first sentence of paragraph 33 of the complaint except for the word "ostensibly." Defendants deny the allegations in the second sentence of paragraph 33.

34.     Defendants deny the allegations in paragraph 34 of the complaint.

35.     Defendants deny the allegations in paragraph 35 of the complaint.

36.     Defendants admit the allegations in the first sentence of paragraph 36 of the complaint. With respect to the allegations in the second sentence of paragraph 36, Defendants admit that Dr. Gaddie created a model that analyzed the past partisan performance of all the districts established by Act 43, but deny that Dr. Gaddie created a model that was intended to predict the expected performance in the future. Defendants deny the allegations in the third and fourth sentences of paragraph 36.

37.     Defendants deny the allegations in the first and second sentences of paragraph 37 of the complaint. With respect to the third sentence in paragraph 37, Defendants admit that all redistricting work was done in the offices of Michael Best before the file was sent to the Legislative Reference Bureau for drafting and admit that the "map room" was located at Michael Best's offices. Defendants admit the allegations in the fourth sentence of paragraph 37.

38.     Defendants admit the allegations in the first three sentences of paragraph 38 of the complaint. Defendants deny the allegations in the last sentence of paragraph 38.

39.     Defendants admit the allegations in the first sentence of paragraph 39 of the complaint. With respect to the second sentence of paragraph 39, Defendants admit the allegations except for the statement that "Michael Best had been hired to develop" the plan. Defendants admit the allegations in the third sentence of paragraph 39, but state that the opinion in *Baldus v. Wisconsin Government Accountability Board*, 843 F. Supp. 2d 955 (E.D. Wis. 2012) speaks for itself.

40.     Defendants admit the allegations in the first sentence of paragraph 40 of the complaint. With respect to the second sentence of paragraph 40, Defendants admit the allegations except for the statement that "Michael Best had been hired to develop" the plan.

41.     Defendants admit the allegations in paragraph 41 of the complaint.

42.     Defendants deny the allegations in the first sentence of paragraph 42 of the complaint. Defendants admit the allegations in the second sentence of paragraph 42 of the complaint.

43.     With respect to the allegations in paragraph 43 of the complaint, Defendants admit that Michael Best was paid $431,000 by the State for its work, but deny the remaining allegations in paragraph 43.

## The Current Plan Has The Effect of Discriminating Against Democrats

### *The Efficiency Gap Reliably Measures Partisan Gerrymandering*

44.   Defendants respond that paragraph 44 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

45.   Defendants respond that paragraph 45 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

46.   Defendants respond that paragraph 46 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

47.   With respect to the allegations in paragraph 47 of the complaint, Defendants admit that the efficiency gap has only been developed in the last few years by Eric McGhee and Nicholas Stephanopolous, but deny the remaining allegations in paragraph 47.

48.   Defendants deny the allegations in paragraph 48 of the complaint.

49.   Defendants deny the allegations in paragraph 49 of the complaint.

50.   With respect to the allegations in paragraph 50 of the complaint, Defendants admit that this provides an example of the efficiency gap calculated under the district-by-district method used by Kenneth Mayer.

Defendants admit that this also provides an example for calculating the efficiency gap in the manner used by Simon Jackman, but only because equal votes are cast in each district.

51.     Defendants respond that the allegations in paragraph 51 state legal conclusions to which not response is required, but deny the allegations to the extent a response is required.

52.     Defendants deny the allegations in paragraph 52 of the complaint.

53.     Defendants deny the allegations in paragraph 53 of the complaint.

**_Wisconsin's Current Plan Is an Outlier_**

54.     Defendants' responses to paragraph 54 are based on the assumption that the "efficiency gap" referred to in paragraph 54 is the version as calculated by Simon Jackman. Defendants admit the allegations in the first sentence of paragraph 54. Defendants deny the allegations in the second sentence of paragraph 54. Defendants admit the allegations in the third, fourth and fifth sentences of paragraph 54. Defendants admit that the efficiency gap as calculated by Jackman has averaged 11% in 2012 and 2014, but deny the allegation that this is "thanks to the Current Plan" to the extent that this implies this efficiency gap is caused entirely, or even mostly, by the Current Plan.

