IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALVIN BALDUS, CARLENE BECHEN, ELVIRA
BUMPUS, RONALD BIENDSEIL, LESLIE W.
DAVIS, III, BRETT ECKSTEIN, GLORIA
ROGERS, RICHARD KRESBACH, ROCHELLE
MOORE, AMY RISSEEUW, JUDY ROBSON,
JEANNE SANCHEZ-BELL, CECELIA
SCHLIEPP, TRAVIS THYSSEN, CINDY
BARBERA, RON BOONE, VERA BOONE,
EVANJELINA CLEERMAN, SHEILA
COCHRAN, MAXINE HOUGH, CLARENCE
JOHNSON, RICHARD LANGE, and GLADYS
MANZANET,

        Plaintiffs,

Case No. 11-CV-00562
JPS-DPW-RMD

TAMMY BALDWIN, GWENDOLYNNE MOORE and
RONALD KIND,

        Intevenor-Plaintiffs,

Members of the Wisconsin Government
Accountability Board, each only in his official
capacity:  MICHAEL BRENNAN, DAVID
DEININGER, GERALD NICHOL, THOMAS
CANE, THOMAS BARLAND, and TIMOTHY
VOCKE, and KEVIN KENNEDY, Director and
General Counsel for the Wisconsin Government
Accountability Board,

        Defendants,

F. JAMES SENSENBRENNER, JR., THOMAS E.
PETRI, PAUL D. RYAN, JR., REID J. RIBBLE,
and SEAN P. DUFFY.

        Intevenor-Defendants.

VOCES DE LA FRONTERA, INC.,
RAMIRO VARA, OLGA VARA,


Hendrick.
EXHIBIT NO. ____ 10
12-20-11 ____ RPTR CH
For the Record, Inc.
(608) 833-0392

JOSE PEREZ, and ERICA RAMIREZ,

      Plaintiffs,

v.

Members of the Wisconsin Government
Accountability Board, each only in his official
capacity:  MICHAEL BRENNAN, DAVID
DEININGER, GERALD NICHOL, THOMAS
CANE, THOMAS BARLAND, TIMOTHY
VOCKE, and KEVIN KENNEDY, Director
and General Counsel for the Wisconsin
Government Accountability Board,

      Defendants.

Case No. 11-CV-1011
JPS-DPW-RMD

---

### DEFENDANTS' AMENDED INITIAL RULE 26(a) DISCLOSURES

---

NOW COME the defendants by their attorneys, J.B. Van Hollen, Attorney General, and

Maria S. Lazar, Assistant Attorney General, and make the following amended initial disclosures

pursuant to Fed. R. Civ. P. Rule 26(a)(1):

**A.**      **Individuals potentially having knowledge that the defendants may use to support their claims or defenses.**

Defendants assert that the Government Accountability Board ("GAB") did not prepare,

edit, or in any other way draft the redistricting maps for the new boundaries which were passed

by the Legislature on July 19 and 20, 2011 and signed into law (2011 Wisconsin Acts 43 and 44)

by the Governor on August 9, 2011.  GAB and the individual defendants have been sued because

of their statutory responsibility to implement the districts that are now the law of the State.  The

defendants had no communications with the Legislature, prior to the enactment of the new

redistricting maps on August 9, 2011, with respect to the boundaries of the new maps. Accordingly, the information and details provided in these Amended Initial Rule 26(a) Disclosures are preliminary and to the best of the defendants' knowledge at this time. Defendants may amend these Disclosures as more discovery is completed.

Based upon the foregoing, the defendants make the following amended initial disclosures in accordance with the Court's Scheduling Order dated November 14, 2011:

1. Defendant Kevin J. Kennedy (GAB Director and General Counsel)
   Government Accountability Board
   212 East Washington Avenue, 3rd Floor
   Madison, WI 53703
   (608) 266-8005

   Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44), other election administration, including but not limited to, election process, deadlines, past elections and historical information.

2. Nathaniel E. Robinson (GAB Division Administrator, Elections Division)
   Government Accountability Board
   212 East Washington Avenue, 3rd Floor
   Madison, WI 53703
   (608) 266-8005

   Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44), other election administration, including but not limited to, election process, deadlines, past elections and historical information.

3. Ross Hein
   Government Accountability Board
   212 East Washington Avenue, 3rd Floor
   Madison, WI 53703
   (608) 266-8005

   Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44), other election administration, including but not limited to, election process, deadlines, and past elections.

4.     Sarah Whitt
       Government Accountability Board
       212 East Washington Avenue, 3rd Floor
       Madison, WI 53703
       (608) 266-8005

       Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44),
       other election administration, including but not limited to, election process,
       deadlines, and past elections.


5.     David Grassel
       Government Accountability Board
       212 East Washington Avenue, 3rd Floor
       Madison, WI 53703
       (608) 266-8005

       Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44),
       other election administration, including but not limited to, election process,
       deadlines, and past elections.


6.     Ann Oberle
       Government Accountability Board
       212 East Washington Avenue, 3rd Floor
       Madison, WI 53703
       (608) 266-8005

       Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44),
       other election administration, including but not limited to, election process,
       deadlines, and past elections.


