IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, *et al.*,

      Plaintiffs,

    v.                          Case No. 15-cv-421-bbc

GERALD C. NICHOL, *et al.*,

      Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ADMIT TRIAL EXHIBITS AND STATEMENTS FROM LEARNED TREATISES INTO EVIDENCE

The defendants object in some respects to the plaintiffs move to admit certain trial exhibits and statements from learned treatises, but do not object to other aspects of the motion. (Dkt. 151.) The defendants respond on an exhibit-by-exhibit basis.

- **Exhibits 118–119 (highlighted statements)**. The defendants object to the admission of Exhibits 118 and 119, or portions from them, because they are hearsay and the plaintiffs have not properly established the "learned treatise" exception in Federal Rule of Evidence 803(18). Rule 803(18) provides that "[a] statement contained in a treatise" may be admissible if "the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination;" and "the publication is established as a reliable authority." Further, "[i]f admitted, the

statement may be read into evidence but not received as an exhibit." *Id.* As the defendants argued in their objection at trial, the learned treatise hearsay exception in the federal rules requires more than highlighting statements in a binder of articles, as the plaintiffs have proposed to do. (Dkt. 148:142, Line 9–13.) Further, even if certain statements were admissible, those statements are not to be received as exhibits but rather can only be read into evidence. Therefore, the plaintiffs are not entitled under the federal rules to have these proposed learned treatises, or any highlighted portions, admitted as exhibits.

Here, the plaintiffs asked their expert, Professor Mayer, to identify Exhibits 118 and 119 (Dkt. 149:18), and then Professor Mayer stated in general terms what the articles were about and that he relied on them. (Dkt. 149:18–19.) Lacking is testimony where the specific highlighted "statement" in question is called to the attention of the expert. Further, the plaintiffs did not read "the statement" into evidence, as required by the federal rules. Professor Mayer's general assertions are insufficient to qualify any statement in these exhibits under the plain terms of Rule 803(18). And even if they otherwise qualified, they are not "received as an exhibit." Thus, no portion of Exhibits 118 and 119 should be admitted into evidence.

- **Exhibit 147.** The defendants do not object to admitting this exhibit, as the parties stipulated.

- **Exhibits 150–152 (highlighted statements).** The defendants object to the admission of Exhibits 150, 151, and 152, or portions from them, because they are hearsay and the plaintiffs have not properly established the "learned treatise" exception in Rule 803(18). Regarding Exhibits 150–152, Professor Mayer stated in general terms what the articles were about and that he relied on them. (Dkt. 149:7, 18–19.) There was no testimony where a specific highlighted "statement" in question was called to the attention of the expert, and the plaintiffs did not read "the statement" into evidence, as required by Federal Rule of Evidence 803(18). Neither the reports nor the highlighted portions qualify for the hearsay exception.

- **Exhibit 156 (highlighted statements).** The defendants object to the admission of Exhibit 156, or portions from it, because it is hearsay and the plaintiffs have not properly established the "learned treatise" exception in Rule 803(18). The defendants also have additional objections. The highlighted portions, like the other articles, are hearsay. The plaintiffs did not properly call attention to the specific portions, failed to produce testimony showing the reliability of "the publication" where the statements were found, and failed to show that their expert relied on the article in creating his own report. (Dkt. 148:260–63; Ex. 2; Ex. 104; Ex. 114.) In fact, the "publication" seems to be the mere posting of this article on a personal webpage. Further, the plaintiffs did not read "the statement" into evidence, as required by Federal Rule of

Evidence 803(18). Neither the article nor the highlighted portions qualify for the hearsay exception.

Further, the defendants object to the admission of this article, written by Jowei Chen, for the reasons discussed in their post-trial briefs. (Dkt. 153:27–29; Dkt. 156:13–15.)

- **Exhibits 325-B.** The defendants do not object to admitting Exhibit 325-B, which is the exhibit actually used with Professor Jackman at trial. (Dkt. 149:191.) There was no Exhibit 325.

- **Exhibits 329, 346–352, 354–56.** The defendants do not object to the admission of these exhibits.

- **Exhibit 357.** The Court admitted this exhibit over the defendants' objection at trial. (Dkt. 148:123.) The court allowed its admission for the limited purpose of "[t]he effect on the leadership." (Dkt. 148:123.) The defendants maintain their objection. The defendants note that the plaintiffs did not call a member of the leadership to testify, so there is no proper use for this exhibit, and it should not be considered.

- **Exhibit 394 (highlighted portions).** The defendants object to the admission of Exhibit 394, or portions from it, because it is hearsay and the plaintiffs have not properly established the "learned treatise" exception in Rule 803(18). Professor Mayer stated in general terms what the article was about and that he relied on it. (Dkt. 149:7–8.) There was no testimony where

a specific highlighted "statement" in question is called to the attention of the expert and the plaintiffs did not read "the statement" into evidence, as required by Federal Rule of Evidence 803(18). Neither the reports nor the highlighted portions qualify for the hearsay exception.

- **Exhibit 417.** The defendants object to the admission of Exhibits 417, or portions from it, because it is hearsay and the plaintiffs have not properly established the "learned treatise" exception in Rule 803(18). Professor Jackman stated in general terms what the article is about and that he relied on it. (Dkt. 149:164.) There was no testimony where a specific highlighted "statement" in question is called to the attention of the expert and the plaintiffs did not read "the statement" into evidence, as required by Federal Rule of Evidence 803(18). Neither the reports nor the highlighted portions qualify for the hearsay exception.

- **Exhibit 470.** The court admitted this exhibit at trial, although the defendants objected because the exhibit was not timely disclosed under the Court's pretrial order. (Dkt. 148:39.) The defendants do not object to the record's reflecting the Court's ruling, but maintain their objection.

- **Exhibits 475–481.** The court admitted theses exhibits at trial, although the defendants objected because the exhibits were not timely disclosed under the Court's pretrial order's schedule. (Dkt. 148:4.) The

defendants do not object to the record's reflecting the Court's ruling, but maintain their objection.

- **Exhibit 485.** The court admitted this exhibit, but only for a limited purpose—to the extent it reflects "stipulated data." (Dkt. 147:88–89.) The defendants objected that the spreadsheet testimony was not based on the personal knowledge of the testifying witness, Adam Foltz, and maintain that objection. (Dkt. 147:88.)

- **Exhibit 498 (highlighted portions).** The defendants object to the admission of Exhibits 498, or portions from it, because it is hearsay and the plaintiffs have not properly established the "learned treatise" exception in Rule 803(18). Professor Mayer stated in general terms what the article was about and that he relied on it. (Dkt. 148:240–41.) There was no testimony where a specific highlighted "statement" in question is called to the attention of the expert and the plaintiffs did not read "the statement" into evidence, as required by Federal Rule of Evidence 803(18). Neither the report nor the highlighted portions qualify for the hearsay exception.

Dated this 23rd day of June, 2016.

Respectfully submitted,

BRAD D. SCHIMEL
Wisconsin Attorney General

**/s/Brian P. Keenan**
BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

ANTHONY D. RUSSOMANNO
Assistant Attorney General
State Bar #1076050

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020 (Keenan)
(608) 267-2238 (Russomanno)
(608) 267-2223 (Fax)
keenanbp@doj.state.wi.us
russomannoad@doj.state.wi.us