**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| WILLIAM WHITFORD, ROGER ANCLAM, | ) | |
| EMILY BUNTING, MARY LYNNE DONOHUE, | ) | |
| HELEN HARRIS, WAYNE JENSEN, | ) | |
| WENDY SUE JOHNSON, JANET MITCHELL, | ) | No. 15-cv-421-bbc |
| ALLISON SEATON, JAMES SEATON, | ) | |
| JEROME WALLACE, and DONALD WINTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEVERLY R. GILL, JULIE M. GLANCEY, | ) | |
| ANN S. JACOBS, STEVE KING, DON MILLIS, | ) | |
| and MARK L. THOMSEN, | ) | |
| | ) | |
| Defendants. | ) | |

---

**CONSENT MOTION FOR EXTENSION OF TIME TO MOVE FOR ATTORNEY'S FEES AND COSTS**

---

In accordance with Federal Rule of Civil Procedure 6, Plaintiffs William Whitford, et al., respectfully request that the Court extend their time in which to move for attorney's fees and costs until 30 days after any Supreme Court resolution of this case or, if neither Plaintiffs nor Defendants file a Notice of Appeal, 30 days after the date by which such notice is due. Plaintiffs intend to seek recovery of their attorney's fees and costs. Although the Court has declared that "Act 43 constitutes an unconstitutional partisan gerrymander" (dkt. #166 at 3), addressing one of the three types of relief Plaintiffs seek in their complaint, the Court has not yet addressed the two remaining types of relief Plaintiffs seek: an order enjoining the further use of Act 43 to conduct elections, and the establishment of a redistricting plan in place of Act 43 that complies with federal Constitutional and statutory requirements (*id.* at 115). Since "judgment" as used in Federal Rule of Civil Procedure 54 has not yet been entered, there is no current deadline by

which Plaintiffs must move to recover their attorney's fees and costs.  *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment . . . .").

Defendants have joined Plaintiffs in asking the Court to issue an injunction, which they intend to appeal to the U.S. Supreme Court, but have further asked that the Court's injunction not require any remedial plan to be passed until the resolution of their anticipated appeal, which, by statute, would be a direct appeal to the U.S. Supreme Court.  (*See* dkt. #169 at 7-8, 12; dkt #173 at 1-2, 25.)  Although Plaintiffs disagree with Defendants' suggestion on the timing of a remedial plan (for the reasons stated in Plaintiffs' December 21, 2016, and January 5, 2017 submissions, dkts. ## 170 and 174), both Plaintiffs and Defendants agree that, in the interest of efficiency, it would be inefficient to require Plaintiffs to file their motion for attorney's fees and costs until after any Supreme Court resolution of this case or, if neither Plaintiffs nor Defendants file a Notice of Appeal, 30 days after the date by which such notice is due. *See One Wisconsin Institute, Inc., et al. v. Thomsen, et al.*, No. 3:15-cv-324-jdp, dkt. #254 (Aug. 11, 2016) ("Given the circumstances of this case, and the fact that both parties have appealed, the court agrees that resolving the matter of fees and costs now would be inefficient. Plaintiffs' motion, Dkt. 252, is therefore GRANTED. Plaintiffs must file their motion for attorney fees and costs within 30 days after the Supreme Court resolves this case (whether through a decision on the merits or by denying any petition(s) for a writ of certiorari) or, if neither Plaintiffs nor Defendants file a petition for a writ of certiorari, 30 days after the date by which such petition is due.")  Plaintiffs therefore respectfully request such an extension of time to move for their attorney's fees and costs under Rule 54, and Defendants consent to this extension.

Dated this 26th day of January, 2017.

Respectfully submitted,

*/s/ Douglas. M. Poland*_____

Douglas M. Poland
State Bar No. 1055189
RATHJE WOODWARD, LLC
10 East Doty Street, Suite 507
Madison, WI 53703
Phone: (608) 960-7430
Fax: (608) 960-7460
dpoland@rathjewoodward.com

*One of the Attorneys for Plaintiffs, William Whitford, et al.*