WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO,
TIMOTHY B. DALEY, MARGARET LESLIE
DEMUTH, DANIEL DIETERICH, MARY LYNNE
DONOHUE, LEAH DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,                          ORDER
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,                       15-cv-421-jdp
JAMES SEATON, ANN E. STEVNING-ROE,
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,
JEROME WALLACE, DONALD WINTER,
EDWARD WOHL, and ANN WOLFE,

Plaintiffs,

v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

Defendants.

THE WISCONSIN ASSEMBLY DEMOCRATIC,
CAMPAIGN COMMITTEE,

Plaintiff,

v.                                                     ORDER

BEVERLY R. GILL, JULIE M. GLANCEY,                     18-cv-763-jdp
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

Defendants.

The plaintiffs in both of these cases are challenging the constitutionality of the redistricting plan for the Wisconsin State Assembly. The issue before the court now is whether the two cases should be consolidated under Federal Rule of Civil Procedure 42(a).

Under Rule 42(a), the court may consolidate two actions if they involve a common question of law or fact. Plaintiff Wisconsin Assembly Democratic Campaign Committee says that consolidation is appropriate because both lawsuits arise out of the same facts, challenge the same plan, and raise some of the same claims against the same defendants. The committee also says that allowing the two cases to proceed separately could lead to inefficiencies as well as inconsistent rulings. Neither the defendants nor the plaintiffs in No. 15-cv-421-jdp are opposing the committee's motion.

At this point, the court is inclined to agree that consolidating the two cases would serve the interests of judicial economy. The committee states in its motion that it is "prepared to participate in the case in accordance with the schedules set forth" by the court in No. 15-cv-421-jdp, so consolidating the cases should not cause undue delay. Although the committee's claims could raise unique issues, the potential difficulties of litigating the cases separately likely outweigh the disadvantages of consolidation.

The court will grant the committee's motion to consolidate for the purpose of scheduling. The committee will have an opportunity to respond to the pretrial report submitted by the parties in No. 15-cv-421-jdp and to participate in the preliminary pretrial conference. If it appears after that conference that the individual issues may overwhelm the common ones or if consolidation becomes impractical for other reasons, the court will consider then whether the cases should be severed for trial or otherwise.

ORDER

IT IS ORDERED that:

1.  The motion filed by the Wisconsin Assembly Democratic Campaign Committee to consolidate No. 18-cv-763-jdp with No. 15-cv-421-jdp is GRANTED for the limited purpose of scheduling. After the October 16, 2018 preliminary pretrial conference, the court will revisit the issue of consolidation if it becomes apparent that individual issues predominate or if consolidation is otherwise impractical.

2.  The committee may have until to October 10, 2018, to file any objections to the joint preliminary pretrial report submitted by the parties in No. 15-cv-421-jdp.

Entered October 5, 2018.

BY THE COURT:

_/s/_____
KENNETH F. RIPPLE
Circuit Judge

_/s/_____
WILLIAM C. GRIESBACH
District Judge

_/s/_____
JAMES D. PETERSON
District Judge