IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO,
TIMOTHY B. DALEY, MARGARET LESLIE
DEMUTH, DANIEL DIETERICH, MARY LYNNE
DONOHUE, LEAH DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,                      OPINION and ORDER
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,                      15-cv-421-jdp
JAMES SEATON, ANN E. STEVNING-ROE,
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,
JEROME WALLACE, DONALD WINTER,
EDWARD WOHL, and ANN WOLFE,

                Plaintiffs,
  v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

                Defendants.

---

THE WISCONSIN ASSEMBLY DEMOCRATIC
CAMPAIGN COMMITTEE,

                Plaintiff,
  v.                                                  OPINION and ORDER

BEVERLY R. GILL, JULIE M. GLANCEY,                    18-cv-763-jdp
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

                Defendants.

The plaintiffs in these consolidated cases challenge the constitutionality of the redistricting plan enacted by the Wisconsin State Assembly in 2011. The question before the court is whether the Assembly itself should be permitted to intervene in both cases under Federal Rule of Civil Procedure 24. The Assembly seeks to intervene as a matter of right under Rule 24(a), and permissively under Rule 24(b). The court concludes that intervention is appropriate under Rule 24(b); it is not necessary to decide whether the Assembly meets the requirements under Rule 24(a).

A district court may grant a motion for permissive intervention under Rule 24(b) if the motion is timely and the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision whether to allow intervention is committed to the discretion of the court, *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000), but "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

It is undisputed that the Assembly intends to raise defenses that share common questions of law and fact with both *The Wisconsin Assembly Democratic Campaign Committee v. Gill*, No. 18-cv-763-jdp (*WADCC*), and *Whitford v. Nichol*, No. 15-cv-521-jdp. In fact, its proposed answers show that it is raising the same defenses as the original defendants.

The court also concludes that the Assembly's motion is timely and will not unfairly prejudice the original parties or delay the proceedings. *WADCC* was filed in September 2018, and the Assembly filed its motion less than a month later. Although the Assembly was aware of *Whitford* when the case was filed in 2015, the Supreme Court vacated this court's judgment

to allow the *Whitford* plaintiffs to file an amended complaint, *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018), which they have done. The court set a new schedule in October 2018, which allows both side to conduct additional discovery before a trial in April 2019. The Assembly has agreed to abide by the new schedule set by the court, so there should be no undue delay or unfair prejudice as a result of its participation in the case.

Other considerations counsel in favor of permissive intervention as well. As the Assembly notes, the Supreme Court has concluded that state legislative bodies are appropriate intervenors in cases challenging the drawing of legislative districts. *Sixty-Seventh Minnesota State Senate v. Beens*, 406 U.S. 187, 194 (1972) ("[T]he senate is an appropriate legal entity for purpose of intervention . . . because it would be directly affected by the decree of this court.") (internal quotations omitted). The court in *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 577–80 (6th Cir. 2018), reached the same conclusion when it reversed a district court's order denying state legislators' motion to intervene in gerrymandering case. In concluding that intervention under Rule 24(b) was appropriate, the court reasoned that the legislators had distinct interests in defending the legislative map and that granting the motion to intervene would not unduly delay the proceedings or unfairly prejudice the original parties. Plaintiffs do not discuss the authority cited by the Assembly and they do not cite any cases in which a court denied the request of a legislative body to intervene under similar circumstances.

Finally, the recent election in Wisconsin for Attorney General introduces potential uncertainty into defendants' future litigation strategy. Permitting the Assembly to intervene now would help minimize any disruption or delay in the proceedings in the event that the new Wisconsin Attorney General takes a different approach to the case.

Plaintiffs ask the court, if it allows the intervention, to impose several limitations on the Assembly's participation in the case, including limitations on the depositions that the Assembly may take and the motions it may file. But plaintiffs do not develop an argument in support of any of their proposed limitations and the court does not believe that they are appropriate. The Assembly has agreed to abide by the parameters set forth in the court's preliminary pretrial conference order, so the court sees no reason to treat the Assembly as less than a full party.

ORDER

IT IS ORDERED that:

1. The motion to intervene filed by the Wisconsin State Assembly, Dkt. 209 (in No. 15-cv-421-jdp) and Dkt. 11 (in No. 18-cv-763-jdp), is GRANTED.

2. Plaintiffs in both cases may have until December 21, 2018, to file responses to the Assembly's motions to dismiss. The Assembly may have until January 11, 2018 to file its reply.

Entered November 13, 2018.

BY THE COURT:

/s/_____
KENNETH F. RIPPLE
Circuit Judge

/s/_____
WILLIAM C. GRIESBACH
District Judge

/s/_____
JAMES D. PETERSON
District Judge