IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, et al.,

    Plaintiffs,

    v.        No. 15-cv-421-jdp

BEVERLY R. GILL, et al.,

    Defendants;

    and

THE WISCONSIN STATE ASSEMBLY,

    Intervenor-Defendant.

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS BY ROBIN J. VOS**

In accordance with Federal Rule of Civil Procedure 37(a)(1), Plaintiffs move the Court to compel the testimony and production of documents by Robin J. Vos, Speaker of the Wisconsin State Assembly (the "Assembly"), as requested in subpoenas dated February 13 and March 18, 2019 directed to Speaker Vos. *See* Declaration of Ruth M. Greenwood, dated March 19, 2019 (hereafter, "Greenwood Decl."), Exs. 2, 10. In support of this motion, Plaintiffs state as follows:[1]

1. Plaintiffs' counsel certify that they have made a good faith effort to confer with the attorney for Speaker Vos (the party failing to accept service or to make discovery in this action) in an effort to obtain discovery without court action. *See* Greenwood Decl., Exs. 1-11.

2. Plaintiffs seek to depose Speaker Vos and obtain records in his possession, custody, or control as to two categories of evidence relevant to the claims set for retrial on

---

[1] Plaintiffs are contemporaneously filing a Brief in Support of their Motion to Compel Deposition and Production of Documents by Robin J. Vos.

remand in light of the Supreme Court's decision in *Gill v. Whitford*, 585 U.S. ___ (2018), 138 S. Ct. 1916. The categories are:

(1) testimony relating to how the Legislature reached its decision on the boundaries for each district in the 2011 redistricting maps (Act 43), including its motives, objective facts it relied on, and the involvement of others in the process, including the Redistricting Majority Project (REDMAP), the Republican National Committee, or other national Republican Party entities; and

(2) testimony as to the predicted and actual associational effects of Act 43 on the Democratic Party, Democratic voters, the Republican Party, and Republican voters.

3. On February 13, 2019, Plaintiffs' counsel attempted to serve a subpoena on Speaker Vos through his, and the Assembly's, counsel. *See* Greenwood Decl'n, Ex. 2. Counsel refused to accept service, claiming that Speaker Vos is immune from discovery, that discovery is barred by legislative privilege, that the discovery would unduly burden Speaker Vos, and that Plaintiffs' have no need for discovery of Speaker Vos. *See* Greenwood Decl'n Exs. 4, 6. Plaintiffs' then attempted personal service of a subpoena for deposition and production of documents on Robin J. Vos on March 18, 2019, but personal service was also rejected. *See* Greenwood Decl. Exs. 10, 11.

4. Contrary to counsel's assertions, and as further demonstrated in the accompanying brief, Plaintiffs are entitled to discovery of Speaker Vos because: (1) Speaker Vos has waived his claim to legislative immunity or legislative privilege; (2) even in the absence of waiver, the balance of factors in the applicable legal test favor Plaintiffs' discovery of Speaker Vos; and (3) the discovery sought does not impose an undue burden on Speaker Vos under Fed. R. Civ. P. 26(b)(1) because the burden of providing testimony is minimal compared with the importance of the evidence to this Court's evaluation of the claims and defenses in this case.

5. Plaintiffs request that the Court either issue the Proposed Subpoena (*see* Greenwood Decl. Ex. 1) requiring Speaker Vos to testify at deposition in May 2019 and to produce documents seven days in advance of the deposition; or alternatively, order the

Assembly's counsel in this action, Attorney Kevin St. John, who has acknowledged that he is also counsel for Speaker Vos, to accept service of the February 13 and March 18 subpoenas (*see* Greenwood Decl. Exs. 2, 10) on behalf of Speaker Vos, and order Speaker Vos to appear at a deposition and to produce documents in accordance with the subpoenas, so that information that is unique and relevant to Plaintiffs' claims in this case can be elicited pursuant to Fed. R. Civ. P. § 26(b)(1).

WHEREFORE, for the reasons stated above and in the accompanying brief, Plaintiffs respectfully request that this Court issue the Proposed Subpoena to Robin J. Vos, or, in the alternative, order Attorney St. John to accept service of the March 18 subpoena on behalf of Speaker Vos, and order Speaker Vos to appear at a deposition and produce documents in accordance with that subpoena.

Dated: March 19, 2019.                                   Respectfully submitted,

/s/ Ruth M. Greenwood
Ruth M. Greenwood
Annabelle E. Harless
CAMPAIGN LEGAL CENTER
73 W. Monroe St., Ste. 302
Chicago, IL 60603
(312) 561-5508
rgreenwood@campaignlegalcenter.org
aharless@campaignlegalcenter.org

/s/ Douglas M. Poland
Douglas M. Poland
State Bar No. 1055189
Alison E. Stites
State Bar. No. 1104819
RATHJE WOODWARD, LLC
10 East Doty St., Ste. 507
Madison, WI 53703
(608) 960-7430
dpoland@rathjewoodward.com
astites@rathjewoodward.com

3

/s/ Nicholas O. Stephanopoulos
Nicholas O. Stephanopoulos
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 E. 60th St.
Chicago, IL 60637
(773) 702-4226
nsteph@uchicago.edu

/s/ Mark P. Gaber
Mark P. Gaber
J. Gerald Hebert
Danielle M. Lang
CAMPAIGN LEGAL CENTER
1411 K. St. NW, Ste. 1400
Washington, DC 20005
(202) 736-2200
mgaber@gampaignlegalcenter.org
ghebert@campaignlegalcenter.org
dlang@campaignlegalcenter.org

*Attorneys for Plaintiffs*