55.     Defendants deny the allegations in paragraph 55 of the complaint.

56.     Defendants deny the allegations in paragraph 56 of the complaint.

57.     Defendants deny the allegations in paragraph 57 of the complaint.

58.     Defendants deny the allegations in paragraph 58 of the complaint.

**Examples of Cracking and Packing in the Current Plan**

59.     Defendants deny the allegations in paragraph 59 of the complaint. Defendants affirmatively allege that the plaintiffs' focus on the 2008 and 2012 elections is misleading because in the 2010 election, the Democratic candidates lost nine of the seats that the plaintiffs allege were won by Democrats in the 2008 election.

   *Milwaukee, Ozaukee, Washington, and Waukesha Counties:*

60.     Defendants admit the allegations in the first and second sentences of paragraph 60 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of Plaintiff Walker. Defendants deny the allegations in the third sentence in paragraph 60.

61.     Defendants deny the allegations in the first sentence of paragraph 61 of the complaint. With respect to the allegations in the second sentence of paragraph 61, Defendants admit that the Republican candidates won Districts 22, 23, and 24 in the 2012 election, but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

62.     Defendants deny the allegations in paragraph 62 of the complaint.

   *Calumet, Fond du Lac, Manitowoc and Sheboygan Counties:*

- 10 -

63.     Defendants admit the allegations in the first and second sentences of paragraph 63 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of Plaintiff Donahue. Defendants deny the allegations in the third sentence in paragraph 63.

64.     Defendants deny the allegations in the first sentence of paragraph 64 of the complaint. With respect to the allegations in the second sentence of paragraph 64, Defendants admit that the Republican candidates won Districts 26 and 27 in the 2012 election but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

65.     Defendants deny the allegations in paragraph 65 of the complaint.

       *Racine and Kenosha Counties:*

66.     Defendants admit the allegations in the first and second sentences of paragraph 66 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of Plaintiff Mitchell. Defendants deny the allegations in the third sentence in paragraph 66.

67.     Defendants deny the allegations in the first sentence of paragraph 67 of the complaint. With respect to the allegations in the second sentence of paragraph 67, Defendants admit that the Democratic candidates won

- 11 -

Districts 64, 65 and 66 and that Republican candidates won Districts 61, 62 and 63 in the 2012 election but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

68.      Defendants deny the allegations in paragraph 68 of the complaint.

*Buffalo, Chippewa, Eau Claire, Jackson, La Crosse, Pepin, Pierce, St. Croix, and Trempealeau Counties:*

69.      Deny that a Republican won district 67. Subject to that denial, Defendants admit the allegations in the first and second sentences of paragraph 69 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of Plaintiff Johnson. Defendants deny the allegations in the third and fourth sentences in paragraph 69.

70.      Defendants deny the allegations in the first sentence of paragraph 70 of the complaint. With respect to the allegations in the second sentence of paragraph 70, Defendants admit that the Democratic candidates won Districts 91, 92, 94 and 95 and that Republican candidates won Districts 67, 68 and 93 in the 2012 election but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

71.      Defendants deny the allegations in paragraph 71 of the complaint.

*Adams, Columbia, Marathon, Portage, and Wood Counties:*

72.  Defendants admit the allegations in the first and second sentences of paragraph 72 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of the Seaton Plaintiffs. Defendants deny the allegations in the third sentence in paragraph 72.

73.  Defendants deny the allegations in the first sentence of paragraph 73 of the complaint. With respect to the allegations in the second sentence of paragraph 73, Defendants admit that the Democratic candidates won Districts 70, 71 and 85 and that Republican candidates won Districts 41, 42, 69, 72 and 86 in the 2012 election, but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

74.  Defendants deny the allegations in paragraph 74 of the complaint.

*Brown and Manitowoc Counties:*

75.  Defendants admit the allegations in the first and second sentences of paragraph 75 of the complaint, but state they are without knowledge or information sufficient to form a belief about the residence of Plaintiff Walker. Defendants deny the allegations in the third and fourth sentences in paragraph 75.