7.     David Meyer
       Government Accountability Board
       212 East Washington Avenue, 3rd Floor
       Madison, WI 53703
       (608) 266-8005

       Implementation of new redistricting maps (2011 Wisconsin Acts 43 and 44),
       other election administration, including but not limited to, election process,
       deadlines, and past elections.

8.  Ronald Keith Gaddie, factual and expert testimony
    Professor of Political Science
    The University of Oklahoma
    455 West Lindsey Street, Room 222
    Norman, OK 73019-2001
    (405) 325-4989

    Professor Gaddie will provide testimony regarding the constitutional requirements of
    the legislative maps at issue including, but not limited to, contiguity, compactness,
    communities of interest, core district populations, population requirements, voting
    rights, municipal and county splits, pairings, potential disenfranchisement and the
    lack of impermissible political gerrymandering of districts.

9.  Individuals from the Legislature or one of its agencies who can provide factual,
    population, census data and other historical information related to the constitutional
    requirements of legislative maps at issue.

10. Individuals from the Legislature, and/or its various bodies, or those individuals on the
    Legislature's behalf, who were involved in drawing the redistricting maps that were
    signed into law on August 9, 2011, including without limitation, those individuals
    who reviewed the 2010 decennial census and assisted in determining the appropriate,
    constitutional boundaries for the state and Congressional districts as memorialized in
    Acts 43 and 44:

        Adam Foltz
        Room 211 West, State Capitol
        Madison, WI 53708
        (608) 266-3387

        Tad Ottman
        Room 211 South, State Capitol
        Madison, WI 53708
        (608) 266-5660

Joe Handrick
Reinhart, Boerner, Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
(414) 298-1000

11. Individuals from the Legislature, and/or its various bodies, or those individuals on the

Legislature's behalf, who were involved in reviewing census and population data

from the 2010 decennial census to insure minimum population deviation for the new

districts:

Adam Foltz
Room 211 West, State Capitol
Madison, WI 53708
(608) 266-3387

Tad Ottman
Room 211 South, State Capitol
Madison, WI 53708
(608) 266-5660

Joe Handrick
Reinhart, Boerner, Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
(414) 298-1000

12. Individuals from the Legislature, and/or its various bodies, or those individuals on the

Legislature's behalf, who were involved in reviewing population and other data so as

to preserve, to the extent possible and practicable, the core population of prior

districts as well as communities of interest:

Adam Foltz
Room 211 West, State Capitol
Madison, WI 53708
(608) 266-3387

Tad Ottman
Room 211 South, State Capitol
Madison, WI 53708
(608) 266-5660

Joe Handrick
Reinhart, Boerner, Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
(414) 298-1000

13. Individuals from the Legislature, and/or its various bodies, or those individuals on the Legislature's behalf, who assisted the Legislature in insuring that the new redistricting maps, to the extent possible, kept wards and municipalities whole within legislative district boundaries and to the extent possible, recognized local government boundaries:

Adam Foltz
Room 211 West, State Capitol
Madison, WI 53708
(608) 266-3387

Tad Ottman
Room 211 South, State Capitol
Madison, WI 53708
(608) 266-5660

Joe Handrick
Reinhart, Boerner, Van Deuren, S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
(414) 298-1000

14. Individuals from the Legislature, and/or its various bodies, or those individuals on the Legislature's behalf, who assisted the Legislature to insure that, if voters were shifted

from odd to even senate districts, they were not unnecessarily disenfranchised by being deprived of the opportunity to vote:

> Adam Foltz
> Room 211 West, State Capitol
> Madison, WI 53708
> (608) 266-3387

> Tad Ottman
> Room 211 South, State Capitol
> Madison, WI 53708
> (608) 266-5660

> Joe Handrick
> Reinhart, Boerner, Van Deuren, S.C.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202
> (414) 298-1000

15. Individuals from the Legislature, and/or its various bodies, or those individuals on the Legislature's behalf, who reviewed the 2010 decennial census data and the previous districting maps to insure that the new districts were as geographically compact as practicable:

> Adam Foltz
> Room 211 West, State Capitol
> Madison, WI 53708
> (608) 266-3387

> Tad Ottman
> Room 211 South, State Capitol
> Madison, WI 53708
> (608) 266-5660

> Joe Handrick
> Reinhart, Boerner, Van Deuren, S.C.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202
> (414) 298-1000

16. Individuals from the Legislature, and/or its various bodies, or those individuals on the Legislature's behalf, who assisted the Legislature to prevent unnecessary and unconstitutional voter dilution of minority voters:

> Adam Foltz
> Room 211 West, State Capitol
> Madison, WI 53708
> (608) 266-3387

> Tad Ottman
> Room 211 South, State Capitol
> Madison, WI 53708
> (608) 266-5660

> Joe Handrick
> Reinhart, Boerner, Van Deuren, S.C.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202
> (414) 298-1000

17. Individuals from the Legislature, and/or its various bodies, or those individuals on the Legislature's behalf, who assisted the Legislature to insure that the new districts reflected communities of interest:

> Adam Foltz
> Room 211 West, State Capitol
> Madison, WI 53708
> (608) 266-3387

> Tad Ottman
> Room 211 South, State Capitol
> Madison, WI 53708
> (608) 266-5660

> Joe Handrick
> Reinhart, Boerner, Van Deuren, S.C.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202
> (414) 298-1000

18. Individuals who reside in, or are familiar with, challenged districts and/or pre-existing districts with respect to facts about those districts that are relevant to the constitutionality of the new redistricting maps.