76.    Defendants deny the allegations in the first sentence of paragraph 76 of the complaint. With respect to the allegations in the second sentence of paragraph 76, Defendants admit that the Democratic candidates won District 90 and that Republican candidates won Districts 1, 2, 4, 5, 25, 88 and 89 in the 2012 election, but deny these victories were "[d]ue to these changes" to the extent that this implies they were caused entirely, or even mostly, by the Current Plan.

77.    Defendants deny the allegations in paragraph 77 of the complaint.

***Wisconsin Does Not Need to Have a Gerrymandered Plan***

78.    Defendants deny the allegations in paragraph 78 of the complaint.

79.    Defendants deny the allegations in paragraph 79 of the complaint.

80.    Defendants deny the allegations in paragraph 80 of the complaint.

## COUNT I – FOURTEENTH AMENDMENT VIOLATION

81.    Defendants incorporate and re-allege their responses to paragraphs 1-80.

82.    Defendants response that paragraph 82 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

83.    Defendants respond that paragraph 83 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

- 14 -

84.   Defendants respond that paragraph 84 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

85.   Defendants respond that the first and last sentences of paragraph 85 of the complaint states legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants deny the allegations in the second through fifth sentences of paragraph 85.

86.   Defendants respond that the first, fourth, fifth and sixth sentences in paragraph 86 of the complaint state legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants deny the allegations in the second and third sentences of paragraph 86.

87.   Defendants respond that the first sentence in paragraph 87 of the complaint states a legal conclusion to which no response is required, but deny the allegations to the extent a response is required. Defendants deny the allegations in the second and third sentences in paragraph 87.

88.   Defendants deny the allegations in paragraph 88 of the complaint.

89.   Defendants deny the allegations in the first sentence of paragraph 89 of the complaint. Defendants respond that the second sentence of paragraph 89 states legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

## COUNT II – FIRST AMENDMENT VIOLATION

90.    Defendants incorporate and re-allege their responses to paragraphs 1-90.

91.    Defendants deny the allegations in paragraph 91 of the complaint.

92.    Defendants deny the allegations in paragraph 92 of the complaint.

93.    Defendants deny the allegations in paragraph 93 of the complaint.

94.    Defendants deny the allegations in paragraph 94 of the complaint.

95.    Defendants deny the allegations in paragraph 95 of the complaint.

96.    Defendants deny the allegations in paragraph 96 of the complaint.

## <u>RELIEF REQUESTED</u>

97.    Defendants respond that paragraph 97 states legal conclusions to which no response is required, but state that the Plaintiffs are not entitled to the requested relief.

98.    Defendants respond that paragraph 98 states legal conclusions to which no response is required, but state that the Plaintiffs are not entitled to the requested relief.

99.    Defendants respond that paragraph 99 states legal conclusions to which no response is required, but state that the Plaintiffs are not entitled to the requested relief.

100.  Defendants respond that paragraph 100 states legal conclusions to which no response is required, but state that the Plaintiffs are not entitled to the requested relief.

101.  Defendants respond that paragraph 101 states legal conclusions to which no response is required, but state that the Plaintiffs are not entitled to the requested relief.

## AFFIRMATIVE DEFENSES

A.  Plaintiffs lack standing to pursue the statewide challenge they have pled.

B. Plaintiffs fail to state a claim that is justiciable.

C. Plaintiffs fail to state a claim for which relief may be granted.

WHEREFORE, defendants request dismissal of this action in its entirety, together with such other relief as the Court deems equitable and just.

Dated this 30th day of December, 2015.

BRAD D. SCHIMEL
Attorney General

s/ Brian P. Keenan
BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

ANTHONY D. RUSSOMANNO
Assistant Attorney General
State Bar #1076050

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020 (*Keenan*)
(608) 267-2238 (*Russomanno*)
(608) 267-2223 (Fax)
*keenanbp@doj.state.wi.us*
*russomannoad@doj.state.wi.us*