19. Experts retained on behalf of the Legislature, and/or its various bodies, who assisted in preparing the redistricting maps.

20. Experts retained, or to be retained, on behalf of the defendants who will assist in defending against the allegations in the Second Amended Complaint.

Ronald Keith Gaddie, factual and expert testimony
Professor of Political Science
The University of Oklahoma
455 West Lindsey Street, Room 222
Norman, OK 73019-2001
(405) 325-4989

Professor Gaddie will provide testimony regarding the constitutional requirements of the legislative maps at issue including, but not limited to, contiguity, compactness, communities of interest, core district populations, population requirements, voting rights, municipal and county splits, pairings, potential disenfranchisement and the lack of impermissible political gerrymandering of districts.

21. Other individuals whose identity will become known through further discovery.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the parties are to provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Accordingly, the names listed above consist of the individuals, presently known to the defendants, who the defendants may use to support their claims or defenses. *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217 (D.D.C. 2001) (plaintiff challenging defendants 26(a) disclosures required to show

that defendant intended to use undisclosed individuals at trial); *A Traveler v. CSX Transp., Inc.*, No. 1:06-cv-56, 2006 WL 2051732 (July 20, 2006, N.D. Ind.). Federal Rule of Civil Procedure 26, 2000 Notes of Advisory Committee, ¶9 ("A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. . . . As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use."); *Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No IP02-0071-c-T/K, 2003 WL 21254617 (S.D. Ind. April 10, 2003) (challenge to 26(a) disclosures failed to clear "high hurdle" of demonstrating intent to use undisclosed witness).

Moreover, the matter at issue in this case is the constitutionality of Acts 43 and 44. Several of the individuals listed by the plaintiffs—aside from their expert—appear to be relevant only to the intent of the Legislature when it enacted these Acts. The Wisconsin State Supreme Court has expressly noted that legislative intent is determined by the language of a statute, not the subjective views of individual legislators who may have supported a bill. "It is the enacted law, not the unenacted intent, that is binding on the public." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. While there may be some inquiry into the action taken by the Legislature, "[g]overnmental action only fails rational basis scrutiny if no sound reason for the action can be hypothesized." *Board of Trustees v. Garrett*, 531 U.S. 356, 367 (2001). Finally, it is quite difficult, if not nearly impossible to determine legislative intent. *Edwards v. Aguillard*, 482 U.S. 578, 636-37 (1987) (J. Scalia, dissenting) ("discerning the subjective motivation of those enacting statutes is, to be honest, almost always an impossible task. The number of possible motivations, to begin with, is not binary, or indeed finite . . . To look for the sole purpose of even a single legislator is probably to look for something that does

not exist.") Indeed, if the trial in this case will delve into subjective motivations, it will not be completed within the four days allotted. Therefore, some of the individuals identified in the plaintiffs' Initial Disclosures are not relevant to this challenge, and, are appropriately not identified by the defendants.

**B.      Potentially relevant documents.**

Defendants may use the following documents to support their defenses in this matter.

1.  Documents in the possession of the GAB with respect to the implementation of the legislative maps at issue.

2.  The approved legislative maps which were created (by the Legislature or the Courts) each decade from 1970 through 2002.

3.  The decennial census from 1970 through 2010.

4.  Documents which detail population growth and changes from 1970 through 2010, including, but not limited to, historical, minority-based, social, and other community of interest breakdowns.

5.  Historical documents and information relating to the constitutional requirements for the legislative maps at issue, including, but not limited to, contiguity, compactness, communities of interest, core district populations, population requirements, voting rights, municipal and county splits, pairings, and potential disenfranchisement.

6.  Documents in the possession of the Legislature, and/or its various bodies, that were utilized to draft the 2011 legislative maps at issue.

7.  Expert reports and analysis, if any, in the possession of the Legislature, and/or its various bodies, that were utilized to draft the 2011 legislative maps at issue.

8.   The defendants reserve the right to further supplement this response with any documents that become known through further discovery.

Any of the documents listed above which are in the possession of defendants will be made available for inspection by the other parties at a time and place mutually agreed upon by all parties.   Any copies that are requested as a result of any inspection may be obtained at the expense of the requestor at the usual State copying rate.

**C.**      **Calculation of damages.**

Monetary damages are not being sought in this action.   Defendants reserve the right to present rebuttal evidence through their named fact and expert witnesses, as to any damages alleged by the plaintiffs.

**D.**      **Insurance agreements.**

The State of Wisconsin is self-insured.

Dated this 25th day of November, 2011.

J.B. VAN HOLLEN
Attorney General

MARIA S. LAZAR
Assistant Attorney General
State Bar #1017150

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519
(608) 267-2223 (fax)
*lazarms@doj.state.wi.us*