No. _____

# United States Court of Appeals
# for the Seventh Circuit

IN RE WISCONSIN STATE ASSEMBLY SPEAKER ROBIN J. VOS,

*Petitioner.*

*From the United States District Court for the Western District of Wisconsin
in Case No. 3:15-cv-00421-JDP*

## PETITION FOR WRIT OF MANDAMUS
## BY WISCONSIN STATE ASSEMBLY SPEAKER ROBIN J. VOS

Kevin St. John
BELL GIFTOS ST. JOHN LLC
5325 Wall Street, Ste. 2200
Madison, WI 53718
(608) 216-7990
kstjohn@bellgiftos.com

Adam K. Mortara
Joshua P. Ackerman
Taylor A.R. Meehan
BARTLIT BECK LLP
Courthouse Place
54 West Hubbard Street, Ste. 300
Chicago, IL 60654
(312) 494-4400
adam.mortara@bartlitbeck.com
joshua.ackerman@bartlitbeck.com
taylor.meehan@bartlitbeck.com

*Counsel for Petitioner,
Speaker Robin J. Vos*

MAY 10, 2019

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ................................................................. i

TABLE OF CONTENTS ..................................................................................................... ii

TABLE OF AUTHORITIES .............................................................................................. iii

JURISDICTIONAL STATEMENT .................................................................................... 1

ISSUES PRESENTED ...................................................................................................... 3

STATEMENT OF THE CASE ........................................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................................. 8

ARGUMENT .................................................................................................................. 10

I.    Speaker Vos has no other adequate means to attain the relief he seeks. ........................... 10

II.   Mandamus relief is clearly and indisputably warranted. ....................................................... 12

      A.   Legislative immunity and privilege preclude Plaintiffs from compelling Speaker Vos to give testimony or produce documents. ...................................................................... 12

      B.   The district court refused to consider whether extraordinary circumstances justified deposing a high-ranking public official. ...................... 18

III.  A writ of mandamus is appropriate under the circumstances ............................................... 22

CONCLUSION .............................................................................................................. 24

PROOF OF SERVICE .................................................................................................... 26

CERTIFICATE OF COMPLIANCE ................................................................................ 28

CIRCUIT RULE 30(D) STATEMENT ............................................................................ 29

APPENDIX TABLE OF CONTENTS .............................................................................. 30

# TABLE OF AUTHORITIES

## Cases

*Abbott v. Perez,*
  138 S. Ct. 2305 (2018) ................................................................. 1, 2

*Abelesz v. OTP Bank,*
  692 F.3d 638 (7th Cir. 2012) ............................................................ 11

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,*
  32 F.3d 1175 (7th Cir. 1994) .............................................................. 1

*Bagley v. Blagojevich,*
  646 F.3d 378 (7th Cir. 2011) ......................................................... 14, 17

*Baldus v. Brennan,*
  Nos. 11-CV-562, 11-CV-1011,
  2011 WL 6122542 (E.D. Wis. Dec. 8, 2011),
  *order clarified,* 2011 WL 6385645 (E.D. Wis. Dec. 20, 2011)...................... 4

*Baldus v. Members of Wis. Gov't Accountability Bd.,*
  849 F. Supp. 2d 840 (E.D. Wis. 2012) ................................................. 3

*Baldus v. Members of Wis. Gov't Accountability Bd.,*
  Nos. 11-CV-562, 11-CV-1011, 2013 WL 690496 (E.D. Wis. Feb. 25, 2013) ......... 4

*Biblia Abierta v. Banks,*
  129 F.3d 899 (7th Cir. 1997) ...................................................... passim

*Bogan v. City of Boston,*
  489 F.3d 417 (1st Cir. 2007) ............................................................ 19

*Bogan v. Scott-Harris,*
  523 U.S. 44 (1998)............................................................ 11, 13, 14, 17

*Brown v. Dart,*
  667 F. App'x 873 (7th Cir. 2016) ....................................................... 2

*Burden-Meeks v. Welch,*
  319 F.3d 897 (7th Cir. 2003) .......................................................... 2, 12

*Cheney v. U.S. Dist. Court for D.C.,*
  542 U.S. 367 (2004) ................................................................. passim

*Chrysler Corp. v. Brown,*
  441 U.S. 281 (1979) ...................................................................... 14

*City of Fort Lauderdale v. Scott,*
  No. 10-61122-CIV, 2012 WL 760743 (S.D. Fla. Mar. 7, 2012) ...................... 19

*Coleman v. Schwarzenegger,*
  No. CIV-S-90-0520, 2008 WL 4300437 (E.D. Cal. Sept. 15, 2008)................... 19

*Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections,*
  No. 11-c-5065, 2011 WL 4837508 (N.D. Ill. Oct. 12, 2011)........................ 18

*Dellwood Farms, Inc. v. Cargill, Inc.*,
   128 F.3d 1122 (7th Cir. 1997) ................................................................. 2

*Dombrowski v. Eastland*,
   387 U.S. 82 (1967)................................................................................... 13

*Gaffney v. Cummings*,
   412 U.S. 735 (1973) ............................................................................... 17

*Gill v. Whitford*,
   138 S. Ct. 1916 (2018) ..................................................................... passim

*Gunn v. Univ. Comm. to End War in Vietnam*,
   399 U.S. 383 (1970) ................................................................................. 1

*In re Boehringer Ingelheim Pharms., Inc.*,
   745 F.3d 216 (7th Cir. 2014) ................................................................ 12

*In re Dep't of Commerce*,
   139 S. Ct. 566 (2018) .................................................................... 9, 10, 22

*In re Hubbard*,
   803 F.3d 1298 (11th Cir. 2015) .............................................. 11, 12, 14, 22

*In re Kellogg Brown & Root, Inc.*,
   756 F.3d 754 (D.C. Cir. 2014)............................................................ 9, 10

*J. H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*,
   628 F.2d 994 (7th Cir. 1980) ................................................................ 11

*James v. Sheahan*,
   137 F.3d 1003 (7th Cir. 1998) .............................................................. 20

*JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*,
   707 F.3d 853 (7th Cir. 2013) .................................................................. 2

*King v. Ill. State Bd. of Elections*,
   410 F.3d 404 (7th Cir. 2005) .................................................................. 1

*LaPorta v. City of Chicago*,
   No. 14-c-9665, 2016 WL 4429746 (N.D. Ill. Aug. 22, 2016) .................. 19

*League of Women Voters of Mich. v. Johnson*,
   902 F.3d 572 (6th Cir. 2018) .................................................................. 1

*Lee v. City of Los Angeles*,
   908 F.3d 1175 (9th Cir. 2018) .............................................. 11, 13, 14, 16

*Marylanders for Fair Representation, Inc. v. Schaefer*,
   144 F.R.D. 292 (D.Md. 1992) ......................................................... 13, 18

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ............................................................................ 2, 8

*Ohio A. Philip Randolph Inst. v. Larose*,
   No. 18-4258, 2019 WL 259431 (6th Cir. Jan. 18, 2019)........................... 1

*Olivieri v. Rodriguez,*
  122 F.3d 406 (7th Cir. 1997) ...............................................................18, 19

*Ott v. City of Milwaukee,*
  682 F.3d 552 (7th Cir. 2012) .................................................................. 2

*Reeder v. Madigan,*
  780 F.3d 799 (7th Cir. 2015) ................................................................ 13

*Rodriguez v. Pataki,*
  280 F. Supp. 2d 89 (S.D.N.Y. 2003) ..................................................... 18

*Smith v. Barry,*
  502 U.S. 244 (1992) ............................................................................. 3

*Tenney v. Brandhove,*
  341 U.S. 367 (1951) ...................................................................... passim

*Thillens, Inc. v. Cmty. Currency Exchange Ass'n of Ill., Inc.,*
  729 F.2d 1128 (7th Cir. 1984) .............................................................. 15

*United Airlines, Inc. v. U.S. Bank N.A.,*
  406 F.3d 918 (7th Cir. 2005) ................................................................. 3

*United States v. Gillock,*
  445 U.S. 360 (1980) ........................................................................... 15

*United States v. O'Brien,*
  391 U.S. 367 (1968) .......................................................................14, 17

*Vieth v. Jubelirer,*
  541 U.S. 267 (2004) .........................................................................16, 17

*Village of Arlington Heights v. Metropolitan Housing Development Corp.,*
  429 U.S. 252 (1977) ........................................................................... 15

*Whitford v. Gill,*
  218 F. Supp. 3d 837 (W.D. Wis. 2016) ...........................................4, 5, 22


**Other Authorities**

28 U.S.C. § 1253 .................................................................................. 1

28 U.S.C. § 1331 .................................................................................. 1

28 U.S.C. § 1651 .................................................................................. 1

28 U.S.C. § 2284 .................................................................................. 1

42 U.S.C. § 1983 .................................................................................. 1

FED. R. CIV. P. 26 ............................................................................... 12

Wis. Const. Art. IV, § 3 ......................................................................... 3

## JURISDICTIONAL STATEMENT

In July 2015, Plaintiffs filed this lawsuit against state officials to challenge the constitutionality of Wisconsin's 2011 redistricting legislation. *See* 42 U.S.C. § 1983. A three-judge district court was convened. *See* 28 U.S.C. § 2284(a). The three-judge district court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2284(a).

On May 3, 2019, the district court entered an order compelling the Speaker of the Wisconsin State Assembly to submit to a deposition and to produce various categories of documents. *See* App. 1-18 (Op. & Order, ECF 275). Speaker Vos, who is not a party, petitions this Court for a writ of mandamus to modify, dissolve, or delay that discovery order.

In redistricting cases, the Supreme Court has appellate jurisdiction to review orders granting or denying interlocutory or permanent injunctions (or orders with "the same practical effect"), but that jurisdiction is to be "narrowly construed." 28 U.S.C. § 1253; *Abbott v. Perez*, 138 S. Ct. 2305, 2319-21 (2018); *Gunn v. Univ. Comm. to End War in Vietnam*, 399 U.S. 383, 386-88 (1970) (quotation marks omitted). This Court retains jurisdiction to consider all other orders from a three-judge district court. *See, e.g.*, *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 407 (7th Cir. 2005) (reviewing fee award); *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 576-77 (6th Cir. 2018) (reviewing denial of motion to intervene in redistricting case); *Ohio A. Philip Randolph Inst. v. Larose*, No. 18-4258, 2019 WL 259431, at *4-7 (6th Cir. Jan. 18, 2019) (unpublished) (rejecting petition for writ of mandamus to reverse motion to compel in a redistricting case on the merits).

Applied here, this Court has jurisdiction to issue a writ of mandamus directing the district court to dissolve, modify, or delay the discovery order. *See* 28 U.S.C. § 1651(a). Such discovery orders do not have the practical effect of granting or denying an injunction and are therefore beyond the Supreme Court's section 1253 jurisdiction. *See Allendale Mut. Ins. Co. v.*

*Bull Data Sys., Inc.*, 32 F.3d 1175, 1177 (7th Cir. 1994) (stating discovery orders "are deemed not to be injunctions within the meaning of § 1292(a)(1)"); *Abbott*, 138 S. Ct. at 2320-21 (adopting section 1292(a)(1)'s "practical effect" standard for section 1253).

This Court's *Dellwood Farms* decision could provide an alternative basis for jurisdiction, but intervening Supreme Court precedent casts doubt on its continued viability. *See Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997). *Dellwood Farms* holds that nonparties like Speaker Vos may immediately appeal a discovery order denying a claim of privilege under the collateral order doctrine. *Id.* at 1125; *see also Burden-Meeks v. Welch*, 319 F.3d 897, 900 (7th Cir. 2003) (criticizing *Dellwood Farms* but applying its "square holding"). But it is not clear that *Dellwood Farms* survives the Supreme Court's intervening decision in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 109-10 (2009), holding that a *party* may not immediately appeal a discovery order requiring disclosure of privileged material. This Court then applied *Mohawk* to a nonparty's interlocutory appeal of a discovery order in *Ott v. City of Milwaukee*, 682 F.3d 552, 554-55 (7th Cir. 2012) (finding "immaterial the fact that this case involves a discovery order directed at nonparties whereas *Mohawk Industries* involved parties to the case"). But *Ott* has an alternative holding—rejecting the nonparties' interlocutory appeal on the merits—in the event the Court misread *Mohawk* "and the [Supreme] Court meant to leave a wider door open for collateral-order appeals brought by nonparties…." *Id.* at 555-56; *compare also Brown v. Dart*, 667 F. App'x 873, 873 (7th Cir. 2016) (unpublished) (applying *Dellwood Farms* to consider an interlocutory appeal of a nonparty), *with JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 869 (7th Cir. 2013) (describing *Ott* as "declining to extend collateral-order review to the denial of a motion to quash a nonparty subpoena for pretrial discovery").

If this Court decides that *Dellwood Farms* is still good law, Speaker Vos respectfully requests that this Court treat these papers as a notice of appeal instead of a mandamus

petition. *See, e.g.*, *United Airlines, Inc. v. U.S. Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005); *see Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

## ISSUES PRESENTED

1.      Whether legislative privilege or immunity bars Plaintiffs in a partisan gerrymandering case from deposing the Speaker of the Wisconsin State Assembly and demanding his documents to explore, among other things, individual legislators' motives in drafting, negotiating, and enacting Wisconsin's 2011 redistricting plan.

2.      Whether Plaintiffs may depose the Speaker of the Wisconsin State Assembly without establishing that extraordinary circumstances justify taking the deposition of a high-ranking public official.

## STATEMENT OF THE CASE

The Wisconsin Constitution tasks the Legislature with redistricting after each census. Wis. Const. Art. IV, § 3. In accordance with that power, the Legislature passed Act 43, reapportioning Wisconsin's 99 State Assembly districts, in July 2011. *See Baldus v. Members of Wis. Gov't Accountability Bd.*, 849 F. Supp. 2d 840, 846 (E.D. Wis. 2012).

That summer, a group of voters filed suit alleging that Wisconsin's redistricting legislation violated state and federal law (the *Baldus* litigation). The *Baldus* plaintiffs' claims included partisan gerrymandering claims. *See id.* at 847-48. Plaintiffs abandoned their Act 43 partisan gerrymandering claim at trial. *Id.*

There was extensive discovery in *Baldus*, which Plaintiffs in this case now possess. *See* Stip. Regarding 30(b)(6) Deps., ECF 96 (stipulating a procedure to authenticate *Baldus* documents for *Whitford* litigation). The *Baldus* discovery included "any and all documents" used "to draw the 2011 redistricting maps," "any documents or testimony relating to how the Legislature reached its decision on the 2011 redistricting maps," including "documents post-

dating the passage of Ac[t] 43," and production of "the exact machines used by the Legislature and its counsel to create the redistrict[ing] maps," which were forensically examined and indexed by an expert under plaintiffs' direction. *Baldus v. Brennan*, Nos. 11-CV-562, 11-CV-1011, 2011 WL 6122542, at *1 (E.D. Wis. Dec. 8, 2011), *order clarified*, 2011 WL 6385645 (E.D. Wis. Dec. 20, 2011); *Baldus v. Members of Wis. Gov't Accountability Bd.*, Nos. 11-CV-562, 11-CV-1011, 2013 WL 690496, at *1-2 (E.D. Wis. Feb. 25, 2013); *see also* Am. Lanterman Decl. ¶¶2-5 (Apr. 19, 2016), ECF 97.[1] The *Baldus* plaintiffs also deposed, re-deposed, and cross-examined legislative aides (Tad Ottman and Adam Foltz) and legislative consultants (Joseph Handrick and Keith Gaddie).[2] *See* ECF 107, 109-112, 114-117, 120-121.

The Plaintiffs in this case waited until July 2015 to file their lawsuit alleging that Act 43 was an unconstitutional partisan gerrymander. *See Gill v. Whitford*, 138 S. Ct. 1916, 1923-24 (2018). Plaintiffs do not dispute that they have the *Baldus* discovery. And the Wisconsin State Assembly, Wisconsin's Legislative Technology Services Bureau (LTSB), and the *Whitford* Defendants have stipulated to the authenticity of all documents and data from the imaged redistricting computers. *See* Stipulation, ECF 96; *see also* Am. Lanterman Decl., ECF 97 (describing restoration of *Baldus* data). Meanwhile, Plaintiffs re-deposed a redistricting consultant, an LTSB representative, and legislative aides. *See* ECF 105 to 121 (*Baldus* and *Whitford I* deposition transcripts); *see also Whitford v. Gill (Whitford I)*, 218 F. Supp. 3d 837, 858

---

[1] The *Baldus* court rejected the Legislature's arguments that legislative privilege foreclosed plaintiffs from subpoenaing legislative aides and consultants. *See generally Baldus*, 2011 WL 6122542. That decision was not appealed, and it did not address whether plaintiffs could subpoena sitting legislators. Also during *Baldus*, and discussed further below, one external hard drive used to back up a redistricting computer could not be imaged. *See* Am. Lanterman Decl. ¶4, ECF 97.

[2] Foltz was an aide to then-Speaker Jeff Fitzgerald and Ottman worked for Senate Majority Leader Scott Fitzgerald during redistricting. *See* Trial Tr. 46:11-15, May 24, 2016, ECF 147; Trial Tr. 5:25-6:2, May 25, 2016, ECF 148.

n.116 (W.D. Wis. 2016) (noting another legislative consultant's earlier "depositions were admitted into the record"). The legislative aides also testified live at the *Whitford I* four-day trial. 218 F. Supp. 3d at 858.

Both Plaintiffs and the district court have relied extensively on the *Baldus* discovery and trial testimony. In *Whitford I*, the parties' joint statement of stipulated facts refers to and authenticates numerous *Baldus* documents and testimony. *See* Joint Final Pretrial Report ¶¶17-99, ECF 125. And the *Whitford I* opinion depends on this evidence for its pages of discussion about the Act 43 drafting process and the drafters' intent. 218 F. Supp. 3d at 846-53, 890-98. Not once in *Whitford I* was it necessary to depose a sitting legislator or demand that he produce documents.

There have been two critical developments since *Whitford I*. First, in June 2018, the Supreme Court vacated that opinion and remanded for Plaintiffs to establish standing. The Supreme Court stated that Plaintiffs' evidence of intent—including "evidence regarding the mapmakers' deliberations as they drew district lines"—was not pertinent to the question of standing: "[T]he question at this point is whether the plaintiffs have established injury in fact. That turns on effect, *not intent*, and requires a showing of a burden on the plaintiffs' votes that is actual or imminent, not conjectural or hypothetical." *Gill*, 138 S. Ct. at 1932 (emphasis added) (quotation marks omitted). And in no uncertain terms, the Supreme Court stated that the justiciability of Plaintiffs' claims was still "unresolved." *Id.* at 1934.

Second, in January 2019 the Supreme Court scheduled two more partisan gerrymandering cases for argument. *See Rucho v. Common Cause*, No. 18-422; *Lamone v. Benisek*, No. 18-726. Both require the Supreme Court to first decide whether partisan gerrymandering claims are justiciable and, if so, to define the standard for testing such claims. The State Assembly immediately moved to stay the *Whitford* proceedings until the Supreme Court

decided *Rucho* and *Lamone*. The district court postponed the trial until July but permitted discovery to proceed. *See* Op. & Order at 4-5, ECF 243.

Plaintiffs have used these additional months of discovery to subpoena Speaker Robin Vos, as well as legislative aides. *See* Speaker Vos Subpoena, ECF 259-2; Notice, ECF 272. Speaker Vos was not the Speaker of the Wisconsin State Assembly when Act 43 passed; he has not intervened as an individual party in this litigation; and he was never compelled to participate in discovery in either *Baldus* or *Whitford*, until now.

In March, Plaintiffs moved to compel. Plaintiffs argued that they were entitled to Speaker Vos's testimony about "the intent behind the drawing of each of the 29 districts challenged as diluting the vote of individual Plaintiffs" and "testimony relating to [Plaintiffs'] associational claims." Br. in Supp. of Pls.' Mot. to Compel at 5, ECF 258; *see also id.* at 3 (seeking "testimony relating to how the Legislature reached its decision" on district boundaries and "testimony as to the predicted and actual associational effects of Act 43 on the Democratic Party, Democratic voters, the Republican Party, and Republican voters"). Plaintiffs' motion also demanded that Speaker Vos produce related documents. *See* Speaker Vos Subpoena Ex. A, ECF 259-2.

Speaker Vos opposed Plaintiffs' motion. First, Speaker Vos argued legislative privilege and immunity precluded Plaintiffs' deposing a sitting legislator and demanding his documents. Speaker Vos Opp'n at 14-25, ECF 265. Second, he argued that Plaintiffs failed to establish that extraordinary circumstances justified the deposition of a high-ranking public official. *Id.* at 26-30. And third, he argued that Plaintiffs' document requests were cumulative of the years of discovery in Wisconsin redistricting litigation, such that the burden of additional discovery from the Speaker far outweighed any benefit. *Id.* at 30-32.

On May 3, the district court granted Plaintiffs' motion in large part. *See* App. 1-13.[3] In addition to compelling Speaker Vos's deposition, the district court also required Speaker Vos to produce all Act 43-related documents, including but not limited to documents concerning state lawmakers' "analyses" or "objectives and/or motives" in enacting Act 43. App. 9-11. The district court also ordered production of all communications involving the Republican Party of Wisconsin and Assembly candidates "about the impact of Act 43" on Assembly elections from 2010 to present and communications with the Republican National Committee. *Id.* The only limitations imposed by the court's order are that Plaintiffs cannot demand documents relating to (1) the State Assembly's retention of Bartlit Beck LLP or (2) those relating to certain Republican campaign activities (*e.g.*, recruiting candidates). App. 12-13.

The district court acknowledged that courts "have consistently construed *Tenney* [*v. Brandhove*, 341 U.S. 367 (1951)] and its progeny as more generally restricting the use of civil process against state legislators, including depositions and other discovery." App. 3. Even so, the court rejected Speaker Vos's legislative privilege arguments in light of the unique nature of gerrymandering claims and the "important federal interests" implicated by such claims. App. 5-6. The district court adopted a five-part test used by a handful of district courts in redistricting cases, including in the Maryland litigation currently before the Supreme Court. *Id.*

The district court also expressly declined to consider Speaker Vos's alternative argument that high-ranking public officials cannot be deposed absent extraordinary

---

[3] On May 9, 2019, Plaintiffs' counsel transmitted a new subpoena to Speaker Vos's counsel. Plaintiffs demanded that he produce the documents compelled by the district court's order by May 22 and appear for a deposition on May 29. Speaker Vos filed this correspondence as an exhibit to the Speaker's motion to stay the discovery order in the district court. ECF 276-278. Should the district court deny the Speaker's stay motion or fail to act, Speaker Vos will move for a stay in this Court.

circumstances. App. 6 n.1 (stating that argument "implicates the same concern" as legislative privilege).

Judge Griesbach dissented. He stated that "whatever relevance Speaker Vos' testimony may have does not warrant invasion of the legislative privilege." App. 14. He emphasized that the Supreme Court remanded Plaintiffs' case to establish an injury in fact, which "'turns on effect, not intent'" and that "[d]eposing Vos about the legislature's intent in enacting the 2011 plan is neither necessary nor relevant to plaintiffs' burden and would be an intrusion into the legislative process for no real reason." App. 17 (quoting *Gill*, 138 S. Ct. at 1932). He added that until the Supreme Court decides whether partisan gerrymandering claims are justiciable, "we are simply spinning our wheels." App. 16.

## SUMMARY OF THE ARGUMENT

A writ of mandamus is necessary to correct the district court's serious error compelling discovery from the Speaker of the Wisconsin State Assembly—an order that will distract the Speaker from his public duties during one of the busiest periods of the legislative session. Speaker Vos has no other adequate alternative means of relief, the discovery order is clearly and indisputably wrong, and mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). While these three requirements for mandamus relief are "demanding," they "are not insuperable." *Id.* at 381; *see also Mohawk*, 558 U.S. at 111 (describing mandamus relief as a "useful safety valv[e] for promptly correcting serious errors" (quotation marks omitted)). Speaker Vos clears each of those hurdles here.

First, Speaker Vos has no other adequate means to obtain the relief he seeks. *Cheney*, 542 U.S. at 380-81. No postjudgment appeal can remedy the time spent preparing for and participating in the deposition. Nor can a postjudgment appeal avoid the inevitable consequence of compelling a sitting legislator to attend a deposition or to produce documents:

8

chilling legislative debate in Wisconsin and elsewhere. Once the deposition and document production occur, the harm is done. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) (Kavanaugh, J.).

Second, Speaker Vos's right to the issuance of the writ is clear and indisputable. *Cheney*, 542 U.S. at 381. The district court's order defies binding precedent. For example, compelling Speaker Vos to testify and produce documents "detail[ing] the discussions among the legislative leadership or between Vos and the individual Representatives," App. 8, is contrary to this Court's decisions that inquiring into legislators' motives for their actions, regardless of whether those reasons are proper or improper, is not an appropriate consideration for the court. *See, e.g.*, *Biblia Abierta v. Banks*, 129 F.3d 899, 905 (7th Cir. 1997).

What's more, the district court expressly refused to consider Speaker Vos's separate and independent argument that Plaintiffs failed to establish that "extraordinary circumstances" justify deposing a high-ranking public official. *See* App. 6 n.1. Little more than six months ago, the Supreme Court intervened to stop the deposition of the United States Commerce Secretary after the government petitioned for mandamus and raised that very argument. *See In re Dep't of Commerce*, 139 S. Ct. 566 (2018). For substantially similar reasons, this Court should step in here.

And third, a writ of mandamus is appropriate under the circumstances. *Cheney*, 542 U.S. at 381. Litigants have spent eight years attacking the constitutionality of Act 43. Plaintiffs now possess the resulting volumes of discovery materials, including more than one dozen depositions of legislative consultants and legislative aides involved in redistricting, plus the documents collected in *Baldus* and the very computers used for redistricting. Not once was Speaker Vos compelled to participate in discovery in those eight years. Until now, on the eve of yet another trial and mere months before the Supreme Court could rule that partisan

gerrymandering claims like Plaintiffs' are not justiciable. At the very least, Speaker Vos should not be dragged into discovery until the Supreme Court determines the status of such claims.

## ARGUMENT

Since Wisconsin reapportioned its State Assembly districts, there have been thirteen depositions of legislative aides and consultants, production of the computers used to create the redistricting maps, two trials, and one Supreme Court appeal. Only now—after nearly eight years of redistricting-related litigation—the district court has acceded to Plaintiffs' demand that the Speaker of the Wisconsin State Assembly submit to a deposition and produce documents. Mandamus is appropriate to dissolve, modify, or delay the district court's discovery order.

## I.     Speaker Vos has no other adequate means to attain the relief he seeks.

Unless this court issues a writ of mandamus dissolving, modifying, or delaying the district court's order, Speaker Vos must immediately prepare for and attend a deposition, in addition to searching for and producing privileged documents. The deposition cannot be undone. And the "post-release review of a ruling that documents" and testimony "are unprivileged is often inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents" and testimony. *In re Kellogg Brown & Root, Inc.*, 756 F.3d at 761. Mandamus is Speaker Vos's only adequate means to obtain the requested relief.

Invoking similar arguments, the United States filed a mandamus petition successfully halting the Secretary of Commerce's deposition late last year. *See In re Dep't of Commerce*, 139 S. Ct. at 566 (construing mandamus petition as petition for writ of certiorari and granting the writ). As the United States argued, a postjudgment appeal "would hardly provide an 'adequate' means of relief for the irreversible burdens of preparing for and being deposed…." *See* United

States Mandamus Pet. at 30-32, *In re U.S. Dep't of Commerce*, No. 18-557, 2018 WL 5617904, at

*31 (Oct. 29, 2018). And there, as here, a postjudgment ruling that deposing a high-ranking

government official was improper could require vacatur of any district decision relying on that

deposition testimony. *Id.*; *see also J. H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994,

997 (7th Cir. 1980) (stating that the writ "is properly used to avoid numerous later appeals by

formulating necessary guidelines which will settle a new and important question").

      Similarly in *Cheney*, the Supreme Court ruled that an appellate court erred in deciding it

lacked authority to issue a writ of mandamus to review a discovery order targeting the Vice

President and senior government officials. 542 U.S. at 381-82, 391. Just as the separation-of-

powers concerns in *Cheney* removed the orders at issue from the category of "ordinary

discovery orders," *id.* at 382, the discovery order here is anything but ordinary. It targets one

of Wisconsin's highest-ranking public officials during one of the busiest periods of the

legislative session as the biennial budget deadline nears. That order implicates substantial

federalism concerns, fit for mandamus relief. *Id.* at 381 (stating that the "Court has issued the

writ to restrain a lower court when its actions would … result in the intrusion by the federal

judiciary on a delicate area of federal-state relations" (quotation marks omitted)). The

extraordinary nature of that request and this litigation cannot be ignored. *See Abelesz v. OTP

Bank*, 692 F.3d 638, 652 (7th Cir. 2012).

      Deposing and demanding documents from Speaker Vos thwarts the purpose of

legislative privilege, as well as the purpose animating the rule that high-ranking public officials

cannot be deposed absent extraordinary circumstances. No postjudgment appeal can restore

the time spent away from Speaker Vos's public duties. *Compare In re Hubbard*, 803 F.3d 1298,

1310 (11th Cir. 2015); *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018). Nor could

it remedy the chilling effect that such discovery is likely to have on legislative debate. *See Bogan*

*v. Scott-Harris*, 523 U.S. 44, 52 (1998); *see also Biblia Abierta*, 129 F.3d at 903 (legislative privilege ensures legislators may represent their constituents "without fear" (quotation marks omitted)); *Tenney*, 341 U.S. at 373-74 (similar).

Finally, this Court has stated that "the normal way" to obtain review of a discovery order is to defy the order and be cited with contempt, but this is not the normal case. *See Burden-Meeks*, 319 F.3d at 899. And there are exceptions. *See In re Boehringer Ingelheim Pharms., Inc.*, 745 F.3d 216, 221 (7th Cir. 2014) (Hamilton, J., dissenting) (faulting majority for granting mandamus instead of requiring petitioners to refuse to comply with discovery order and face contempt sanctions). This case, too, presents an exception. Requiring Speaker Vos, an elected official and leader of the Wisconsin State Assembly, to defy the district court's order implicates unique federalism concerns absent in cases involving corporations, such as *In re Boehringer*, or others not involving high-ranking elected officials. As the Eleventh Circuit recognized in *Hubbard*, elected officials like Speaker Vos need not wait for contempt proceedings to be brought against them to seek relief from discovery orders. 803 F.3d at 1305.

## II.     Mandamus relief is clearly and indisputably warranted.

There is no justification to compel the Speaker of the Wisconsin State Assembly to sit for a deposition or produce documents. Doing so transgresses legislative immunity and privilege and exceeds the scope of permissible discovery. *See* FED. R. CIV. P. 26(b)(1). Only extraordinary circumstances justify deposing high-ranking public officials. No such circumstances are present here.

### A.     Legislative immunity and privilege preclude Plaintiffs from compelling Speaker Vos to give testimony or produce documents.

The district court's decision—requiring discovery from Speaker Vos regarding, among other things, legislators' intentions, motives, predictions, or conversations regarding Act 43— is irreconcilable with this Court's admonition that acts relating to the legislative process or

12

otherwise "necessary and proper to the exercise of legislative authority" are privileged. *Biblia Abierta*, 129 F.3d at 906; *see also Tenney*, 341 U.S. at 377-78. Its decision rests on the fiction that there is a redistricting exception to well-established legislative privilege and immunity rules. Look no further than the district court's astonishing statement that the "only contrary authority" in Speaker Vos's opposition to Plaintiffs' motion to compel was the Ninth Circuit's redistricting decision in *Lee*, 908 F.3d at 1187. App. 5. That ignores various controlling Supreme Court and Seventh Circuit decisions (many also involving section 1983 suits raising First and Fourteenth Amendment claims) cited in Speaker Vos's brief. *See* ECF 265 at 14-22. Only by working backwards from an erroneous "redistricting is different" premise could the district court conclude there was no contrary authority preventing it from forcing Speaker Vos to sit for a deposition. But there is no redistricting exception to *Tenney* and progeny.

The Supreme Court has stated repeatedly that state lawmakers cannot be hauled into federal court civil rights actions for acts done within "the sphere of legitimate legislative activity." *Tenney*, 341 U.S. at 376.[4] In *Dombrowski v. Eastland*, for example, the Supreme Court stated that legislators "should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." 387 U.S. at 84-85; *see also Bogan*, 523 U.S. at 48 (stating unanimously that "legislators are absolutely immune").

---

[4] Some courts analyze legislative immunity and legislative privilege as different concepts, while others discuss them interchangeably. Whether called "immunity" or "privilege," legislators are protected from "civil process," which includes nonparty subpoenas, not just civil liability. *See Tenney*, 341 U.S. at 372; *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967); *Reeder v. Madigan*, 780 F.3d 799, 804 (7th Cir. 2015) (warning that strictly construing immunity "would make it nearly impossible for a legislature to function"); *see, e.g., Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 297 & n.12 (D.Md. 1992) ("Legislative immunity not only protects state legislators from civil liability, it also functions as an evidentiary and testimonial privilege."); *Lee*, 908 F.3d at 1187 (similar).

As Speaker Vos argued, federal courts routinely afford special protection to state lawmakers in section 1983 suits like this one. *Lee*—deciding that public officials involved in municipal redistricting could not be deposed in a racial gerrymandering case—is but one example. 908 F.3d at 1187-88. This Court has likewise affirmed that the former Illinois governor could not be deposed in *Bagley v. Blagojevich*, a section 1983 suit alleging that his use of the line-item veto was First Amendment retaliation. 646 F.3d 378, 396-97 (7th Cir. 2011); *see also*, *e.g.*, *Biblia Abierta*, 129 F.3d at 901-02, 906 (ruling that Chicago aldermen had complete immunity in civil suit alleging First and Fourteenth Amendment violations). And the Eleventh Circuit ordered the district court to quash plaintiffs' subpoenas seeking files of the Speaker of the Alabama House of Representatives and other public officials in a federal civil rights lawsuit alleging First Amendment retaliation. *See Hubbard*, 803 F.3d at 1301-02, 1312.

The same rules apply here. Plaintiffs' mere filing of a section 1983 suit does not empower Plaintiffs to depose and demand documents from a sitting legislator. Compelling such discovery—especially when the Supreme Court has yet to resolve the justiciability of Plaintiffs claims—frustrates the principles animating legislative immunity and privilege. It takes the legislator away from his public duties. *Compare Hubbard*, 803 F.3d at 1310; *Lee*, 908 F.3d at 1187. It puts a single legislator's motives or knowledge under the microscope, even though his motives or knowledge are not shared by or imputed to the body. *See United States v. O'Brien*, 391 U.S. 367, 383-84 (1968) ("What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it."); *see*, *e.g.*, *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) (individual legislator's understanding of bill language was not controlling as to bill's meaning). And it inhibits "the exercise of legislative discretion" with the threat of "judicial interference" or "fear of personal liability." *Bogan*, 523 U.S. at 52; *see also Biblia Abierta*, 129 F.3d at 903; *Tenney*, 341 U.S. at 373-74.

14

The district court skipped past these precedents, instead opting for a bespoke redistricting test for legislative privilege adopted by a handful of district courts and never endorsed by this Court or the Supreme Court. Indeed, all the district court could muster for its redistricting-specific test were a few words quoted from *United States v. Gillock*, 445 U.S. 360 (1980), when in fact *Gillock* further illuminates the district court's errors. *Gillock* involved evidence of legislative acts in a federal *criminal* prosecution for bribery against a state senator.[5] It held only that legislative privilege and immunity must bend to "the legitimate interest of the Federal Government in enforcing its *criminal* statutes…." *Gillock*, 445 U.S. at 362, 373 (emphasis added). States have sovereign immunity against suits by private citizens, but no such immunity against suits by the United States. So too with legislative immunity, to no one's surprise.

Neither the Supreme Court nor the Seventh Circuit has ever applied *Gillock*'s "important federal interest" exception in a civil case. *See, e.g., Thillens, Inc. v. Cmty. Currency Exchange Ass'n of Ill., Inc.*, 729 F.2d 1128, 1131 (7th Cir. 1984) (declining to apply *Gillock*'s "important federal interest" exception in a civil bribery suit). *Gillock* itself distinguished federal civil rights actions (like this one) from federal criminal prosecutions. *See Gillock*, 445 U.S. at 372-73; *see also Cheney*, 542 U.S. at 384, 386 (distinguishing "between criminal and civil proceedings is not just a matter of formalism" because "[t]he need for information for use in civil cases, while far from negligible, does not share the urgency or significance of the criminal

---

[5] The district court suggested that *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), supported its conclusion that Speaker Vos could be compelled to testify. App. 4. To the contrary, *Arlington Heights* is consistent with Speaker Vos's position. There, the Supreme Court stated that "extraordinary" circumstances might require policy makers—not legislators specifically—to testify about the "purpose of the official action" but that "even then such testimony frequently will be barred by privilege." *Arlington Heights*, 429 U.S. at 268 (citing *Tenney*, 341 U.S. 367).

subpoena requests…"). And even if *Gillock* could be extended to civil cases, Plaintiffs'

allegations are in no way analogous to the federal interest in prosecuting public corruption.

The district court's conclusion that deposing Speaker Vos serves an important federal

interest analogous to that in *Gillock* is plainly wrong. As Judge Griesbach's dissenting opinion

observed, the Speaker "is not charged with taking bribes or engaging in criminal conduct for

his own personal purposes." App. 16. The Supreme Court has not even resolved whether

Plaintiffs' claims are justiciable or whether Plaintiffs have standing. Even assuming Plaintiffs

could overcome these obstacles, the alleged federal interest in here is slight. Plaintiffs' claims

cannot be equated to (or elevated above) those in racial gerrymandering cases, but the district

court did just that. *See* App. 4-5 (citing a mix of racial gerrymandering cases and partisan

gerrymandering cases); *see also Lee*, 908 F.3d at 1187-88 (applying legislative privilege in racial

gerrymandering case). Moreover, the evidence Plaintiffs seek—evidence of a sitting legislators'

partisan intent in an endeavor that is "root-and-branch a matter of politics"—is nothing like

evidence of *verboten* race-based motivations, let alone evidence of criminal bribery. *Vieth v.*

*Jubelirer*, 541 U.S. 267, 285-86 (2004) (plurality). Evidence that a legislator acted consistent with

his or her political beliefs would be consistent with what lawmakers have done since before

the Founding. *See id.* at 274-75.

Speaker Vos raised these very arguments in the district court. But the district court

(again getting it exactly wrong) stated that Speaker "Vos does not deny that plaintiffs will have

to prove the Assembly's intent to prevail on their claims." App. 7-8. Here and elsewhere, the

district court's order disregards the record. The essence of Speaker Vos's opposition is that an

individual legislator's intent is irrelevant and nondiscoverable for any number of reasons. First,

Plaintiffs' principal task on remand is to prove that they have suffered a cognizable injury,

requiring evidence of Act 43's "effect, not intent." *Gill*, 138 S. Ct. at 1932. Second, even if

Plaintiffs could establish standing, Speaker Vos has not conceded that evidence of legislators'

intent is "necessary" to Plaintiffs' claim. App. 8. No party in this litigation knows whether

Plaintiffs' claims are even justiciable, let alone what evidence is "necessary" to prove them.

But every party knows that some amount of partisan intent is lawful, and perhaps inevitable,

in redistricting. *See Vieth*, 541 U.S. at 285 (plurality); *id.* at 307 (Kennedy, J., concurring) ("A

determination that a gerrymander violates the law must rest on something more than the

conclusion that political classifications were applied."); *see also Gaffney v. Cummings*, 412 U.S.

735, 752 (1973) (rejecting the argument that "any political consideration taken into account in

fashioning a reapportionment plan is sufficient to invalidate it"). And third, compelling

discovery on Speaker Vos's intent defies the many decisions of this Court and the Supreme

Court that explain "unworthy purpose" or "the motive or intent of an official" does not

negate legislative privilege. *Tenney*, 341 U.S. at 377 ("The privilege would be of little value if

they could be subjected to the cost and inconvenience and distractions of a trial upon a

conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's

speculation as to motives."); *see Bogan*, 523 U.S. at 54 ("Whether an act is legislative turns on

the nature of the act, rather than on the motive or intent of the official performing it.");

*O'Brien*, 391 U.S. at 383-84; *Bagley*, 646 F.3d at 394 ("Perhaps the Governor harbored secret

motives, but motives do not matter in determining whether the action is legislative."); *Biblia

Abierta*, 129 F.3d at 905. The district court made no effort to reconcile its decision with these

authorities.

　　　Not even other redistricting courts applying the (flawed) redistricting-specific test for

legislative privilege have ventured as far from *Tenney* as the district court. Repeatedly, the

district court said Speaker Vos must be deposed because only he can provide testimony (and

documents) revealing discussions with leadership or individual representatives, and only he

can provide testimony revealing his "insight into legislative intent" as a sitting legislator. App. 8, 9. That order far exceeds the scope of discovery in the Illinois redistricting case, for example, where the district court refused to compel privileged "information concerning the motives, objectives, plans, reports and/or procedures used by lawmakers" or "the identities of persons who participated in decisions regarding the [challenged] Map." *See Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11-c-5065, 2011 WL 4837508, at *10-11 (N.D. Ill. Oct. 12, 2011). Similarly in *Rodriguez v. Pataki*, plaintiffs' motion to compel was denied "to the extent that the plaintiffs seek information concerning the actual deliberations of the Legislature—or individual legislators—which took place outside [the citizen-legislator redistricting committee]." 280 F. Supp. 2d 89, 103 (S.D.N.Y. 2003); *see also Marylanders*, 144 F.R.D. at 297 n.12 (stating plaintiffs could not "inquire into legislative motive if such an inquiry would necessitate an abrogation of legislative immunity").

At the very least, the district court should have waited for the Supreme Court to decide *Rucho* and *Lamone* before concluding that Plaintiffs' partisan gerrymandering claims require the Speaker of the Wisconsin State Assembly to sit for a deposition and turn over documents. But the district court pressed ahead. Its order excoriates Speaker Vos's legislative privilege and immunity, and for what? To gather cumulative evidence of legislative intent in furtherance of a claim that may well be nonjusticiable.

### B. The district court refused to consider whether extraordinary circumstances justified deposing a high-ranking public official.

The district court paid no attention to the separate and independent ground for denying Plaintiffs' motion to compel: the absence of any extraordinary circumstances that justify deposing Speaker Vos. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997). Faced with this argument, the district court stated only that "legislative privilege implicates the same concern," so it "need not discuss the principle in *Oliveri* [sic] separately." App. 6 n.1.

18

Compounding that error, the district court remarked that Plaintiffs "narrowly tailored" their discovery requests "to include only Vos," without acknowledging that Speaker Vos is one of Wisconsin's highest-ranking public officials. App. 8.

The district court's praising Plaintiffs for going after the Speaker of the Wisconsin State Assembly is antithetical to the settled rule that high-ranking public officials cannot be deposed absent extraordinary circumstances. Speaker Vos cannot "be taken away from his work to spend hours or days answering lawyers' questions unless there is a real need." *Olivieri*, 122 F.3d at 409-10; *see Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 2007); *see, e.g.*, *LaPorta v. City of Chicago*, No. 14-c-9665, 2016 WL 4429746, at *2 (N.D. Ill. Aug. 22, 2016); *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2012 WL 760743, at *2-3 (S.D. Fla. Mar. 7, 2012) (collecting cases).

Even if the district court believed legislative privilege did not apply, Plaintiffs still must show that extraordinary circumstances necessitate Speaker Vos's deposition. Plaintiffs cannot use litigation to harass high-ranking public officials when the information they seek is irrelevant, non-essential, or available from other sources or less intrusive means. *See Olivieri*, 122 F.3d at 409-10; *Bogan*, 489 F.3d at 423-24; *Coleman v. Schwarzenegger*, No. CIV-S-90-0520, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008). Yet Plaintiffs have done just that. They admitted to the district court that Speaker Vos does not uniquely possess the evidence that they seek. They told the district court that he would "merely be providing *additional* information." Br. in Supp. of Pls.' Mot. to Compel at 17, ECF 258 (emphasis added). They conceded others were present at every redistricting meeting, even those with individual legislators. *Id.* at 1, 12. Despite these concessions, the district court erroneously stated that Speaker Vos held "one-on-one" meetings with representatives. App. 8.

Worse still, the district court equivocated about whether Speaker Vos's testimony or documents will be admissible, let alone whether such evidence is essential to Plaintiffs' case. *See* App. 9 ("If plaintiffs attempt to rely on any portion of the testimony later in the proceedings, [Speaker] Vos may seek a ruling on its admissibility or a protective order at that time."). The district court's logic is precisely backwards: if there is any doubt whether Speaker Vos's testimony is necessary and admissible, the Plaintiffs *have not* shown that his testimony is so essential that he must be deposed.

And worse still, the district court's conclusion that "the availability of other documents or Foltz's testimony" did not render "Vos's testimony unnecessary" rests on egregiously misstated facts. App. 8-9. Citing only Plaintiffs' reply brief, the district court stated, "[I]t is undisputed that there are significant gaps in the records because much electronic discovery was lost as the result of damage to one hard drive that contained information related to the redistricting process and the destruction of others." App. 8.[6] Speaker Vos absolutely disputes that "there are significant gaps in the records" or that "much electronic discovery was lost." *See, e.g.*, Speaker Vos Opp'n at 2-5, 27-28, 31, ECF 265. Plaintiffs do not dispute that they possess the *Baldus* discovery, including images of all three

---

[6] For the first time in their reply brief, Plaintiffs argued that purported discovery deficiencies in *Baldus* are grounds for subpoenaing Speaker Vos. ECF 268 at 12-14. Ordinarily arguments raised for the first time in a reply brief are deemed waived. *See James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998). More importantly, Plaintiffs' telling of the *Baldus* discovery dispute is misleading. After *Baldus* was decided, plaintiffs filed a motion alleging the Legislature's *Baldus* counsel withheld documents responsive to subpoenas. Attorneys and experts then spent approximately eight months investigating that claim. *See* Joint Report, *Baldus v. Brennan*, No. 11-cv-562 (E.D. Wis. May 15, 2013), ECF 315. Attorneys reviewed tens of thousands of documents. *Id.* at 2-3. Plaintiffs conducted additional depositions of legislative aides, a redistricting consultant, the Legislature's counsel, and an LTSB representative. *Id.* at 7. The investigation did not reveal any direct or clear and convincing evidence that materials were intentionally withheld or that any previously unproduced materials would have materially affected the outcome of the litigation. *Id.* Plaintiffs ultimately withdrew their motion. *See* Letter, *Baldus v. Brennan*, No. 11-cv-562 (E.D. Wis. May 15, 2013), ECF 316.

redistricting computers and two of the three external hard drives used to back up those computers. *Supra*, pp. 3-4. With respect to the "damage to one hard drive," a forensic expert in *Baldus* could not image the third external hard drive used by one of the legislative consultants. *See* Am. Lanterman Decl. ¶4, ECF 97. The *Baldus* plaintiffs spent months investigating that alleged discovery deficiency and others, including re-deposing the actual users of the redistricting computers and an LTSB representative. *Supra*, p. 20 n.6; *see also* Ylvisaker Dep. (Mar. 11, 2016), ECF 106. It stretches the imagination that Speaker Vos's testimony is necessary to fill any purported "gaps" caused by the inability to image that single external hard drive used by someone else.

With respect to the purported "destruction" of other redistricting computer hard drives, after the *Baldus* litigation ended and before Plaintiffs got around to filing this lawsuit in 2015, the redistricting computers were decommissioned "in accordance with the LTSB's standard procedures." *See* Stipulation ¶7, ECF 96. The district court's suggestion that "much electronic discovery" was lost as a result of these standard procedures shows complete disregard of the record. Long before the redistricting computers were decommissioned, an expert imaged those computers as part of *Baldus*. *See id.* at ¶6. It is undisputed that the same expert has since provided Plaintiffs with access to all of the data and documents imaged from the redistricting computers, which the parties have stipulated are authentic. *See id.* at ¶¶8-14.

The district court's decision also rests on its view that legislative aide Adam Foltz's testimony is not a substitute for Speaker Vos's. App. 8-9. According to the district court "some of [Foltz's] testimony was 'unworthy of credence,'" and he "simply does not have the same insight into legislative intent that [Speaker] Vos does." App. 9. Speaker Vos disputes the suggestion that Mr. Foltz was not a credible witness, or that such a suggestion is relevant to whether Plaintiffs can subpoena the Speaker of the Wisconsin State Assembly. Additionally,

the district court failed to consider that Mr. Foltz is but one witness. Plaintiffs have deposed, cross-examined, and are currently attempting to re-depose another legislative aide, Tad Ottman, and Plaintiffs have deposed, cross-examined, or used earlier sworn testimony from both redistricting consultants.

Plaintiffs used the *Baldus* discovery and legislative aides' and consultants' deposition testimony without complaint to make their case about legislative intent in *Whitford I*, 218 F. Supp. 3d at 846-53; *see also id.* at 890-98. No extraordinary circumstances compel Speaker Vos's deposition now.

## III.  A writ of mandamus is appropriate under the circumstances

As various courts have recognized, immediate relief is appropriate when parties subject high-ranking government officials to discovery in civil litigation. *See, e.g.*, *In re Dep't of Commerce*, 139 S. Ct. at 566; *Hubbard*, 803 F.3d at 1310-11; *see also Cheney*, 542 U.S. at 386. At least the following four features of this case make mandamus relief especially appropriate here.

First, Plaintiffs have had eight years to gather evidence about Wisconsin's 2011 redistricting legislation. Only now have Plaintiffs decided to target Wisconsin's State Assembly Speaker. At best, Plaintiffs' discovery tactics are a last gasp—a final attempt to probe legislators' motives weeks before the Supreme Court decides related partisan gerrymandering cases. At worst, Plaintiffs' discovery is meant only to harass a political rival.

Second, the district court made repeated factual errors affecting its decision to compel discovery from Speaker Vos:

- The district court erroneously stated that Speaker "Vos does not deny that plaintiffs will have to prove the Assembly's intent to prevail on their claims," App. 7-8, when in fact the central theme of Speaker Vos's opposition to Plaintiffs' motion was that an individual legislator's intent is irrelevant and nondiscoverable. *Supra*, pp. 16-17.

- The district court erroneously stated that "the parties do not raise any issues unique" to the requests for all Act 43-related documents, App. 9, when Speaker Vos's opposition plainly stated that Plaintiffs have these documents from *Baldus. See* Speaker Vos Opp'n at 30-31, ECF 265.

- The district court erroneously stated that Speaker Vos did "not deny the relevance" of redistricting-related RNC communications, App. 11, when in fact Speaker Vos did.[7]

- The district court erroneously stated that it was "undisputed" that there were "significant gaps" in the record because of "destruction" of hard drives. App. 8. That fact is both disputed and belied by this record and *Baldus. Supra*, pp. 20-21.

- The district court erroneously stated that Speaker "Vos met one-on-one with each Republican Representative about that Representative's district," App. 8, when even Plaintiffs told the district court that at least one legislative aide was present in all meetings. *Supra*, p. 19.

- The district court erroneously considered only one legislative aide's testimony as an alternative to Speaker Vos's testimony, App. 8, when in fact Plaintiffs have relied on the following: legislative aide Tad Ottman's four depositions (ECF 114-118), legislative consultant Joseph Handrick's three depositions (ECF 119-121), legislative consultant Ronald Gaddie's two depositions (ECF 107-108), LTSB representative Jeff Ylvisaker's two depositions (ECF 105-106), in addition to legislative aide Adam Foltz's

---

[7] Speaker Vos's opposition brief stated that these communications were "far afield from the Supreme Court's instruction to Plaintiffs to prove a cognizable injury-in-fact" and "nothing more than a fishing expedition for information with little to no relevance to the issues to be tried. This is not a case about 'the fortunes of the political parties.' *Gill*, 138 S. Ct. at 1933. The judiciary is not responsible for refereeing such disputes." Speaker Vos Opp'n at 13 n.9 & 32, ECF 265.

four depositions (ECF 109-113). The district court also failed to mention that Plaintiffs' have subpoenaed legislative aide Ottman for another deposition, in addition to the Plaintiffs' subpoena for Foltz. *See* Notice, ECF 272.

Third, any federal court order compelling a State's high-ranking public official to sit for a deposition and produce privileged documents raises substantial federalism concerns. Here, the district court exacerbated those concerns by describing this lawsuit as one raising questions about "the legitimacy of the Wisconsin government" and concluding "ensuring a fair and equal election process" trumps the Speaker's legislative privilege. App. 5.

Finally, the district court's order comes on the eve of the Supreme Court's decisions in related partisan gerrymandering cases, *Rucho* and *Lamone*. Both cases will require the Supreme Court to decide whether partisan gerrymandering claims like Plaintiffs' are even justiciable. But the district court makes not one mention of the Supreme Court's continued doubts about the justiciability of partisan gerrymandering claims. At the very least, a writ of mandamus delaying Speaker Vos's deposition until the Supreme Court decides these related cases is appropriate.

## CONCLUSION

Speaker Vos respectfully requests that this Court grant the petition for writ of mandamus and dissolve the district court's discovery order. In the alternative, Speaker Vos respectfully requests that this Court modify or delay the discovery order until the Supreme Court decides *Rucho* and *Lamone.*

Respectfully submitted,

*/s/  Adam K. Mortara*

Kevin St. John                          Adam K. Mortara
BELL GIFTOS ST. JOHN LLC                Joshua P. Ackerman
5325 Wall Street, Ste. 2200             Taylor A.R. Meehan
Madison, WI 53718                       BARTLIT BECK LLP
(608) 216-7990                          Courthouse Place
kstjohn@bellgiftos.com                  54 West Hubbard Street, Ste. 300
                                        Chicago, IL 60654
                                        (312) 494-4400
                                        adam.mortara@bartlitbeck.com
                                        joshua.ackerman@bartlitbeck.com
                                        taylor.meehan@bartlitbeck.com

                                        *Counsel for Petitioner,*
                                        *Speaker Robin J. Vos*

                                                    MAY 10, 2019

**PROOF OF SERVICE**

I hereby certify that on May 10, 2019, the foregoing Petition for Writ of Mandamus by

Wisconsin State Assembly Speaker Robin J. Vos was submitted to the Clerk of the U.S. Court

of Appeals for the Seventh Circuit via email at USCA7_Clerk@ca7.uscourts.gov. I further

certify that the following counsel for all parties to the district court proceedings were served via

electronic mail:

Nicholas Odysseas Stephanopoulos
University of Chicago Law School
1111 E 60th St
Chicago, IL 60637
781-248-8145
nsteph@uchicago.edu

Peter Guyon Earle
Law Office of Peter Earle, LLC
839 North Jefferson Street
Suite 300
Milwaukee, WI 53202
414-276-1076
peter@earle-law.com

Douglas Maynard Poland
Rathje & Woodward, LLC
10 East Doty Street, Ste. 507
Madison, WI 53703
608-960-7430
dpoland@rathjewoodward.com

Michele Louise Odorizzi
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
312-701-7309
modorizzi@mayerbrown.com

Lester A. Pines
Pines Bach LLP
122 W. Washington Ave., Ste. 900
Madison, WI 53703-9500
608-251-0101
lpines@pinesbach.com

Ruth Merewyn Greenwood
Annabelle Elizabeth Harless
Campaign Legal Center
73 W. Monroe St.
Suite 302
Chicago, IL 60603
202-560-0590
rgreenwood@campaignlegalcenter.org
aharless@campaignlegalcenter.org

J. Gerald Hebert
Danielle Marie Lang
Mark P. Gaber
1411 K Street NW
Suite 1400
Washington, DC 20005
202-736-2200
gherbert@campaignlegalcenter.org
dlang@campaignlegalcenter.org
mgaber@campaignlegal.org

Paul Strauss
Chicago Lawyers' Committee for Civil
Rights Under Law
100 N. LaSalle St., Suite 600
Chicago, IL 60602
312-202-3649
pstrauss@clccrul.org

Brian P. Keenan
Clayton P. Kawski
Karla Z. Keckhaver
Anthony David Russomanno
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707

608-266-0020
keenanbp@doj.state.wi.us
kawskicp@doj.state.wi.us
keckhaverkz@doj.state.wi.us
russomannoad@doj.state.wi.us

_/s/ Adam K. Mortara_
        Adam K. Mortara

        *Counsel for Petitioner,*
        *Speaker Robin J. Vos*

MAY 10, 2019

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because this brief contains 7,728 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Circuit Rule 32(b). This brief has been prepared using Microsoft Word version 2016 using a 12-point, proportionally spaced font (Garamond).

*/s/ Adam K. Mortara*
Adam K. Mortara

*Counsel for Petitioner,*
*Speaker Robin J. Vos*

May 10, 2019

## CIRCUIT RULE 30(D) STATEMENT

Adam K. Mortara, counsel for Petitioner, hereby certifies that all of the materials

required by Circuit Rules 21(a)(2)(C), 30(a), and 30(b) are included in the Appendix.


*/s/ Adam K. Mortara*
Adam K. Mortara

*Counsel for Petitioner,*
*Speaker Robin J. Vos*


MAY 10, 2019

## APPENDIX TABLE OF CONTENTS

Opinion and Order (May 3, 2019), ECF 275 ....................................................................App. 1-18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO,
TIMOTHY B. DALEY, MARGARET LESLIE
DEMUTH, DANIEL DIETERICH, MARY LYNNE
DONOHUE, LEAH DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,
JAMES SEATON, ANN E. STEVNING-ROE,
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,
JEROME WALLACE, DONALD WINTER,
EDWARD WOHL, and ANN WOLFE,

        Plaintiffs,

    v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

        Defendants,

    and

THE WISCONSIN STATE ASSEMBLY,

        Intervenor-Defendant.

OPINION and ORDER

15-cv-421-jdp

Plaintiffs have filed a motion to compel discovery against Robin Vos, the Wisconsin State Assembly Speaker. Dkt. 257. Plaintiffs contend that Vos has critical information related to their claim that the 2011 Assembly redistricting plan is an unconstitutional partisan

gerrymander, so they ask the court to compel Vos to sit for a deposition and turn over 15 categories of documents. In response, Vos says that any discovery against him is barred by legislative privilege or is otherwise outside the scope of Federal Rule of Civil Procedure 26. Dkt. 265. The Assembly adopted Vos's position as its own, Dkt. 266; the remaining defendants took no position on the motion, Dkt. 263.

For the reasons explained below, we conclude that plaintiffs are entitled to depose Vos and to receive responses to some but not all of their requests for production. We acknowledge that a sitting legislator is not subject to civil process in any but the most exceptional circumstances. But this is an exceptional case that raises important federal questions about the constitutionality of Wisconsin's plan for electing members of the Assembly. Vos was a key figure in enacting that plan and he was involved at nearly every stage of the process. Probably no one has a better understanding of the challenged plan than he does. Under these circumstances, the qualified legislative privilege to which Vos is entitled must yield to the important federal interests implicated by plaintiffs' claims.

## ANALYSIS

The parties argue the following issues in their briefs: (1) whether Vos waived any legislative privilege he had; (2) if not, whether the privilege is absolute or qualified under the facts of this case; (3) if it is qualified, whether the privilege, other federal common law, or Rule 26 bars the discovery at issue. We will consider each issue in turn.

### A. Waiver

Plaintiffs assert that Vos has waived any claim to legislative privilege because the Wisconsin Assembly intervened in this case. But the Assembly's intervention in the litigation

did not waive the legislative privilege held by its individual members. That is because the privilege is a "personal one" and may only be "waived or asserted by each individual legislator." *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 298 (D. Md. 1992); *see also Favors v. Cuomo*, 285 F.R.D. 187, 211 (E.D.N.Y. 2012) ("[A] legislator cannot assert or waive the privilege on behalf of another legislator."). Vos did not intervene in this case and thus did not waive the privilege.

## B. Scope of the privilege

In arguing that legislative privilege bars plaintiffs' discovery requests, Vos relies on a line of cases that begins with *Tenney v. Brandhove*, 341 U.S. 367 (1951). In that case, the Supreme Court concluded that members of a California state senate committee were immune under federal common law principles from civil liability for allegedly violating the plaintiff's First Amendment rights by calling him before the committee. *Id.* at 376–77. *See also United States v. Gillock*, 445 U.S. 360, 372 n.10 (1980) (noting that *Tenney* "was grounded on its interpretation of federal common law"). The Court's rationale was that granting immunity was necessary to allow legislators to discharge their public duties without concern of adverse consequences outside the ballot box. *Tenney*, 341 U.S. at 373. Since *Tenney*, federal courts have uniformly held that state legislators are generally immune from civil lawsuits. *E.g.*, *Reeder v. Madigan*, 780 F.3d 799, 805 (7th Cir. 2015); *Bagley v. Blagojevich*, 646 F.3d 378, 396–97 (7th Cir. 2011).

*Tenney* was not about a privilege against testifying or complying with discovery requests, which is less burdensome and intrusive than being a defendant in a lawsuit. But lower courts have consistently construed *Tenney* and its progeny as more generally restricting the use of civil process against state legislators, including depositions and other discovery. *E.g.*, *In re Hubbard*,

803 F.3d 1298, 1307–08 (11th Cir. 2015); *Bagley*, 646 F.3d at 396–97; *EEOC v. Washington Suburban Sanitary Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011).

That is not the end of the matter, however, because the Supreme Court has also held that there are exceptions to state legislative immunity. Specifically, immunity must give way "where important federal interests are at stake." *United States v. Gillock*, 445 U.S. 360, 373 (1980). The interest at stake in *Gillock* was a federal prosecution for bribery. The Court distinguished *Tenney* on the ground that *Tenney* "was a civil action brought by a private plaintiff to vindicate private rights." *Id.* at 372.

*Gillock* is the only case cited by the parties in which the Supreme Court concluded that a state legislator was not entitled to immunity for legislative acts. But many courts, including two in the Seventh Circuit, have concluded that gerrymandering claims raise sufficiently important federal interests to overcome legislative privilege, reasoning that such claims involve public rights and that the ballot box may not provide adequate protection of those rights. *E.g.*, *Benisek v. Lamone*, 241 F. Supp. 3d 566, 572–74 (D. Md. 2017); *Lee v. Virginia State Bd. of Elections*, No. 15-cv-357 (HEH-RCY), 2015 WL 9461505, at *5 (E.D. Va. Dec. 23, 2015); *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 333 (E.D. Va. 2015); *Favors v. Cuomo*, 285 F.R.D. 187, 213–14 (E.D.N.Y. 2012); *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11 C 5065, 2011 WL 4837508 (N.D. Ill. 2011); *Baldus v. Brennan*, Nos. 11–cv–562, 11–cv–1011, 2011 WL 6122542 (E.D. Wis. 2011); *United States v. Irvin*, 127 F.R.D. 169, 170, 173–74 (C.D. Cal. 1989). These cases are consistent with *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268 (1977), in which the Supreme Court stated that "extraordinary circumstances" could justify requiring a legislator to testify at trial.

4

**App. 4**

The only contrary authority that Vos cites is *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018), in which the court relied on legislative privilege to deny a motion to compel depositions of city officials in the context of a racial gerrymandering claim. But the court in *Lee* did not hold that a gerrymandering claim can never overcome legislative privilege, only that "the factual record in [that] case [fell] short of justifying the substantial intrusion into the legislative process." 908 F.3d at 1188 (internal quotations omitted). In any event, the persuasive force of *Lee* is limited because the court did not acknowledge *Gillock*'s statement that an important federal interest can overcome legislative immunity. And the court did not acknowledge any of the cases from other courts discussing the unique nature of gerrymandering claims.

We are persuaded by the reasoning of the many courts concluding that there is a qualified rather than absolute legislative privilege from complying with discovery requests in the context of a claim regarding unconstitutional gerrymandering. An allegation that a legislative act violated a single individual's rights cannot be compared with a claim that the entire make up of a state legislative body is the result of an unconstitutional redistricting process. The alleged constitutional violations in this case implicate important structural concerns about the legitimacy of the Wisconsin government in a way that impedes plaintiffs' ability to obtain redress through the political process. Under these circumstances, we conclude that an absolute privilege would fail to give due respect to the important federal interest of ensuring a fair and equal election process that complies with the First and Fourteenth Amendments. *See Trammel v. United States*, 445 U.S. 40, 50 (1980) (privileges should apply "only to the very limited extent that . . . a public good transcend[s] the normally predominant principle of utilizing all rational means for ascertaining truth" (internal quotations omitted)).

The next step is to determine the appropriate test for evaluating whether the qualified privilege should apply. The other courts that have applied a qualified privilege to gerrymandering claims have balanced five factors: (1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the State, as opposed to individual legislators, in the litigation; and (5) the extent to which the discovery would impede legislative action. *E.g.*, *Benisek*, 241 F. Supp. 3d at 575.

We will take this approach, though not all of the factors require extended discussion. As for the seriousness of the litigation, we have already concluded that plaintiffs' claim implicates an important federal interest. As for the role of the state versus the individual legislator, that factor relates to whether the lawsuit potentially subjects the legislator to personal liability. *Bethune-Hill*, 114 F. Supp. 3d at 334–35. In this case, as in any gerrymandering case, the answer is no. As for the potential to impede legislative action, any intrusion into the legislative process has that potential; that is the reason for the privilege in the first place. We have already concluded that gerrymandering claims raise sufficiently important federal interests to override that concern in some circumstances.

This leaves two key questions: (1) how important to plaintiffs' claims is the requested discovery? and (2) do plaintiffs have alternative means for obtaining the information? We will now turn to these questions as well as the more general question whether all of the discovery requests at issue fall within the discovery limits of Rule 26.[1]

---

[1] In addition to asserting legislative privilege, Vos invokes the principle that a public official "should not be taken away from his work to spend hours or days answering lawyers' questions unless there is a real need." *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). Because legislative privilege implicates the same concern, we need not discuss the principle in *Oliveri* separately.

**App. 6**

## C. Particular discovery requests

### 1. Deposition testimony

Plaintiffs seek to depose Vos on the following topics:

> (1) testimony relating to how the Legislature reached its decision on the boundaries for each district in the 2011 redistricting maps (Act 43), including its motives, objective facts it relied on, and the involvement of others in the process, including the Redistricting Majority Project (REDMAP), the Republican National Committee, or other national Republican Party entities; and

> (2) testimony as to the predicted and actual associational effects of Act 43 on the Democratic Party, Democratic voters, the Republican Party, and Republican voters.

Dkt. 258, at 7.

As both sides acknowledge, the proposed deposition relates primarily to the intent of the legislature in enacting the 2011 plan. Although the Supreme Court has yet to articulate a standard for proving partisan gerrymandering, other types of gerrymandering claims recognized by the Court include intent as an element. *See Cooper v. Harris,* 137 S. Ct. 1455, 1463 (2017) ("A State may not use race as the predominant factor in drawing district lines unless it has a compelling reason."). Intent has also been an element in the tests for partisan gerrymandering applied by district courts—including this one—under both the First Amendment and the Equal Protection Clause. *E.g., League of Women Voters of Michigan v. Benson*, No. 17-cv-14148, 2019 WL 1856625, at *27–28 (E.D. Mich. Apr. 25, 2019); *Ohio A. Philip Randolph Inst. v. Householder*, No. 18-cv-357, 2019 WL 652980, at *4–6 (S.D. Ohio Feb. 15, 2019); *Common Cause v. Rucho*, 318 F. Supp. 3d 777, 861, 927 (M.D.N.C. 2018); *Benisek v. Lamone*, 348 F. Supp. 3d 493, 522 (D. Md. 2018); *Whitford v. Gill*, 218 F. Supp. 3d 837, 884 (W.D. Wis. 2016). Vos does not deny that plaintiffs will have to prove the Assembly's intent to prevail on

their claims. So the type of evidence that plaintiffs seek from Vos is not only relevant but also necessary.

Plaintiffs have narrowly tailored their request to include only Vos rather than a larger group of legislators. Plaintiffs chose Vos because of his deep involvement in the redistricting process. Specifically, Vos was the only Representative who participated in two sets of key meetings. In the first set, Vos and other members of the legislative leadership met to discuss the boundaries of specific districts. Dkt. 258, at 16. In the second set, Vos met one-on-one with each Republican Representative about that Representative's district. *Id.* So Vos has a unique perspective and potential insight into the intent behind the redistricting plan.

Vos points out that plaintiffs have already obtained numerous documents and electronic discovery related to the redistricting process, as well as the testimony of legislative aide Adam Foltz, who was present with Vos at many of the meetings about the redistricting plan. In a supplemental brief, the Assembly notes that plaintiffs have served a subpoena on Foltz that overlaps substantially with the subpoena served on Vos. *See* Dkt. 272.

We are not persuaded that the availability of other documents or Foltz's testimony renders Vos's testimony unnecessary. As for the documents already produced, it is undisputed that there are significant gaps in the records because much electronic discovery was lost as the result of damage to one hard drive that contained information related to the redistricting process and the destruction of others. Dkt. 268, at 16. And Vos does not point to any documents that detail the discussions among the legislative leadership or between Vos and the individual Representatives.

As for Foltz's testimony, we do not believe that it is properly viewed as an adequate substitute for testimony from Vos. For one thing, we have already stated that we have "less

**App. 8**

confidence" in Foltz's testimony than the testimony of some other witnesses and even that some of his testimony was "unworthy of credence." *Whitford*, 218 F. Supp. 3d at 890 n.177. And even assuming that everything Foltz said was true, the perspective of a legislative aide cannot be compared to that of one of the primary architects of the redistricting plan. Foltz simply does not have the same insight into legislative intent that Vos does.

So we will grant the motion to compel Vos's deposition. But we will also follow the approach in *Benisek* by reserving a final ruling on the admissibility of deposition testimony. If plaintiffs attempt to rely on any portion of the testimony later in the proceedings, Vos may seek a ruling on its admissibility or a protective order at that time. *See Benisek*, 241 F. Supp. 3d at 577 ("[E]ach legislator witness will be able, before his or her testimony becomes public, to file a motion for a protective order, should the parties not be able to agree on one." (footnotes omitted)).

### 2. Requests for production

In addition to Vos's deposition, plaintiffs submitted requests for production of 15 categories of documents. *See* Dkt. 259-1. Requests for production nos. 1 through 3 and 15 appear to overlap substantially with the topics noticed for deposition.[2] Because the parties do not raise any issues unique to these requests, we will direct Vos to respond.

---

[2] Requests for production nos. 1–3 seek:

> 1. All documents, including but not limited to email, concerning any analyses, data, plans, procedures, memos and/or reports used by state legislative staff, state legislators, and/or any consultants or experts in the planning, development, negotiation, drawing, revision, or redrawing of the maps codified in 2011 Wisconsin Act 43 or any other potential state assembly plan that was not adopted.

Requests nos. 4 and 5 relate to the Assembly's retention of a law firm before the original

appeal of this case.[3] Because plaintiffs do not explain how that information is relevant to any

---

> 2. All documents, including but not limited to email, concerning the objectives and/or motives relied on by—or available to—state lawmakers, their staff and/or any consultants or experts in the planning, development, negotiation, drawing, revision, or redrawing of the maps codified in 2011 Wisconsin Act 43 or any other potential state assembly plan that was not adopted.
>
> 3. All documents, including but not limited to email, concerning the objective facts that legislative staff and/or any experts or consultants references, used or relied upon—or had available to them—in the planning, development negotiation, drawing, revision, or redrawing of the maps codified in 2011 Wisconsin Act 43 or any other potential state assembly plan that was not adopted.

Request for production no. 15 seeks:

> 15. Any and all documents reflecting or relating or referring to communications the RPW has had with any current or former Republican Wisconsin State Assembly member or candidate about the impact of Act 43 . . . on Assembly elections across the State of Wisconsin as a whole or in any one or more particular Assembly districts from 2010 to the present.

[3] Requests nos. 4 and 5 seek:

> 4. Any and all requests that you, your office, or anyone employed by you or your office received to provide to the requesting person or to release to the public a copy of any engagement letter, contract, agreement, or other document reflecting the Wisconsin State Assembly's retention or engagement of Bartlit Beck LLP to serve as its legal counsel in *Whitford v. Gill*, case no. 15-cv-421-jdp, pending in the U.S. District Court for the Western District of Wisconsin.
>
> 5. Copies of any and all documents that you, your office, or anyone employed by you or your office provided to the requesting person or released to the public in response to any request identified in Paragraph 4, above.

10

**App. 10**

of the issues that plaintiffs must prove in this case (or could lead to the discovery of relevant

information), we will deny the motion to compel as to those requests.

Requests nos. 6 through 9 relate to information that Vos received from outside

organizations such as the Republican National Committee.[4] Vos does not deny the relevance

of these materials, but he contends that plaintiffs should be required to seek the information

from the third parties. But that would be true only if these materials were covered by legislative

privilege. Because these documents came from third parties, they are not protected. *See Bethune-*

---

[4] Requests for production nos. 6–9 seek:

> 6. Copies of any and all documents prepared by or transmitted by the Republican National Committee, that relate or refer to legislative redistricting, including but not limited to the document attached hereto as Exhibit 1.

> 7. Copies of any and all communications, including email, that relate or refer to legislative redistricting, reflecting or referring to any of the following people or email addresses:

> a. Tom Hofeller, thofeller@rnchq.org

> b. Dale Oldham, doldham@rnchq.org

> c. Mike Wild, mwild@rnchq.org

> d. John Phillipe, jphillippe@rnchq.org

> e. Leslie Rutledge, lrutledge@rnchq.org

> 8. Any and all materials reflecting or relating or referring to the April 2010 Republican National Committee's GOP Redistricting Conference, including any and all notes, summaries, minutes, agendas, papers, documents, data, computer files, CDs, training materials, or any other written or electronic material prepared for, distributed at, created at, or otherwise related to that conference.

> 9. Any and all documents reflecting or relating or referring to the Redistricting Majority Project, commonly referred to as "REDMAP."

*Hill*, 114 F. Supp. 3d at 343 ("[T]he House must produce any documents or communications shared with, or received from, any individual or organization outside the employ of the legislature."); *Baldus*, 2011 WL 6122542, at *2 ("The Legislature has waived its legislative privilege to the extent that it relied on such outside experts for consulting services."). So the court will direct Vos to respond to these requests as well.

The last group of requests is extremely broad. Plaintiffs seek information from 2002 onward related to a wide range of activities of the Republican party.[5] Because plaintiffs do not

_____

[5] Requests nos. 10–14 seek:

> 10. Any and all documents reflecting or relating or referring to meetings, communications, or conversations from 2002 to the present regarding or relating to recruiting Republican candidates for Wisconsin State Assembly.

> 11. Any and all documents reflecting or relating or referring to communications made by the RPW that solicited campaign contributions to the RPW or to any individual Republican candidate for the Wisconsin State Assembly from 2002 to the present. The categories of communications as used in this request includes but is not limited to emails, mailings, phone solicitations, person-to-person solicitations, and fundraising events.

> 12. Any and all documents reflecting or relating or referring to volunteer activities in support of Republican campaigns for the Wisconsin State Assembly that were coordinated by, arranged by, carried out by, or funded by the RPW from 2002 to the present.

> 13. Any and all documents reflecting or relating or referring to voter registration activities that were coordinated, arranged, carried out, or funded by the RPW or Wisconsin Republican Assembly Campaign Committee ("WRACC") from 2002 to the present.

> 14. Any and all documents reflecting or relating or referring to meetings, communications, or conversations from 2002 to the present regarding or relating to advocating for or implementing legislative policies preferred by the RPW or the Republican Assembly Caucus.

even attempt to show that that these requests are "proportional to the needs of the case" or

that the benefit of providing the information is not outweighed by the burden or expense of

the proposed discovery, *see* Fed. R. Civ. P. 26(b)(1), we will not require Vos to produce the

responsive material at this time.


ORDER

IT IS ORDERED that plaintiffs' motion to compel discovery, Dkt. 257, is GRANTED

as to the deposition of Robin Vos and requests for production nos. 1–3, 6–9, and 15. The

motion is otherwise DENIED.

Entered May 3, 2019.

BY THE COURT:

/s/_____
KENNETH F. RIPPLE
Circuit Judge


/s/_____
JAMES D. PETERSON
District Judge

GRIESBACH, *District Judge,* dissenting. I respectfully dissent from the majority's conclusion that the legislative privilege does not apply in this case. In my view, intent is no longer an issue in the case, and whatever relevance Speaker Vos' testimony may have does not warrant invasion of the legislative privilege.

"The legislative privilege is important. It has deep roots in federal common law." *In re Hubbard,* 803 F.3d 1298, 1307 (11th Cir. 2015) (citing *Tenney v. Brandhove,* 341 U.S. 367, 372 (1951)). Legislative privilege is a corollary to legislative immunity, which provides a legislator with immunity from civil liability for their actions. *See Benisek v. Lamone,* 263 F. Supp. 3d 551, 554 (D. Md. 2017) (citation omitted). The doctrine of legislative immunity is premised on the notion that "a private civil action . . . creates a distraction and forces [legislators] to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 503 (1975). It also recognizes that the threat of civil liability strips legislators of the courage necessary to legislate for the public good. *See Tenney,* 341 U.S. at 377. "The doctrine is a bulwark in upholding the separation of powers" and insulates legislators "from judicial scrutiny into their deliberative processes." *Schaefer,* 144 F.R.D. at 304; *see also Supreme Court of Va. v. Consumers Union of the United States,* 446 U.S. 719, 731–32 (1980) (noting the purpose of legislative immunity is to ensure that "the legislative function may be performed independently without fear of outside interference"); *All. for Global Justice v. District of Columbia,* 437 F. Supp. 2d 32, 35 (D.D.C. 2006) ("The primary purposes of . . . legislative immunity is to insure the independent performance of the legislative function and to preserve the separation of powers." (citation omitted)).

Legislative privilege exists to "safeguard . . . legislative immunity and to further encourage the republican values it promotes." *EEOC v. Wash. Suburban Sanitary Comm'n,*

631 F.3d 174, 181 (4th Cir. 2011). The privilege "protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *United States v. Brewster*, 408 U.S. 501, 525 (1972). Like legislative immunity, the legislative privilege ensures that "lawmakers are allowed to 'focus on their public duties'" rather than on defending lawsuits. *In re Hubbard*, 803 F.3d at 1310 (quoting *Wash. Suburban*, 631 F.3d at 181). More importantly, however, the purpose of the legislative privilege is to minimize politics masquerading as litigation by shielding legislators from "political wars of attrition in which their opponents try to defeat them through litigation rather than at the ballot box." *Wash. Suburban*, 631 F.3d at 181. The legislative privilege, which functions as a testimonial and evidentiary privilege, is therefore not to be cast aside lightly. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977).

In actions brought in federal courts, the constitutional and policy reasons underlying the legislative privilege have been found less compelling for state legislators than for federal legislators. *See United States v. Gillock*, 445 U.S. 360, 370–71 (1980) (noting that "federal interference in the state legislative process is not on the same constitutional footing with the interference of one branch of the Federal Government in the affairs of a coequal branch"). But principles of comity still warrant recognition of such a privilege and "command careful consideration." *Id.* at 373. In *Gillock*, the Court held that "where important federal interests are at stake, as in the enforcement of federal criminal statutes, comity yields." *Id. Gillock*, however, involved a federal prosecution of a state legislator for bribery. The issue before the Court there was whether a legislative privilege barred the introduction of evidence of the legislative acts of a state legislator charged with taking bribes or otherwise obtaining money unlawfully through the exploitation of his official position. *Id.* at 362.

Speaker Vos, in contrast, is not charged with taking bribes or engaging in criminal conduct for his own personal purposes. Instead, he and the other legislative members of his party are alleged to have used the legislative process to enact a redistricting plan intended to increase the chances of their party obtaining a majority in the assembly, in other words, partisan gerrymandering, a practice that is older than the Republic. Moreover, at the time Speaker Vos is alleged to have so acted, and even at this late date, the Court has yet to hold such intent unlawful. Indeed, the Court has consistently recognized that partisan intent is part and parcel of a system that entrusts redistricting to politicians. *See, e.g., Vieth v. Jubelirer*, 541 U.S. 267, 285 (2004) (plurality opinion) ("The Constitution clearly contemplates districting by political entities, see Article I, § 4, and unsurprisingly that turns out to be root-and-branch a matter of politics."); *Miller v. Johnson*, 515 U.S. 900, 914 (1995) ("[R]edistricting in most cases will implicate a political calculus in which various interests compete for recognition . . . ."). This is a far cry from the conduct at issue in *Gillock*.

The majority notes that "many courts, including two in the Seventh Circuit, have concluded that gerrymandering claims raise sufficiently important federal interests to overcome legislative privilege, reasoning that such claims involve public rights and that the ballot box may not provide adequate protection of those rights." Majority opinion at 3–4 (collecting cases). But this just begs the question of whether such claims are justiciable in the first place. Absent a judicially manageable standard, which the Supreme Court has so far been unable to discern, no judicial remedy is available and we are simply spinning our wheels.

Even if I were to accept the majority's view that the importance of the issue, by itself, is sufficient to overcome the legislative privilege, I would nevertheless hold that

3

App. 16

under the circumstances of this case, Speaker Vos' testimony is not required. This is because partisan intent has already been established. This court found that such intent existed in the first trial. After a detailed eight-page discussion of the evidence bearing on the issue of intent, the majority concluded: "These facts, in tandem with the overwhelming number of reports and memoranda addressing the partisan outcomes of the various maps, lead us to conclude that, although Act 43 complied with traditional redistricting principles, it nevertheless had as one of its objectives entrenching the Republicans' control of the Assembly." *Whitford v. Gill*, 218 F. Supp. 3d 837, 898 (W.D. Wis. 2016). The majority then went on to find: "It is clear that the drafters got what they intended to get. There is no question that Act 43 was designed to make it more difficult for Democrats, compared to Republicans, to translate their votes into seats." *Id.* Not even the dissent disputed this finding, and the Supreme Court did not disturb it.

Instead, the Court vacated this court's judgment upon a finding that standing had not been established and remanded the case to allow voters "an opportunity to prove concrete and particularized injuries using evidence—unlike the bulk of the evidence presented thus far—that would tend to demonstrate a burden on their individual votes." *Gill v. Whitford*, 138 S. Ct. 1932, 1934 (2018). The Court expressly stated whether plaintiffs have established an injury in fact "turns on effect, not intent, and requires a showing of a burden on the plaintiffs' votes that is 'actual or imminent, not "conjectural" or "hypothetical."'" *Id.* at 1932 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Deposing Vos about the legislature's intent in enacting the 2011 plan is neither necessary nor relevant to plaintiffs' burden and would be an intrusion into the legislative process for no real reason. Given these circumstances, plaintiffs have not made the showing necessary to overcome the legislative privilege.

4

Because the legislative privilege applies, I would deny plaintiffs' motion to compel. I therefore dissent.

/s/_____
WILLIAM C. GRIESBACH
District Judge

5

PROTECTIVE_ORDER

# U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:15-cv-00421-jdp

| | |
|---|---|
| Whitford, William et al v. Nichol, Gerald et al | Date Filed: 07/08/2015 |
| Assigned to: District Judge James D. Peterson | Jury Demand: None |
| Referred to: Magistrate Judge Stephen L. Crocker | Nature of Suit: 400 State Reapportionment |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**William Whitford**         represented by    **Nicholas Odysseas Stephanopoulos**
University of Chicago Law School
1111 E 60th St
Chicago, IL 60637
781-248-8145
Email: nsteph@uchicago.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
Law Office of Peter Earle, LLC
839 North Jefferson Street
Suite 300
Milwaukee, WI 53202
414-276-1076
Email: peter@earle-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
Campaign Legal Center
73 W MONROE ST
Suite 302
Chicago, IL 60603
202-560-0590
Email:
rgreenwood@campaignlegalcenter.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
Campaign Legal Center
73 W. Monroe Street, Suite 302
Chicago, IL 60603
Email: aharless@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
1411 K Street NW
Suite 1400
Washington, DC 20005
202-736-2200 x211
Fax: 202-736-2222
Email: dlang@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
Rathje & Woodward, LLC
10 East Doty Street, Ste. 507
Madison, WI 53703
608-960-7430
Fax: (608) 441-5707
Email: dpoland@rathjewoodward.com
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
U.S. DEPARTMENT OF JUSTICE
WASHINGTON, DC 20035-6128
(202) 514-6153
Email: ghebert@campaignlegalcenter.org
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
Pines Bach LLP
122 W. Washington Avenue, Ste. 900
Madison, WI 53703-9500
608-251-0101
Fax: 608-251-2883
Email: lpines@pinesbach.com
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
Campaign Legal Center
1411 K Street NW
Suite 1400
Washington, DC 20005
202-736-2200
Fax: 202-736-2222
Email: mgaber@campaignlegal.org
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
312-701-7309
Fax: 312-706-8508

Email: modorizzi@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
Chicago Lawyers' Committee for Civil
Rights Under Law
100 N. LaSalle St., Suite 600
Chicago, IL 60602
312-202-3649
Fax: 312-630-1127
Email: pstrauss@clccrul.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roger Anclam**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emily Bunting**                    represented by     **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mary Lynne Donohue**                    represented by     **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Helen Harris**                    represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wayne Jensen**                    represented by   **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendy Sue Johnson**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Janet Mitchell**                    represented by     **Nicholas Odysseas Stephanopoulos**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Peter Guyon Earle**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Ruth Merewyn Greenwood**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Annabelle Elizabeth Harless**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Danielle Marie Lang**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Douglas Maynard Poland**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **J. Gerald Hebert**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Lester A. Pines**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Mark P. Gaber**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michele Louise Odorizzi**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul Strauss**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Allison Seaton** | represented by | **Nicholas Odysseas Stephanopoulos** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Peter Guyon Earle** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Ruth Merewyn Greenwood** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Annabelle Elizabeth Harless** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Danielle Marie Lang** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Douglas Maynard Poland** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **J. Gerald Hebert** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Lester A. Pines** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Mark P. Gaber** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Michele Louise Odorizzi** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Paul Strauss** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **James Seaton** | represented by | **Nicholas Odysseas Stephanopoulos** |
| | | (See above for address) |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jerome Wallace**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Winter**                    represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Graham Adsit**                    represented by   **Nicholas Odysseas Stephanopoulos**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Peter Guyon Earle**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Warren Braun**                    represented by    **Nicholas Odysseas Stephanopoulos**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Peter Guyon Earle**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hans Breitenmoser**                    represented by   **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Judith Brey**               represented by  **Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brent Brigson**                          represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Carlson-Kaye**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Guy Costello**                    represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Timothy B. Daley**                represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Margaret Leslie DeMuth**             represented by **Nicholas Odysseas Stephanopoulos**
                                       (See above for address)
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Peter Guyon Earle**
                                       (See above for address)
                                       *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel Dieterich**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leah Dudley**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jennifer Estrada**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Barbara Flom**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gail Hohenstein**                    represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Lecker**        represented by   **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**

(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elizabeth Lentini**                    represented by  **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Norah McCue**                          represented by **Nicholas Odysseas Stephanopoulos**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Peter Guyon Earle**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Ruth Merewyn Greenwood**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

                                         **Annabelle Elizabeth Harless**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Danielle Marie Lang**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **Douglas Maynard Poland**
                                         (See above for address)
                                         *ATTORNEY TO BE NOTICED*

                                         **J. Gerald Hebert**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Deborah Patel**                    represented by  **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Pedersen**            represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nancy Petulla**                    represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Pfundheller**                    represented by   **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Sara Ramaker                      represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Rosalie Schnick**

represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Ann E. Stevning-Roe              represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linea Sundstrom**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Switzenbaum**                    represented by    **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Wohl**                    represented by    **Nicholas Odysseas Stephanopoulos**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Peter Guyon Earle**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Ruth Merewyn Greenwood**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Annabelle Elizabeth Harless**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Danielle Marie Lang**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Douglas Maynard Poland**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **J. Gerald Hebert**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lester A. Pines**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Mark P. Gaber**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Michele Louise Odorizzi**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Paul Strauss**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ann Wolfe**        represented by **Nicholas Odysseas Stephanopoulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Guyon Earle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ruth Merewyn Greenwood**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Annabelle Elizabeth Harless**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle Marie Lang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Douglas Maynard Poland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J. Gerald Hebert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lester A. Pines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark P. Gaber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michele Louise Odorizzi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Strauss**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

| **Gerald C. Nichol** | represented by | **Brian P. Keenan** |
| *TERMINATED: 01/27/2017* | | Wisconsin Department of Justice |
| | | P.O. Box 7857 |
| | | Madison, WI 53707 |
| | | 608-266-0020 |
| | | Fax: 608-267-2223 |
| | | Email: keenanbp@doj.state.wi.us |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Anthony David Russomanno**
Wisconsin Department of Justice
17 W Main ST, PO Box 7857
Madison, WI 53707
608-267-2238
Fax: 608-267-8906
Email: russomannoad@doj.state.wi.us
*TERMINATED: 04/30/2019*

**Defendant**

| **Thomas Barland** | represented by | **Brian P. Keenan** |
| *TERMINATED: 01/27/2017* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

| **John Franke** | represented by | **Brian P. Keenan** |
| *TERMINATED: 01/27/2017* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

| **Harold V. Froehlich** | represented by | **Brian P. Keenan** |
| *TERMINATED: 01/27/2017* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

**Kevin J. Kennedy**
*TERMINATED: 01/27/2017*

represented by   **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

**Elsa Lamelas**
*TERMINATED: 01/27/2017*

represented by   **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

**Timothy Vocke**
*TERMINATED: 01/27/2017*

represented by   **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Defendant**

**Beverly R. Gill**

represented by   **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Clayton P. Kawski**
Wisconsin Department of Justice
17 W. Main Street
P.O. Box 7857
Madison, WI 53707-7857
(608) 266-7477
Fax: (608) 267-2223
Email: kawskicp@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Karla Z. Keckhaver**

Wisconsin Department of Justice
17 W. Main Street
P.O. Box 7857
Madison, WI 53707-7857
608-264-6365
Fax: 608-267-8906
Email: keckhaverkz@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Julie M. Glancey**                    represented by    **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Clayton P. Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karla Z. Keckhaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann S. Jacobs**                    represented by    **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Clayton P. Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karla Z. Keckhaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve King**
*TERMINATED: 01/23/2019*                    represented by    **Brian P. Keenan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Karla Z. Keckhaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Don Millis**                    represented by    **Brian P. Keenan**
*TERMINATED: 01/23/2019*                            (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Karla Z. Keckhaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark L. Thomsen**              represented by    **Brian P. Keenan**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Anthony David Russomanno**
(See above for address)
*TERMINATED: 04/30/2019*

**Clayton P. Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karla Z. Keckhaver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jodi Jensen**                  represented by    **Brian P. Keenan**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Clayton P. Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

Case: 19-1910     Document: 00713430352     Filed: 06/04/2019     Pages: 135

**Defendant**

**Dean Knudson**                          represented by   **Brian P. Keenan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Clayton P. Kawski**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*


V.

**Intervenor Defendant**

**Wisconsin State Assembly**              represented by   **Kevin Michael St. John**
                                                          Bell Giftos St. John LLC
                                                          5325 Wall Street
                                                          Suite 2200
                                                          Madison, WI 53718
                                                          608-216-7995
                                                          Fax: 608-216-7999
                                                          Email: kstjohn@BellGiftos.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Adam Mortara**
                                                          Bartlit Beck LLP
                                                          54 W. Hubbard Street
                                                          Suite 300
                                                          Chicago, IL 60654
                                                          312-494-4400
                                                          Fax: 312-494-4440
                                                          Email: adam.mortara@bartlit-beck.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joshua Ackerman**
                                                          Barlit Beck LLP
                                                          54 W. Hubbard St.
                                                          Chicago, IL 60654
                                                          312-494-4400
                                                          Fax: 312-494-4440
                                                          Email: joshua.ackerman@bartlit-beck.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Taylor A. R. Meehan**
                                                          Bartlit Beck LLP
                                                          54 W. Hubbard Street
                                                          Suite 300
                                                          Chicago, IL 60654
                                                          312-494-4400

Fax: 312-494-4440
Email: taylor.meehan@bartlitbeck.com
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**Robin J. Vos**            represented by   **Adam Mortara**
*Speaker*                                     (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Amicus**

**Jowei Chen**            represented by   **Theodore Reed Boehm**
                                              Hoover Hull Turner, LLP
                                              111 Monument Circle
                                              Suite 4400
                                              Indianapolis, IN 46204
                                              317-822-4400 x104
                                              Fax: 317-822-0234
                                              Email: tboehm@hooverhullturner.com
                                              *TERMINATED: 11/16/2018*

**Amicus**

**The League of Women Voters of**     represented by   **Diane Mary Welsh**
**Wisconsin**                                         Pines Bach LLP
                                              122 West Washington Avenue
                                              Ste. 900
                                              Madison, WI 53703
                                              608-251-0101
                                              Fax: 608-251-2883
                                              Email: dwelsh@pinesbach.com
                                              *TERMINATED: 09/18/2018*
                                              *ATTORNEY TO BE NOTICED*

                                              **Susan M. Crawford**
                                              Cullen Weston Pines & Bach LLP
                                              122 W. Washington Ave
                                              Suite 900
                                              Madison, WI 53703
                                              Email: scrawford@pinesbach.com
                                              *TERMINATED: 10/11/2018*

**Amicus**

**Stephen J. Schulhofer**        represented by   **Stephen J. Schulhofer**
                                              NYU Law School
                                              Stephen J. Schulhofer
                                              NYU Law School
                                              40 Washington Square South
                                              New York, NY 10012
                                              212-998-6260
                                              Email: stephen.schulhofer@nyu.edu
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2015 | 1 | COMPLAINT against All Defendants. Service to be completed by Waiver of Service of Summons. ( Filing fee $ 400 receipt number 0758-1588911.), filed by All Plaintiffs. (Attachments:<br># 1 Exhibit 1 - Illustrative Maps,<br># 2 Exhibit 2 - K Mayer Report,<br># 3 Exhibit 3 - S Jackman Report,<br># 4 Exhibit 4 - Secrecy Agreements) (Earle, Peter) Modified on 7/8/2015. (lak) (Additional attachment(s) added on 7/8/2015:<br># 5 JS-44 Civil Cover Sheet) (lak). (Entered: 07/08/2015) |
| 07/08/2015 | | Case randomly assigned to District Judge Barbara B. Crabb and Magistrate Judge Stephen L. Crocker. (voc) (Entered: 07/08/2015) |
| 07/08/2015 | | Standard attachments for Judge Barbara B. Crabb required to be served on all parties with summons or waiver of service: NORTC, Corporate Disclosure Statement, Order on Dispositive Motions. (voc) (Entered: 07/08/2015) |
| 07/09/2015 | 2 | Motion to Admit Ruth Merewyn Greenwood Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1590066.) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donhue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Greenwood, Ruth) (Entered: 07/09/2015) |
| 07/09/2015 | 3 | Disregard. See 5 . Modified on 7/10/2015. (lak) (Entered: 07/09/2015) |
| 07/10/2015 | 4 | ** TEXT ONLY ORDER **<br>ORDER granting 2 Motion to Admit Ruth Merewyn Greenwood Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 7/10/2015. (lak) (Entered: 07/10/2015) |
| 07/10/2015 | 5 | Motion to Admit Paul Strauss Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1590354.) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donhue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Strauss, Paul) (Entered: 07/10/2015) |
| 07/10/2015 | 6 | Request for Issuance of Summons by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donhue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments:<br># 1 Request for Summons to Barland,<br># 2 Request for Summons to Franke,<br># 3 Request for Summons to Froehlich,<br># 4 Request for Summons to Kennedy,<br># 5 Request for Summons to Lamelas,<br># 6 Request for Summons to Vocke) (Greenwood, Ruth) Modified on 7/13/2015. (lak) (Entered: 07/10/2015) |
| 07/10/2015 | 7 | Corporate Disclosure Statement by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donhue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. |

| | | (Greenwood, Ruth) (Entered: 07/10/2015) |
|---|---|---|
| 07/10/2015 | 8 | ** TEXT ONLY ORDER **<br>ORDER granting 5 Motion to Admit Paul Strauss Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 7/10/2015. (kwf) (Entered: 07/10/2015) |
| 07/10/2015 | 9 | Summons Issued as to Gerald C. Nichol, (Attachments:<br># 1 Summons Issued as to Thomas Barland,<br># 2 Summons Issued as to John Franke,<br># 3 Summons Issued as to Harold V. Froehlich,<br># 4 Summons Issued as to Kevin J. Kennedy,<br># 5 Summons Issued as to Elsa Lamelas,<br># 6 Summons Issued as to Timothy Vocke) (kwf) (Entered: 07/10/2015) |
| 07/10/2015 | 10 | Letter from the Court to USCA Chief Judge Wood *regarding three-judge court pursuant to 28 U.S.C. § 2284.* (kwf) (Additional attachment added on 7/13/2015:<br># 1 Copy of the Complaint) (kwf) (Entered: 07/10/2015) |
| 07/16/2015 | 11 | Letter from USCA Chief Judge Diane P. Wood to District Judge Barbara B. Crabb regarding three-judge court pursuant to 28 U.S.C. § 2284. (voc) (Entered: 07/16/2015) |
| 07/20/2015 | 12 | Affidavit of Service by Plaintiff. Elsa Lamelas served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 13 | Affidavit of Service by Plaintiff. Gerald C. Nichol served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 14 | Affidavit of Service by Plaintiff. Harold V. Froehlich served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 15 | Affidavit of Service by Plaintiff. John Franke served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 16 | Affidavit of Service by Plaintiff. Kevin J. Kennedy served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 17 | Affidavit of Service by Plaintiff. Thomas Barland served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/20/2015 | 18 | Affidavit of Service by Plaintiff. Timothy Vocke served on 7/14/2015, answer due 8/4/2015. (Strauss, Paul) (Entered: 07/20/2015) |
| 07/22/2015 | 19 | Notice of Appearance filed by Michele Louise Odorizzi for Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 07/22/2015) |
| 07/24/2015 | 20 | Notice of Appearance filed by Anthony David Russomanno for Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Russomanno, Anthony) (Entered: 07/24/2015) |
| 07/24/2015 | 21 | Notice of Appearance filed by Brian P. Keenan for Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 07/24/2015) |
| 08/03/2015 | 22 | Stipulation for Extension of Time to respond to complaint by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald |

| | | |
|---|---|---|
| | | C. Nichol, Timothy Vocke. (Attachments: # 1 Text of Proposed Order) (Keenan, Brian) (Entered: 08/03/2015) |
| 08/05/2015 | 23 | ORDER granting 22 Motion for Extension of Time to Answer. Defendants answer due 8/18/2015. Signed by District Judge Barbara B. Crabb on 8/5/2015. (voc) (Entered: 08/05/2015) |
| 08/18/2015 | 24 | **Notice of Motion and MOTION TO DISMISS** by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) Modified on 8/18/2015. (kwf) (Entered: 08/18/2015) |
| 08/18/2015 | 25 | Brief in Support of 24 Motion to Dismiss by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 08/18/2015) |
| 08/19/2015 | | Set Briefing Deadlines as to 24 Motion to Dismiss. Brief in Opposition due 9/8/2015. Brief in Reply due 9/18/2015. (kwf) (Entered: 08/19/2015) |
| 08/19/2015 | | Set Telephone Pretrial Conference: Telephone Pretrial Conference set for 9/11/2015 at 02:30 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. [Standing Order Governing Preliminary Pretrial Conference attached] (voc) (Entered: 08/19/2015) |
| 08/19/2015 | 26 | Stipulated Motion to Amend Briefing Schedule *on Motion to Dismiss 24* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Attachments: # 1 Text of Proposed Order) (Earle, Peter) (Entered: 08/19/2015) |
| 08/21/2015 | 27 | ** TEXT ONLY ORDER ** ORDER granting 26 Motion to Amend Briefing Schedule. The parties should not expect additional extensions of these briefing deadlines. Brief in Opposition due 9/29/2015. Brief in Reply due 10/9/2015. Signed by Magistrate Judge Stephen L. Crocker on 8/21/2015. (voc) (Entered: 08/21/2015) |
| 09/08/2015 | 28 | Joint Report of Rule 26(f) Planning Meeting. (Keenan, Brian) (Entered: 09/08/2015) |
| 09/11/2015 | | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Telephone Preliminary Pretrial Conference held on 9/11/2015 [:15] (skv) (Entered: 09/11/2015) |
| 09/11/2015 | 29 | ** TEXT ONLY ORDER ** At a September 11, 2015 telephonic preliminary pretrial conference, the court advised the parties that it will not set a firm schedule until the three judge panel has been named. The court did, however, provide preliminary indications of the dates and deadlines it has in mind. The court will schedule a follow-up telephonic conference as soon as it is in a position to set a firm schedule. Signed by Magistrate Judge Stephen L. Crocker on 9/11/15. (jat) (Entered: 09/11/2015) |
| 09/29/2015 | 30 | ORDER appointing Circuit Judge Kenneth F. Ripple and Chief District Judge William C. Griesbach, of the Eastern District of Wisconsin, as additional members of the three-judge court. Signed by District Judge Diane P. Wood, Chief Judge USCA for the seventh circuit on 9/23/2015. (voc) (Entered: 09/29/2015) |

| | | |
|---|---|---|
| 09/29/2015 | | Set Telephone Hearing: Telephone Scheduling Conference set for 10/20/2015 at 02:30 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. (voc) (Entered: 09/29/2015) |
| 09/29/2015 | 31 | Brief in Opposition by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 24 Motion to Dismiss filed by Gerald C. Nichol, Harold V. Froehlich, Timothy Vocke, John Franke, Elsa Lamelas, Kevin J. Kennedy, Thomas Barland. (Odorizzi, Michele) (Entered: 09/29/2015) |
| 10/06/2015 | | Telephone Scheduling Conference rescheduled from 10/20/2015 to 10/13/2015 at 02:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. (voc) (Entered: 10/06/2015) |
| 10/06/2015 | | Set/Reset Trial Deadlines/Hearings: Court Trial set for 5/23/2016 at 9:00 AM. (voc) Modified on 10/6/2015. (arw) (Entered: 10/06/2015) |
| 10/09/2015 | 32 | Brief in Reply by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke in Support of 24 Motion to Dismiss. (Keenan, Brian) (Entered: 10/09/2015) |
| 10/15/2015 | 33 | Pretrial Conference Order - Oral Argument on Motion to Dismiss 24 set for 11/4/2015 at 01:30 PM before the Three Judge Panel. Dispositive Motions due 1/4/2016. Final Pretrial Submissions due 4/25/2016. Joint Pretrial Statement and Each Party's Statement of Facts with Proposed Special Verdict Form due 5/9/2016. Trial Brief and Five Complete sets of Pre-marked Trial Exhibits due 5/16/2016. Court Trial set for 5/23/2016 at 09:00 AM before the Three Judge Panel. Signed by Magistrate Judge Stephen L. Crocker on 10/15/15. (jat) (Entered: 10/15/2015) |
| 10/20/2015 | 34 | Motion to Admit Annabelle Elizabeth Harless Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1667806.) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Harless, Annabelle) (Entered: 10/20/2015) |
| 10/20/2015 | 35 | ** TEXT ONLY ORDER ** <br> ORDER granting 34 Motion to Admit Annabelle Elizabeth Harless Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 10/20/2015. (lak) (Entered: 10/20/2015) |
| 11/04/2015 | 36 | Minute Entry for proceedings held before District Judge Barbara B. Crabb, Circuit Judge Kenneth F. Ripple and Chief District Judge William C. Griesbach: Oral Argument Hearing held on 11/4/2015 re 24 MOTION TO DISMISS filed by defendants Gerald C. Nichol, Harold V. Froehlich, Timothy Vocke, John Franke, Elsa Lamelas, Kevin J. Kennedy, Thomas Barland [1:02] (Court Reporter LS.) (voc) (Entered: 11/04/2015) |
| 11/13/2015 | 37 | Transcript of Motion Hearing, held 11/4/2015 before Judge Kenneth Ripple, Judge Barbara B. Crabb and Judge William Griesbach. Court Reporter: LS. <br> Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (voc) (Entered: |

| | | |
|---|---|---|
| | | 11/13/2015) |
| 11/17/2015 | 38 | ORDER: Parties may have until November 23, 2015, to file supplemental, simultaneous briefs on the question of standing. They may have until November 30, 2015, to file responses to the other side's brief. Signed by District Judge Barbara B. Crabb, District Judge William C. Griesbach, and Circuit Judge Kenneth F. Ripple on 11/17/15. (jat) (Entered: 11/17/2015) |
| 11/23/2015 | 39 | Defendant's Supplement to 24 Motion to Dismiss filed by Gerald C. Nichol, Harold V. Froehlich, Timothy Vocke, John Franke, Elsa Lamelas, Kevin J. Kennedy, Thomas Barland. (Russomanno, Anthony) Modified on 11/23/2015. (lak) (Entered: 11/23/2015) |
| 11/23/2015 | 40 | Plaintiff's Supplement to 24 Motion to Dismiss filed by Gerald C. Nichol, Harold V. Froehlich, Timothy Vocke, John Franke, Elsa Lamelas, Kevin J. Kennedy, Thomas Barland. (Odorizzi, Michele) Modified on 11/24/2015. (lak) (Entered: 11/23/2015) |
| 11/30/2015 | 41 | Reply by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 24 Motion to Dismiss. *(Plaintiffs' Reply to Defendants' Supplemental Brief on Standing.)* (Odorizzi, Michele) Modified on 12/1/2015. (lak) (Entered: 11/30/2015) |
| 11/30/2015 | 42 | Reply by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 24 Motion to Dismiss. *(Response Brief on Standing.)* (Keenan, Brian) Modified on 12/1/2015. (lak) (Entered: 11/30/2015) |
| 12/17/2015 | 43 | ORDER denying 24 Motion to Dismiss by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. Signed by District Judge Barbara B. Crabb on 12/17/2015. (voc) (Entered: 12/17/2015) |
| 12/30/2015 | 44 | ANSWER by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 12/30/2015) |
| 01/04/2016 | 45 | **MOTION FOR SUMMARY JUDGMENT** by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. Brief in Opposition due 1/25/2016. Brief in Reply due 2/4/2016. (Keenan, Brian) (Entered: 01/04/2016) |
| 01/04/2016 | 46 | Brief in Support of 45 Motion for Summary Judgment, by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 01/04/2016) |
| 01/04/2016 | 47 | Proposed Findings of Fact filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment. (Keenan, Brian) (Entered: 01/04/2016) |
| 01/04/2016 | 48 | Disregard. See 55 . Modified on 1/5/2016. (lak) (Entered: 01/04/2016) |
| 01/04/2016 | 49 | Declaration of Brian Keenan filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment, (Attachments: # 1 Exhibit 100 - Mayer Deposition Transcript (Also see 52 .), |

| | | |
|---|---|---|
| | | # 2 Exhibit 101 - Jackman Deposition Transcript (Also see 53 .),<br># 3 Exhibit 102 - GAB 2012 Fall General Election Results,<br># 4 Exhibit 103 - Mayer Deposition Exhibit 5,<br># 5 Exhibit 104 - Mayer Deposition Exhibit 7,<br># 6 Exhibit 105 - Mayer Deposition Exhibit 8,<br># 7 Exhibit 106 - GAB 2014 Fall General Election Results,<br># 8 Exhibit 107 - Mayer Deposition Exhibit 10,<br># 9 Exhibit 108 - GAB 2008 Fall General Election Results,<br># 10 Exhibit 109 - GAB 2010 Fall General Election Results,<br># 11 Exhibit 110 - GAB 2012 Recall Election Results,<br># 12 Exhibit 111 - Expert Report of K. Mayer (Also see 54 .),<br># 13 Exhibit 112 - Chen and Rodden article,<br># 14 Exhibit 113 - Page 203 from Michael J. Dubin book) (Keenan, Brian) Modified on 1/5/2016. (lak) (Entered: 01/04/2016) |
| 01/04/2016 | 50 | Declaration of Nicholas Goedert filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment, (Attachments:<br># 1 Exhibit - Goedert Expert Report & CV (Also see 51 . (Keenan, Brian) Modified on 1/5/2016. (lak) (Entered: 01/04/2016) |
| 01/05/2016 | 51 | Expert Report of Nicholas Goedert by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke, (Attachments:<br># 1 Exhibit - Goedert CV) (Keenan, Brian) Modified on 1/5/2016. (lak) (Entered: 01/05/2016) |
| 01/05/2016 | 52 | Deposition of Kenneth Mayer taken on 11/9/15. (Attachments:<br># 1 Exhibit 5 of Mayer Deposition,<br># 2 Exhibit 7 of Mayer Deposition,<br># 3 Exhibit 8 of Mayer Deposition,<br># 4 Exhibit 10 of Mayer Deposition) (Keenan, Brian) (Entered: 01/05/2016) |
| 01/05/2016 | 53 | Deposition of Simon Jackman taken on 11/20/15. (Keenan, Brian) (Entered: 01/05/2016) |
| 01/05/2016 | 54 | Expert Report of Kenneth Mayer by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) Modified on 1/5/2016: Exhibits/Annex are not attached separately. (lak) (Entered: 01/05/2016) |
| 01/05/2016 | 55 | Declaration of Sean Trende filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment, (Attachments:<br># 1 Exhibit 1 - CV,<br># 2 Exhibit 2 - Sources,<br># 3 Exhibit 3 - Alabama 1952,<br># 4 Exhibit 4 - Los Angeles 1958,<br># 5 Exhibit 5 - Georgia 1992,<br># 6 Exhibit 6 - Illinois 1946,<br># 7 Exhibit 7 - North Carolina 1790,<br># 8 Exhibit 8 - North Carolina 1992,<br># 9 Exhibit 9 - Dallas 1992, |

| | | |
|---|---|---|
| | | # 10 Exhibit 10 - Wisconsin 1854,<br># 11 Exhibit 11 - Wisconsin 1900,<br># 12 Exhibit 12 - Wisconsin 2002) (Keenan, Brian) Modified on 1/5/2016. (lak)<br>(Entered: 01/05/2016) |
| 01/15/2016 | 56 | AMENDED ANSWER by Defendants Thomas Barland, John Franke, Harold V.<br>Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke.<br>(Keenan, Brian) Modified on 1/18/2016. (lak) (Entered: 01/15/2016) |
| 01/22/2016 | 57 | Declaration of Peter Guyon Earle filed by Plaintiffs Roger Anclam, Emily Bunting,<br>Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet<br>Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald<br>Winter re: 45 Motion for Summary Judgment, (Attachments:<br># 1 Exhibit A - Stephanopoulos Electoral Exceptionalism,<br># 2 Exhibit B - Katz Documenting Discrimination in Voting- Judicial Findings Under<br>Sec (Part 1 of 2),<br># 3 Exhibit B - Katz Documenting Discrimination in Voting- Judicial Findings Under<br>Sec (Part 2 of 2),<br># 4 Exhibit C - GOP redistricting maps make dramatic changes,<br># 5 Exhibit D - Issacharoff Political Cartels,<br># 6 Exhibit E - Pildes Political Competition,<br># 7 Exhibit F - Stein and Marley book,<br># 8 Exhibit G - Trende dataset2 csv) (Odorizzi, Michele) Modified on 1/25/2016:<br>Clarified exhibit descriptions. (lak) (Entered: 01/22/2016) |
| 01/22/2016 | 58 | Declaration of Simon David Jackman filed by Plaintiffs Roger Anclam, Emily<br>Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson,<br>Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford,<br>Donald Winter re: 45 Motion for Summary Judgment, (Attachments:<br># 1 Exhibit A - S. Jackman Report July 7 2015 (Also see 62 .),<br># 2 Exhibit B - Jackman Vita,<br># 3 Exhibit C - Jackman Rebuttal Report (Also see 63 .),<br># 4 Exhibit D - Sensitivity Testing Reliance Material,<br># 5 Exhibit E - Excerpted Klarner Data,<br># 6 Exhibit F - Party Control Data,<br># 7 Exhibit G - McGhee Measuring Partisan Bias,<br># 8 Exhibit H - Fifield Automated Redistricting,<br># 9 Exhibit I - Gelman and King Estimating the Consequences,<br># 10 Exhibit J - Cox and Katz Salamander,<br># 11 Exhibit K - Cain Assessing Partisan Bias) (Odorizzi, Michele) Modified on<br>1/25/2016: Clarified exhibit descriptions. (lak) (Entered: 01/22/2016) |
| 01/22/2016 | 59 | Declaration of Kenneth Mayer filed by Plaintiffs Roger Anclam, Emily Bunting, Mary<br>Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell,<br>Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re:<br>45 Motion for Summary Judgment, (Attachments:<br># 1 Exhibit A - Mayer CV,<br># 2 Exhibit B - Mayer Rebuttal Report (Also see 64 .),<br># 3 Exhibit C - Glaeser Myths and Realities,<br># 4 Exhibit D - Glaeser and Vigdor Segregated Century,<br># 5 Exhibit E - Chung Racial Ethnic Sorting) (Odorizzi, Michele) Modified on<br>1/25/2016: Clarified exhibit descriptions. (lak) (Entered: 01/22/2016) |

| 01/22/2016 | 60 | Disregard. See 65 for condensed version. Modified on 1/26/2016. (lak) (Entered: 01/22/2016) |
|---|---|---|
| 01/22/2016 | 61 | Disregard. See 66 for condensed version. Modified on 1/26/2016. (lak) (Entered: 01/22/2016) |
| 01/25/2016 | 62 | Expert Report of Simon David Jackman by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 63 | Expert Report of Simon David Jackman (Rebuttal) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 64 | Expert Report of Kenneth Mayer (Rebuttal) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 65 | Deposition of Nicholas Goedert taken on 12/15/15, (Attachments: # 1 Exhibit - Fryer & Holden Measuring Compactness, article attached, # 2 Exhibit - Goedert, Gerrymandering or Geography, # 3 Exhibit - Goedert, Case of Disappearing Bias, # 4 Exhibit - Keith Gaddie April 17, 2011 Memo) (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 66 | Deposition of Sean P. Trende taken on 12/14/15. (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 67 | Response to Proposed Findings of Fact filed by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 45 Motion for Summary Judgment. (Odorizzi, Michele) Modified on 1/26/2016. (lak) (Entered: 01/25/2016) |
| 01/25/2016 | 68 | Brief in Opposition by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 45 Motion for Summary Judgment, filed by Gerald C. Nichol, Harold V. Froehlich, Timothy Vocke, John Franke, Elsa Lamelas, Kevin J. Kennedy, Thomas Barland. (Odorizzi, Michele) (Entered: 01/25/2016) |
| 01/25/2016 | 69 | Additional Proposed Findings of Fact filed by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 45 Motion for Summary Judgment. (Odorizzi, Michele) Modified on 1/26/2016. (lak) (Entered: 01/25/2016) |
| 01/26/2016 | 70 | Motion in Limine *to Exclude The Testimony of Sean P. Trende* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 01/26/2016) |

| 01/26/2016 | 71 | Brief in Support of 70 Motion in Limine *to Exclude The Testimony of Sean P. Trende* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Odorizzi, Michele) (Entered: 01/26/2016) |
|---|---|---|
| 01/26/2016 | 72 | Declaration of Annabelle Elizabeth Harless filed by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 70 Motion in Limine, (Attachments: # 1 Exhibit A - D.M. Smith & W.N. Venables, Introduction to R, # 2 Exhibit B - Trende "Wisconsin_clustering_computation.R" file, # 3 Exhibit C - Gelman & King, Unified Method, # 4 Exhibit D - Friedman & Holden, Optimal Gerrymandering, # 5 Exhibit E - Anselin, Local Indicators of Spatial Association, # 6 Exhibit F - Tam Cho, Contagion Effects, # 7 Exhibit G - Reardon & O'Sullivan, Measures of Spatial Segregation, # 8 Exhibit H - Denton & Massey, Hypersegregation) (Odorizzi, Michele) (Entered: 01/26/2016) |
| 02/03/2016 | | Set Briefing Deadline as to 70 Motion in Limine *to Exclude The Testimony of Sean P. Trende*. Brief in Opposition due 2/16/2016. Brief in Reply due 2/22/2016. (voc) (Entered: 02/03/2016) |
| 02/04/2016 | 73 | Brief in Reply by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke in Support of 45 Motion for Summary Judgment. (Keenan, Brian) (Entered: 02/04/2016) |
| 02/04/2016 | 74 | Reply in Support of Proposed Findings of Fact filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment. (Keenan, Brian) (Entered: 02/04/2016) |
| 02/04/2016 | 75 | Disregard. See 76 . Modified on 2/5/2016. (lak) (Entered: 02/04/2016) |
| 02/04/2016 | 76 | Response to Proposed Findings of Fact filed by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 45 Motion for Summary Judgment. (Keenan, Brian) Modified on 2/5/2016. (lak) (Entered: 02/04/2016) |
| 02/05/2016 | | Set Oral Argument: Oral Argument on 45 Motion for Summary Judgment and 70 Motion in Limine *to Exclude The Testimony of Sean P. Trende* set for 3/23/2016 at 9:30 AM in Courtroom 250 before the Three Judge Panel. (kwf) (Entered: 02/05/2016) |
| 02/10/2016 | 77 | Notice of Appearance filed by Douglas Maynard Poland for Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Poland, Douglas) (Entered: 02/10/2016) |
| 02/16/2016 | 78 | Brief in Opposition by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 70 Motion in Limine, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam (Keenan, Brian) (Entered: 02/16/2016) |

| 02/16/2016 | 79 | Reply in Support of Proposed Findings of Fact filed by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 45 Motion for Summary Judgment. *(Reply to Defendants' Response to Plaintiffs' Additional Proposed Findings of Fact in Opposition to Defendants' Motion For Summary Judgment, Document #76.)* (Odorizzi, Michele) Modified on 2/17/2016. (lak) (Entered: 02/16/2016) |
|---|---|---|
| 02/22/2016 | 80 | Brief in Reply by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter in Support of 70 Motion in Limine. (Odorizzi, Michele) (Entered: 02/22/2016) |
| 03/17/2016 | 81 | Motion to Admit Theodore Reed Boehm Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1769797.) by Amicus Jowei Chen. Motions referred to Magistrate Judge Stephen L. Crocker. (Boehm, Theodore) (Entered: 03/17/2016) |
| 03/17/2016 | 82 | Motion for Leave to File *Amicus Brief* by Amicus Jowei Chen, (Attachments: # 1 Jowei Chen Proposed Amicus Brief (See 84 for Amended Brief.), # 2 Exhibit A - Jowei Chen Analysis) (Boehm, Theodore) Modified on 3/17/2016. (lak) (Entered: 03/17/2016) |
| 03/17/2016 | 83 | ** TEXT ONLY ORDER ** ORDER granting 81 Motion to Admit Theodore Reed Boehm Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 3/17/2016. (lak) (Entered: 03/17/2016) |
| 03/17/2016 | 84 | Exhibit (Amended Proposed Amicus Brief) to 82 Motion for Leave to File filed by Jowei Chen. (Boehm, Theodore) Modified on 3/17/2016. (lak) (Entered: 03/17/2016) |
| 03/17/2016 | 85 | ORDER denying 82 Motion for Leave to File Amicus Brief by Amicus Jowei Chen. Signed by District Judge Barbara B. Crabb on 3/17/2016. (voc) (Entered: 03/17/2016) |
| 03/23/2016 | 86 | Minute Entry for proceedings held before District Judge Barbara B. Crabb, Circuit Judge Kenneth F. Ripple and Chief District Judge William C. Griesbach: Oral Argument Hearing held on 3/23/2016 re 45 Motion for Summary Judgement by defendants. [2:12] (Court Reporter LS.) (voc) (Entered: 03/23/2016) |
| 03/24/2016 | 87 | Notice of Change of Address by Annabelle Elizabeth Harless. (Harless, Annabelle) (Entered: 03/24/2016) |
| 03/25/2016 | 88 | Notice of Change of Address by Ruth Merewyn Greenwood. (Greenwood, Ruth) (Entered: 03/25/2016) |
| 03/25/2016 | 89 | Transcript of Motion Hearing, held 3/23/2016 before Judge Kenneth Ripple, Judge Barbara B. Crabb and Judge William Griesbach. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (voc) (Entered: 03/25/2016) |
| 03/28/2016 | 90 | Motion to Admit Danielle Marie Lang Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1777935.) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Lang, Danielle) (Entered: 03/28/2016) |

| 03/29/2016 | 91 | ** TEXT ONLY ORDER ** <br><br> ORDER granting 90 Motion to Admit Danielle Marie Lang Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 3/29/2016. (lak) (Entered: 03/29/2016) |
|---|---|---|
| 03/29/2016 | 92 | Motion to Admit J. Gerald Hebert Pro Hac Vice. ( Pro Hac Vice fee $ 50 receipt number 0758-1779009.) by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Hebert, J. Gerald) (Entered: 03/29/2016) |
| 03/30/2016 | 93 | ** TEXT ONLY ORDER ** <br><br> ORDER granting 92 Motion to Admit J. Gerald Hebert Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 3/30/2016. (lak) (Entered: 03/30/2016) |
| 04/07/2016 | 94 | ORDER: IT IS ORDERED that The motion for summary judgment filed by defendants Gerald C. Nichol, Thomas Barland, John Franke, Harold V. Froehlich, Elsa Lamelas, Timothy Vocke and Kevin J. Kennedy, dkt. # 45 , is DENIED. <br> The motion filed by plaintiffs William Whitford, Roger Anclam, Emily Bunting, Mary Lynne Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, James Seaton, Allison Seaton, Jerome Wallace and Don Winter to exclude the opinions of Sean Trende, dkt. # 70 , is DENIED WITHOUT PREJUDICE to plaintiffs' refiling it at the conclusion of trial. <br> Trial will begin on Tuesday, May, 24, 2016 and should be completed by Friday, May 27, 2016. If the parties believe that is not a sufficient amount of time, they should explain their concerns in writing no later than April 18, 2016. <br> Signed by Circuit Judge Kenneth F. Ripple, District Judge Barbara B. Crabb and District Judge William C. Griesbach on 4/7/2016. (voc) (Entered: 04/07/2016) |
| 04/18/2016 | 95 | Amended Expert Report of Kenneth Mayer (Rebuttal), Updated March 31, 2016, by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 04/18/2016) |
| 04/19/2016 | 96 | Stipulation Regarding Authenticity of Documents Recovered from Three Legislative Redistricting Computers by Mark Lanterman of CFS as Part of Stipulation Regarding 30(b)(6) Depositions of the Legislative Technology Services Bureau, Wisconsin State Senate, and Wisconsin State Assembly by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Harless, Annabelle) Modified on 4/20/2016: Clarified docket text, etc. (lak) (Entered: 04/19/2016) |
| 04/19/2016 | 97 | Declaration of Mark Lanterman filed by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter re: 96 Stipulation, (Attachments: <br> # 1 Exhibit A - CV for Mark Lanterman, <br> # 2 Exhibit B and Exhibit C - DVD of files referenced by Mark Lanterman. Hard copy will be hand-delivered to the clerk.) (Greenwood, Ruth) Modified on 4/20/2016. (lak) (Entered: 04/19/2016) |

| | | |
|---|---|---|
| 04/19/2016 | 98 | Second Deposition of Simon Jackman taken on 3/16/16. (Attachments: <br># 1 Exhibit - Jackman Rebuttal Report (Also see 63 .), <br># 2 Exhibit - Dataset email from Mr. Stephanopolous, <br># 3 Exhibit - Datasets, <br># 4 Exhibit - Fifield et al Article, <br># 5 Exhibit - Fryer and Holden Article, <br># 6 Exhibit - Email from Mr. Stephanopolous, <br># 7 Exhibit - Uniform Swing, <br># 8 Exhibit - Invoice) (Keenan, Brian) Modified on 4/20/2016: Attachment 4 replaced on 4/20/2016 so that pages 24 and 26 were right side up. (lak) (Entered: 04/19/2016) |
| 04/19/2016 | 99 | Second Deposition of Kenneth Mayer taken on 3/30/16. (Attachments: <br># 1 Exhibit - Professor Mayer Rebuttal Report (Also see 64 .), <br># 2 Exhibit - Email from Mr. Stephanopolous, <br># 3 Exhibit - Myths and Realities of American Political Geography, <br># 4 Exhibit - Chart Labeled Act 43, <br># 5 Exhibit - Chart Labeled Inc Calcs My Plan, <br># 6 Exhibit - Chart Labeled EG act 43 With Inc, <br># 7 Exhibit - Chart Labeled EG With Inc, <br># 8 Exhibit - Chart Labeled Incumbents, <br># 9 Exhibit - Invoices) (Keenan, Brian) Modified on 4/20/2016. (lak) (Entered: 04/19/2016) |
| 04/25/2016 | 100 | Rule 26(a)(3) Pretrial Disclosures by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 04/25/2016) |
| 04/25/2016 | 101 | Rule 26(a)(3) Pretrial Disclosures by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments: <br># 1 Exhibit 1 - Deposition Designations, <br># 2 Exhibit 2 - Exhibit List (To be refiled on the court's form.), <br># 3 Exhibit 3 - Exhibit List) (Harless, Annabelle) Modified on 4/26/2016. (lak) (Entered: 04/25/2016) |
| 04/26/2016 | 102 | Exhibit List by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Harless, Annabelle) (Entered: 04/26/2016) |
| 04/28/2016 | 103 | Exhibit List by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 04/28/2016) |
| 05/02/2016 | 104 | Motion to Allow Witness Trial Testimony in Open Court by Contemporaneous Transmission from a Different Location by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Poland, Douglas) (Entered: 05/02/2016) |
| 05/02/2016 | 105 | Deposition of Jeffrey Ylvisaker taken on April 29, 2013. (Attachments: <br># 1 Exhibit 1 - Subpoena for Wisconsin State Senate, |

| | | |
|---|---|---|
| | | # 2 Exhibit 2 - Computer chart created by the witness,<br># 3 Exhibit 3 - Subpoena for the Wisconsin State Assembly,<br># 4 Exhibit 4 - Subpoena for the Legislative Technology Services Bureau,<br># 5 Exhibit 5A - Documents brought by the witness (1 of 3),<br># 6 Exhibit 5B - Documents brought by the witness (2 of 3),<br># 7 Exhibit 5C - Documents brought by the witness (3 of 3),<br># 8 Exhibit 6 - Declaration of Jeffrey Ylvisaker,<br># 9 Exhibit 7 - Email from Peter Earle to Eric McLeod, Daniel Kelly) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 106 | Deposition of Jeffrey Ylvisaker taken on March 11, 2016. (Attachments:<br># 1 Exhibit 46 - Subpoena,<br># 2 Exhibit 49 - Email dated 4/10/12,<br># 3 Exhibit 50 - Chart created by the witness,<br># 4 Exhibit 50 - LTSB configuration item (Page 12 is upside down.),<br># 5 Exhibit 51 - Privilege log,<br># 6 Exhibit 53 - WRK32586 Responsive spreadsheets file detail report,<br># 7 Exhibit 54 - WRK32586 External HD Responsive spreadsheets file detail report,<br># 8 Exhibit 55A - WRK32587 Responsive spreadsheets file detail report (1 of 3),<br># 9 Exhibit 55B - WRK32587 Responsive spreadsheets file detail report (2 of 3),<br># 10 Exhibit 55C - WRK32587 Responsive spreadsheets file detail report (3 of 3))<br>(Harless, Annabelle) Modified on 5/3/2016: Corrected typo, etc. (lak) (Entered: 05/02/2016) |
| 05/02/2016 | 107 | Deposition of Ronald Keith Gaddie taken on January 20, 2012. (Attachments:<br># 1 Exhibit 56 - Subpoena,<br># 2 Exhibit 57 - Flash drive produced by Professor Gaddie,<br># 3 Exhibit 58 - Rebuttal report of Professor Gaddie, 1/13/12,<br># 4 Exhibit 59 - Defendants Answer to Plaintiffs Complaint in Baldus,<br># 5 Exhibit 60 - Rule 26 expert rebuttal report of Professor Ken Mayer,<br># 6 Exhibit 61 - Sealed documents printed from original flash drive produced at deposition by Professor Gaddie,<br># 7 Exhibit 62 - Email chain between Professor Gaddie and Jim Troupis re: Gaddie this week and next,<br># 8 Exhibit 63 - Professor Gaddie's notes,<br># 9 Exhibit 64 - Email chain between Joe Handrick and Jim Troupis re: Memo,<br># 10 Exhibit 65 - Email chain between Professor Gaddie and Jim Troupis re: Current address,<br># 11 Exhibit 66 - Letter/consulting services agreement from Eric McLeod to Professor Gaddie,<br># 12 Exhibit 67 - Email chain between Professor Gaddie and Joe Handrick re: Milwaukee County elections,<br># 13 Exhibit 68 - Email from Professor Gaddie to Eric McLeod with invoice 5/8/11,<br># 14 Exhibit 69 - Email from Professor Gaddie to Eric McLeod 5/9/11,<br># 15 Exhibit 70 - Email from Professor Gaddie to Eric McLeod with invoice 6/3/11,<br># 16 Exhibit 71 - Emails between Adam Foltz, Professor Gaddie, Jim Troupis, Eric McLeod, Tad Ottman, Joe Handrick,<br># 17 Exhibit 72 - Chart labeled "Milwaukee_Gaddie_4_16_11_V1_B",<br># 18 Exhibit 73 - Email chain between Adam Foltz, Tad Ottman, Eric McLeod, Jim Troupis, Raymond Taffora re: Wisconsin Hispanic Districts,<br># 19 Exhibit 74 - Email chain between Professor Gaddie and Jim Troupis re: Must talk |

| | | |
|---|---|---|
| | | today if possible,<br># [20](#) Exhibit 75 - Emails between Professor Gaddie and Jim Troupis and Professor Gaddie and Tad Ottman re: revised timing,<br># [21](#) Exhibit 76 - Emails between Professor Gaddie and Jim Troupis, Tad Ottman re: revised timing with attached documents,<br># [22](#) Exhibit 77 - Email chain between Professor Gaddie and Jim Troupis re: revised timing,<br># [23](#) Exhibit 78 - Email from Professor Gaddie to Eric McLeod with invoice 7/29/11,<br># [24](#) Exhibit 79 - 11/10/11 Memo - Census blocks conflicting with municipal boundaries,<br># [25](#) Exhibit 80 - 1/13/12 Memo - Redistricting anomalies,<br># [26](#) Exhibit 81 - Facebook exchanges between Professor Gaddie and Joe Handrick) (Harless, Annabelle) Modified on 5/3/2016. (lak) (Entered: 05/02/2016) |
| 05/02/2016 | [108](#) | Deposition of Ronald Keith Gaddie taken on March 9, 2016. (Attachments:<br># [1](#) Exhibit 30 - Notice of deposition,<br># [2](#) Exhibit 31 - Flash drive produced by Professor Gaddie,<br># [3](#) Exhibit 35 - Gaddie retention letter 4/11/11,<br># [4](#) Exhibit 36 - Memo written by Professor Gaddie,<br># [5](#) Exhibit 38 - Photos of three legislative computer hard drives,<br># [6](#) Exhibit 39 - Plan comparisons spreadsheets,<br># [7](#) Exhibit 40 - MILWAUKEE_GADDIE_4_16_11_V1_B,<br># [8](#) Exhibit 41 - MILWAUKEE_GADDIE_4_16_11_V1_B,<br># [9](#) Exhibit 42 - Email chain between Professor Gaddie and Joe Handrick, forwarded to Adam Foltz and Tad Ottman,<br># [10](#) Exhibit 43 - Team map spreadsheet) (Harless, Annabelle) Modified on 5/3/2016. (lak) (Entered: 05/02/2016) |
| 05/02/2016 | [109](#) | Deposition of Adam Foltz taken on December 21, 2011. (Attachments:<br># [1](#) Exhibit 23 - Subpoena,<br># [2](#) Exhibit 24 - Documents produced by Adam Foltz in response to subpoena,<br># [3](#) Exhibit 25 - Document produced by Adam Foltz,<br># [4](#) Exhibit 26 - DVD produced by Adam Foltz with documents responsive to subpoena,<br># [5](#) Exhibit 27 - DVD identified by Adam Foltz as statewide database,<br># [6](#) Exhibit 28 - Order dated December 8, 2011,<br># [7](#) Exhibit 29 - Order dated December 20, 2011,<br># [8](#) Exhibit 30 - 12/13/11 expert report of Professor Gaddie,<br># [9](#) Exhibit 31 - Expert report of John Diez/Magellan Strategies, 12/14/11) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | [110](#) | Deposition of Adam Foltz taken on February 1, 2012. (Attachments:<br># [1](#) Exhibit 100 - Memo to Representative Gary Bies,<br># [2](#) Exhibit 101 - Breakdown of regions,<br># [3](#) Exhibit 102 - Email from Andy Speth 6/14/11,<br># [4](#) Exhibit 103 - Email from Andy Speth 6/15/11,<br># [5](#) Exhibit 104 - Email from Andy Speth 6/21/11,<br># [6](#) Exhibit 105 - Foltz 001043 - 001044,<br># [7](#) Exhibit 106 - Email from Andrew Welhouse,<br># [8](#) Exhibit 107 - Foltz 001046 - 001047,<br># [9](#) Exhibit 110 - Packet of emails,<br># [10](#) Exhibit 111 - Comparison of Assembly districts, |

|  |  | # 11 Exhibit 112 - Census data and partisan information,<br># 12 Exhibit 113 - General talking points,<br># 13 Exhibit 114 - Metadata document) (Harless, Annabelle) (Entered: 05/02/2016) |
|---|---|---|
| 05/02/2016 | 111 | Deposition of Adam Foltz taken on April 30, 2013 *(30(b)(6) deposition)*. (Attachments:<br># 1 Exhibit 29 - Third declaration of Mark Lanterman) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 112 | Deposition of Adam Foltz taken on April 30, 2013. (Attachments:<br># 1 Exhibit 1 - Subpoena,<br># 2 Exhibit 2 - Declaration of Adam Foltz,<br># 3 Exhibit 3 - Supplemental Declaration) (Harless, Annabelle) Modified on 5/3/2016. (lak) (Entered: 05/02/2016) |
| 05/02/2016 | 113 | Deposition of Adam Foltz taken on March 31, 2016. (Attachments:<br># 1 Exhibit 73 - Subpoena,<br># 2 Exhibit 74 - Flash drive produced by Adam Foltz,<br># 3 Exhibit 78 - Defendants Rule 26(a)(1) disclosures,<br># 4 Exhibit 79 - Baldus opinion 3/22/12,<br># 5 Exhibit 80 - Transcript of 3/26/16 motion hearing,<br># 6 Exhibit 81 - Memo prepared by Professor Gaddie,<br># 7 Exhibit 82 - Email chain between Professor Gaddie and Joe Handrick, forwarded to Tad Ottman and Adam Foltz 4/20/11,<br># 8 Exhibit 83 - Lanterman amended declaration and DVD) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 114 | Deposition of Tad Ottman taken on December 22, 2011. (Attachments:<br># 1 Exhibit 33 - Documents produced in response to subpoena/privilege log,<br># 2 Exhibit 33A - Documents produced by the witness,<br># 3 Exhibit 34 - DVD identified by Tad Ottman as responsive to subpoena,<br># 4 Exhibit 35 - Letter dated 12/13/11 from Douglas Poland to Tad Ottman with enclosures,<br># 5 Exhibit 36 - Email from Tad Ottman to Ray Taffora, Adam Foltz, Eric McLeod) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 115 | Deposition of Tad Ottman taken on February 2, 2012. (Attachments:<br># 1 Exhibit 117 - Ottman 000095 - 000096,<br># 2 Exhibit 118 - Ottman 000117 - 000120,<br># 3 Exhibit 119 - Email from Leah Vukmir,<br># 4 Exhibit 120 - Ottman 000144,<br># 5 Exhibit 121- Talking points memo,<br># 6 Exhibit 122 - Ottman 000145 - 000161,<br># 7 Exhibit 123 - Confidentiality Agreement with Republican State Senators,<br># 8 Exhibit 124 - Confidentiality agreement with Republican Assembly members,<br># 9 Exhibit 128 - Outline for Tad Ottman testimony) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 116 | Deposition of Tad Ottman taken on April 29 and 30, 2013. (Attachments:<br># 1 Exhibit 8 - List of paid staff of Senator Fitzgerald,<br># 2 Exhibit 9 - June 6 and 7, 2011 emails,<br># 3 Exhibit 10 - Confidentiality and nondisclosure document,<br># 4 Exhibit 11A - Emails produced 10/16/12 (1 of 4),<br># 5 Exhibit 11B - Emails produced 10/16/12 (2 of 4), |

| | | |
|---|---|---|
| | | # 6 Exhibit 11C - Emails produced 10/16/12 (3 of 4), <br> # 7 Exhibit 11D - Emails produced 10/16/12 (4 of 4), <br> # 8 Exhibit 12A - Documents related to SB 150 (1 of 3), <br> # 9 Exhibit 12B - Documents related to SB 150 (2 of 3), <br> # 10 Exhibit 12C - Documents related to SB 150 (3 of 3), <br> # 11 Exhibit 13 - January 10, 2012 letter with attachments, <br> # 12 Exhibit 14 - January 11, 2012 letter, <br> # 13 Exhibit 15 - June 30, 2011 emails, <br> # 14 Exhibit 16 - July 5, 2011 email with attachment, <br> # 15 Exhibit 17 - July 8, 2011 emails, <br> # 16 Exhibit 20 - October 7 and 10, 2011 emails, <br> # 17 Exhibit 21 - March 1, 2012 letter with attachment, <br> # 18 Exhibit 22 - March 5, 2012 letter with attachment, <br> # 19 Exhibit 23 - March 8, 2012 letter, <br> # 20 Exhibit 24 - March 13, 2012 letter with attachment, <br> # 21 Exhibit 25 - March 15, 2012 letter, <br> # 22 Exhibit 26 - March 16 and 17, 2012 emails, <br> # 23 Exhibit 27 - June 13, 2012 letter, <br> # 24 Exhibit 28 - July 27, 2010 letter) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 117 | Deposition of Tad Ottman taken on April 30, 2013. (Attachments: <br> # 1 Exhibit 1 - Subpoena, <br> # 2 Exhibit 2 - Declaration of Tad Ottman) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 118 | Deposition of Tad Ottman taken on March 31, 2016. (Attachments: <br> # 1 Exhibit 84 - Subpoena, <br> # 2 Exhibit 85 - Flash drive and DVD produced by Tad Ottman, <br> # 3 Exhibit 89 - GOP Seats Senate.docx) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 119 | Deposition of Joseph Handrick taken on December 20, 2011. (Attachments: <br> # 1 Exhibit 1 - 12/13/11 letter to Joseph Hanadrick from Doug Poland with subpoena, <br> # 2 Exhibit 2 - Packet of documents produced by Joseph Handrick, <br> # 3 Exhibit 2A - Population totals, <br> # 4 Exhibit 3 - DVD labeled "Joe Handrick Draft Maps - Block Assignments", <br> # 5 Exhibit 4 - 2/15/11 letter to Don M. Millis anad Joseph Handrick from Eric McLeod, <br> # 6 Exhibit 5 - 2/17/11 letter to Eric McLeod from Don Millis, <br> # 7 Exhibit 6 - 2/18/11 letter to Eric McLeod from Don Millis, <br> # 8 Exhibit 7 - Bio of Joseph Handrick, <br> # 9 Exhibit 8 - Joe Handrick lobbyist license, <br> # 10 Exhibit 9 - Excerpts from the book Born to Run by Keith Gaddie, <br> # 11 Exhibit 10 - Defendants Amended Initial Rule 26(a)(1) dislcosures, <br> # 12 Exhibit 14 - Chapter 801.17, Commencement of action and venue, <br> # 13 Exhibit 15 - Chapter 751, Supreme Court, <br> # 14 Exhibit 18 - Letter to Kathleen Madden from Joseph Louis Olson with attached summons and complaint, <br> # 15 Exhibit 19 - Transcript of joint public hearing on redidstricting 7/13/11) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/02/2016 | 120 | Deposition of Joseph Handrick taken on February 1, 2012. (Attachments: <br> # 1 Exhibit 88 - Letter dated 1/10/12, <br> # 2 Exhibit 89 - Letter dated 1/11/12, |

| | | |
|---|---|---|
| | | # 3 Exhibit 90 - Summary core constituency report,<br># 4 Exhibit 91 - Series of emails between Joseph Handrick and Jim Troupis,<br># 5 Exhibit 92 - Series of emails between Jim Troupis and Joseph Handrick,<br># 6 Exhibit 93 - Series of emails between Joseph Handrick and Tad Ottman,<br># 7 Exhibit 94 - Emails between Joe Handrick and Jim Troupis re: retention,<br># 8 Exhibit 95 - Emails between Joseph Handrick and Tad Ottman re: contract,<br># 9 Exhibit 98 - Printout of a menu disk,<br># 10 Exhibit 99 - Email series re: In case you missed this) (Harless, Annabelle)<br>(Entered: 05/02/2016) |
| 05/02/2016 | 121 | Deposition of Joseph Handrick taken on April 30, 2013. (Attachments:<br># 1 Exhibit 1 - Subpoena) (Harless, Annabelle) (Entered: 05/02/2016) |
| 05/09/2016 | 122 | ** TEXT ONLY ORDER **<br>Plaintiffs' 104 motion to allow its witness to provide trial testimony by live video at the trial in this matter is GRANTED. Plaintiffs' counsel should consult with the clerk of court about the technical arrangements. Signed by District Judge Barbara B. Crabb on 5/9/2016. (voc) (Entered: 05/09/2016) |
| 05/09/2016 | 123 | Proposed Special Verdict - Liability by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 05/09/2016) |
| 05/09/2016 | 124 | Proposed Findings of Fact by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 05/09/2016) |
| 05/09/2016 | 125 | Joint Final Pretrial Conference Report by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) Modified on 5/10/2016: Requested exhibit lists and deposition designations be filed as separate docket entries. Exhibit lists also filed at 102 and 103 . (lak) (Entered: 05/09/2016) |
| 05/09/2016 | 126 | Proposed Special Verdict - Liability by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 05/09/2016) |
| 05/09/2016 | 127 | Proposed Findings of Fact by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 05/09/2016) |
| 05/10/2016 | 128 | Exhibit List by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) Modified on 5/17/2016: See 132 for Amended Exhibit List. (lak) (Entered: 05/10/2016) |
| 05/10/2016 | 129 | Deposition Designations by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 05/10/2016) |

| 05/10/2016 | 130 | Exhibit List by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 05/10/2016) |
|---|---|---|
| 05/10/2016 | 131 | Deposition Designations by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 05/10/2016) |
| 05/13/2016 | | Notice to Counsel: The court requests that the parties submit copies of pre-marked trial exhibits on CD-ROM or flash drive, not paper, as originally directed. Please provide the court with **three** complete sets by Monday, 5/16/2016. Trial briefs may be filed electronically. (arw) (Entered: 05/13/2016) |
| 05/16/2016 | 132 | Amended Exhibit List by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 05/16/2016) |
| 05/16/2016 | 133 | Trial Brief by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 05/16/2016) |
| 05/16/2016 | 134 | Trial Brief by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 05/16/2016) |
| 05/19/2016 | 135 | Supplement to 127 Proposed Findings of Fact, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam. (Greenwood, Ruth) (Entered: 05/19/2016) |
| 05/19/2016 | 136 | Disregard. See 137 for signed version. Modified on 5/20/2016. (lak) (Entered: 05/19/2016) |
| 05/20/2016 | 137 | Amended Document by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Amendment to 127 Proposed Findings of Fact *to Include Trial Exhibit Numbers*. (Greenwood, Ruth) Modified on 5/20/2016. (lak) (Entered: 05/20/2016) |
| 05/23/2016 | 138 | Stipulation to the admissibility of Exhibit 225 and withdrawal of Mark Lanterman as a testifying witness for plaintiffs by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Harless, Annabelle) (Entered: 05/23/2016) |
| 05/23/2016 | 139 | Amended Exhibit List *Number 2* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments: # 1 Cover Letter Describing Changes to Exhibits) (Poland, Douglas) Modified on 5/24/2016: Removed duplicate text; See 140 for an Amended Cover Letter. (lak) (Entered: 05/23/2016) |

| | | |
|---|---|---|
| 05/23/2016 | 140 | Amended Document by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Amendment to 139 Exhibit List. *Amended Cover Letter.* (Poland, Douglas) Modified on 5/24/2016. (lak) (Entered: 05/23/2016) |
| 05/24/2016 | | Set/Reset Trial Date: Second Day of Court Trial set for 5/25/2016 at 9:00 AM. (arw) (Entered: 05/24/2016) |
| 05/25/2016 | 141 | Minute Entry for proceedings held before Circuit Judge Kenneth F. Ripple, District Judge Barbara B. Crabb and District Judge William C. Griesbach: First Day of Court Trial held on 5/24/2016. Evidence entered, trial continues. [6:45] (Court Reporter LS) (arw) (Entered: 05/25/2016) |
| 05/25/2016 | | Set/Reset Trial Date: Third Day of Court Trial set for 5/26/2016 at 9:00 AM. (arw) (Entered: 05/25/2016) |
| 05/26/2016 | 142 | Minute Entry for proceedings held before Circuit Judge Kenneth F. Ripple, District Judge Barbara B. Crabb and District Judge William C. Griesbach: Second Day of Court Trial held on 5/25/2016. Evidence entered, trial continues. [6:57] (Court Reporter LS) (arw) (Entered: 05/26/2016) |
| 05/26/2016 | | Set/Reset Trial Date: Fourth Day of Court Trial set for 5/27/2016 at 8:30 AM. (arw) (Entered: 05/26/2016) |
| 05/26/2016 | 143 | Minute Entry for proceedings held before Circuit Judge Kenneth F. Ripple, District Judge Barbara B. Crabb and District Judge William C. Griesbach: Third Day of Court Trial held on 5/26/2016. Evidence entered, trial continues. [7:08] (Court Reporter LS) (arw) (Entered: 05/26/2016) |
| 05/27/2016 | 144 | Stipulation Regarding Descriptions of the Legislative Technology Services Bureau and the Government Accountability Board by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) Modified on 5/30/2016. (lak) (Entered: 05/27/2016) |
| 05/27/2016 | 145 | Minute Entry for proceedings held before Circuit Judge Kenneth F. Ripple, District Judge Barbara B. Crabb and District Judge William C. Griesbach: Fourth Day of Court Trial held on 5/27/2016. Trial completed, briefing set: Post-trial briefs due 6/10/2016, Replies due 6/20/2016. [6:35] (Court Reporter LS) (arw) (Entered: 05/27/2016) |
| 05/27/2016 | 146 | Court Trial Exhibit List. (arw) (Entered: 05/27/2016) |
| 05/27/2016 | | Post-trial briefs due 6/10/2016, replies due 6/20/2016. (arw) (Entered: 05/27/2016) |
| 05/31/2016 | | Notice to Counsel: Plaintiffs' Trial Exhibits 485, 488, 493 and 497 maintained in Clerk's Office Exhibit Room. (arw) (Entered: 05/31/2016) |
| 06/08/2016 | 147 | Transcript of First Day of Court Trial, held 5/24/2016 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see Electronic Transcript Instructions and Notice of Intent to Request Redaction. (voc) (Entered: 06/08/2016) |
| 06/08/2016 | 148 | Transcript of Second Day of Jury Trial, held 5/25/2016 before Judge Barbara B. Crabb. Court Reporter: LS. |

| | | |
|---|---|---|
| | | Please review the court policy regarding electronic transcripts: see <u>Electronic Transcript Instructions</u> and <u>Notice of Intent to Request Redaction</u>. (voc) (Entered: 06/08/2016) |
| 06/08/2016 | <u>149</u> | Transcript of Third Day of Jury Trial, held 5/26/2016 before Judge Barbara B. Crabb. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see <u>Electronic Transcript Instructions</u> and <u>Notice of Intent to Request Redaction</u>. (voc) (Entered: 06/08/2016) |
| 06/10/2016 | <u>150</u> | Transcript of Fourth Day of Court Trial, held 5/27/16 before Judge Barbara B. Crabb, Judge Kenneth Ripple, and Judge William Griesbach. Court Reporter: LS. Please review the court policy regarding electronic transcripts: see <u>Electronic Transcript Instructions</u> and <u>Notice of Intent to Request Redaction</u>. (jat) (Entered: 06/10/2016) |
| 06/10/2016 | <u>151</u> | Motion to Admit Certain Trial Exhibits and Statements from Learned Treatises Into Evidence by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Response due 6/17/2016. (Lang, Danielle) Modified on 6/13/2016. (lak) (Entered: 06/10/2016) |
| 06/10/2016 | <u>152</u> | Unopposed Stipulation Regarding 2008 and 2012 Presidential Vote Totals by Ward by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments: # <u>1</u> Exhibit - 2008 Election Data by Ward, # <u>2</u> Exhibit - LTSB 2012 Election Data, # <u>3</u> Exhibit - 2008 Fall Election President Ward by Ward, # <u>4</u> Exhibit - Ward by Ward Canvass Results for President with Congressional, State Senate, and Assembly Districts) (Harless, Annabelle) Modified on 6/13/2016. (lak) (Entered: 06/10/2016) |
| 06/10/2016 | <u>153</u> | Post Trial Brief by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 06/10/2016) |
| 06/10/2016 | <u>154</u> | Motion for Leave to File *Second Declaration of Dr. Kenneth Mayer* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments: # <u>1</u> Second Declaration of Dr. Kenneth Mayer) (Harless, Annabelle) (Entered: 06/10/2016) |
| 06/10/2016 | <u>155</u> | Post Trial Brief by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Greenwood, Ruth) (Entered: 06/10/2016) |
| 06/13/2016 | | Briefing Deadlines set as to <u>151</u> Motion to Admit Certain Trial Exhibits and Statements from Learned Treatises Into Evidence by Plaintiffs and <u>154</u> Motion for Leave to File *Second Declaration of Dr. Kenneth Mayer* by Plaintiffs. Brief in Opposition due 6/23/2016. Brief in Reply due 6/30/2016. (voc/sv) (Entered: 06/13/2016) |

| 06/20/2016 | 156 | Post Trial Brief by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) (Entered: 06/20/2016) |
| 06/20/2016 | 157 | Post Trial Brief *(Reply)* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Harless, Annabelle) (Entered: 06/20/2016) |
| 06/23/2016 | 158 | Stipulated Motion to Substitute Party by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments:<br># 1 Exhibit - 2015 Wisconsin Act 118 Proposed Implementation Plan) (Harless, Annabelle) (Entered: 06/23/2016) |
| 06/23/2016 | 159 | Brief in Opposition by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 151 Motion to Admit Certain Trial Exhibits and Statements from Learned Treatises Into Evidence, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam. (Keenan, Brian) Modified on 6/23/2016. (lak) (Entered: 06/23/2016) |
| 06/23/2016 | 160 | Brief in Opposition by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 154 Motion for Leave to File, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam. (Keenan, Brian) (Entered: 06/23/2016) |
| 06/30/2016 | 161 | Brief in Reply by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter in Support of 151 Motion to Admit Certain Trial Exhibits and Statements from Learned Treatises Into Evidence. (Harless, Annabelle) Modified on 7/1/2016. (lak) (Entered: 06/30/2016) |
| 06/30/2016 | 162 | Brief in Reply by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter in Support of 154 Motion for Leave to File *the Second Declaration of Dr. Kenneth Mayer*. (Harless, Annabelle) (Entered: 06/30/2016) |
| 08/01/2016 | 163 | Notice of Supplemental Authority by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments:<br># 1 Exhibit - One Wisconsin Institute v. Mark L. Thomsen, et al.) (Lang, Danielle) Modified on 8/1/2016. (lak) (Entered: 08/01/2016) |
| 11/14/2016 | 164 | Motion to Supplement *the Record* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Poland, Douglas) Modified on 11/14/2016. (lak) (Entered: 11/14/2016) |

| | | |
|---|---|---|
| 11/17/2016 | 165 | ** TEXT ONLY ORDER **<br>ORDER denying 164 Motion to Supplement the Record by plaintiffs. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach on 11/17/2016. (voc) (Entered: 11/17/2016) |
| 11/21/2016 | 166 | OPINION and ORDER. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach. Signed by District Judge Barbara B. Crabb on 11/21/2016. (voc) (Entered: 11/21/2016) |
| 11/21/2016 | | Briefing set re: 1- Act 43, 2- Redistricting Plan, 3- Preparation and Consent of the nomination or election of members of the State Assembly. Brief in Support due 12/21/2016. Brief in Opposition due 1/5/2017. (voc) (Entered: 11/21/2016) |
| 12/09/2016 | 167 | Motion for Clarification re: 166 Order on Motion for Miscellaneous Relief, Order on Stipulation, Order on Motion for Leave to File, Order on Motion to Substitute Party by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Response due 12/16/2016. (Harless, Annabelle) (Entered: 12/09/2016) |
| 12/16/2016 | 168 | Brief in Opposition by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 167 Motion for Clarification, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam. (Keenan, Brian) Modified on 12/16/2016. (lak) (Entered: 12/16/2016) |
| 12/21/2016 | 169 | Response re: 166 OPINION and ORDER. *Brief on Remedy* by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) Modified on 12/22/2016. (lak) (Entered: 12/21/2016) |
| 12/21/2016 | 170 | Response re: 166 OPINION and ORDER. *Brief on Remedies* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter, (Attachments:<br># 1 Exhibit A - Brief from Baldus,<br># 2 Exhibit B - Transcript Vol III from Baldus) (Greenwood, Ruth) Modified on 12/22/2016. (lak) (Entered: 12/21/2016) |
| 01/04/2017 | 171 | Letter from David Nir. (voc/ck) (Entered: 01/04/2017) |
| 01/04/2017 | 172 | ORDER Re: 167 Motion for Clarification. Signed by Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach on 1/4/2017. (voc) (Entered: 01/04/2017) |
| 01/05/2017 | 173 | Response re: 166 OPINION and ORDER. *Response Brief on Remedies* by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke. (Keenan, Brian) Modified on 1/5/2017. (lak) (Entered: 01/05/2017) |
| 01/05/2017 | 174 | Response re: 166 OPINION and ORDER. *Response Brief on Remedies* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Harless, Annabelle) Modified on 1/6/2017. (lak) |

| | | |
|---|---|---|
| | | (Entered: 01/05/2017) |
| 01/05/2017 | 175 | Motion for Leave to File *Brief of Amicus Curiae* by Amicus The League of Women Voters of Wisconsin. (Attachments: # 1 Brief of Amicus Curiae) (Crawford, Susan) (Entered: 01/05/2017) |
| 01/05/2017 | 176 | Corporate Disclosure Statement by Amicus The League of Women Voters of Wisconsin. (Crawford, Susan) (Entered: 01/05/2017) |
| 01/07/2017 | 177 | Motion to Admit Stephen J. Schulhofer Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-1947603.) by Amicus Stephen J. Schulhofer. Motions referred to Magistrate Judge Stephen L. Crocker. (Schulhofer, Stephen) (Entered: 01/07/2017) |
| 01/09/2017 | 178 | ** TEXT ONLY ORDER ** ORDER granting 177 Motion to Admit Stephen J. Schulhofer Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 1/9/2017. (lak) (Entered: 01/09/2017) |
| 01/12/2017 | 179 | Notice of Supplemental Authority by Defendants Thomas Barland, John Franke, Harold V. Froehlich, Kevin J. Kennedy, Elsa Lamelas, Gerald C. Nichol, Timothy Vocke re: 173 Response to Order, 174 Response to Order, (Attachments: # 1 Order issued in Covington v. North Carolina) (Keenan, Brian) (Entered: 01/12/2017) |
| 01/26/2017 | 180 | ORDER granting 175 Motion for Leave to File Brief of Amicus Curiae by Amicus The League of Women Voters of Wisconsin. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach 1/26/2017. (voc) (Entered: 01/26/2017) |
| 01/26/2017 | 181 | Consent Motion for Extension of Time *to Move for Attorney's Fees and Costs* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. Motions referred to Magistrate Judge Stephen L. Crocker. (Poland, Douglas) Modified on 1/27/2017. (lak) (Entered: 01/26/2017) |
| 01/27/2017 | 182 | OPINION and ORDER. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach on 1/27/2017. (voc) (Entered: 01/27/2017) |
| 01/27/2017 | 183 | JUDGMENT entered in favor of Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter dismissing the case. (voc) (Entered: 01/27/2017) |
| 01/27/2017 | 184 | ** TEXT ONLY ORDER ** Plaintiffs' unopposed motion (dkt. 181 ) to extend their time in which to move for attorneys fees and costs is GRANTED. The new deadline is 30 days after any Supreme Court resolution of this case, or, if neither side files a notice of appeal, 30 days after the date on which such a notice is due. Signed by Magistrate Judge Stephen L. Crocker on 1/27/2017. (voc) (Entered: 01/27/2017) |
| 02/06/2017 | 185 | Motion to Alter or Amend Judgment *to Retain Jurisdiction Regarding Remedy* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Attachments: # 1 Text of Proposed Order) (Poland, Douglas) (Entered: 02/06/2017) |
| 02/08/2017 | 186 | Letter from the Court. (voc) (Entered: 02/08/2017) |

| | | |
|---|---|---|
| 02/14/2017 | 187 | Brief in Opposition by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Steve King, Don Millis, Mark L. Thomsen re: 185 Motion to Alter or Amend Judgment, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, William Whitford, Janet Mitchell, Wendy Sue Johnson, Mary Lynn Donohue, Roger Anclam. (Keenan, Brian) (Entered: 02/14/2017) |
| 02/16/2017 | 188 | Brief in Reply by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter in Support of 185 Motion to Alter or Amend Judgment. (Harless, Annabelle) (Entered: 02/16/2017) |
| 02/22/2017 | 189 | ORDER granting 185 Motion to Alter or Amend Judgment to Retain Jurisdiction Regarding Remedy. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach on 2/22/2016. (voc) (Entered: 02/22/2017) |
| 02/22/2017 | 190 | AMENDED JUDGMENT entered in favor of Plaintiffs Roger Anclam, Emily Bunting, Mary Lynne Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter dismissing the case. (voc) (Entered: 02/22/2017) |
| 02/24/2017 | 191 | NOTICE OF APPEAL by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Steve King, Don Millis, Mark L. Thomsen as to 182 Order, 190 Judgment. Filing fee of $ 505, receipt number 0758-1977883 paid. No Docketing Statement filed. (Keenan, Brian) (Entered: 02/24/2017) |
| 03/15/2017 | 192 | Judgment Corrected Pursuant to Rule 60(a) to correct the inadvertent omission of court approval of form as required by Rule 58(b)(2) (BBC /PAO). (voc) (Entered: 03/15/2017) |
| 03/20/2017 | 193 | AMENDED NOTICE OF APPEAL by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Steve King, Don Millis, Mark L. Thomsen as to 190 Judgment, 192 Judgment, 183 Judgment. Filing fee of $ 505, receipt number 0758-1977883 paid. No Docketing Statement filed. (Keenan, Brian) (Entered: 03/20/2017) |
| 08/03/2017 | 194 | Certified and Transmitted Record on Appeal to United States Supreme Court, (Attachments: # 1 Certification, # 2 Supreme Court Letter Requesting Record) (lak) (Entered: 08/03/2017) |
| 07/25/2018 | 195 | Notice: Certified Copy of Judgment from Supreme Court of the United States. (Attachments: # 1 Cover Letter) (voc) (Entered: 07/25/2018) |
| 07/31/2018 | 196 | ORDER: Now that the United States Supreme Court has certified the judgment in this case, the court will provide the parties an opportunity to submit memoranda stating their position on further proceedings consistent with the opinion of the Court. Accordingly, IT IS ORDERED that the parties may have until August 17, 2018 in which to file and serve such memoranda. They may have until August 31, 2018 in which to file and serve reply memoranda. Signed by Judges Kenneth F. Ripple, Barbara B. Crabb and William C. Griesbach on 7/31/2018. (voc) (Entered: 07/31/2018) |

| | | |
|---|---|---|
| 08/01/2018 | | Briefing set re: Memoranda stating their position on further proceedings. Brief in Support due 8/17/2018. Brief in Opposition due 8/31/2018. (voc) Modified on 9/26/2018 (voc). (Entered: 08/01/2018) |
| 08/02/2018 | 197 | ORDER of Withdrawal. District Judge Barbara B. Crabb withdrawn. Case randomly reassigned to District Judge James D. Peterson for all further proceedings. Signed by District Judge Barbara B. Crabb on 8/2/2018. (voc) Modified on 8/2/2018. (arw) (Entered: 08/02/2018) |
| 08/15/2018 | 198 | Status Report *(Joint Memorandum Stating the Parties' Positions on Further Proceedings)* by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Poland, Douglas) Modified on 8/16/2018 (voc). (Entered: 08/15/2018) |
| 08/16/2018 | 199 | ORDER accepting in part 198 Status Report (Joint Memorandum Stating the Parties' Positions on Further Proceedings). It is Ordered that: 1. The August 17 and 27 memoranda deadlines are struck. 2. Plaintiffs have until September 14, 2018, to file an amended complaint. 3. The parties will update their initial disclosures by September 28. 4. Plaintiffs must serve any new expert reports by October 15. 5. The parties must submit a joint preliminary pretrial report by October 5, 2018. Signed by Judges Kenneth F. Ripple, William C. Griesbach and James D. Peterson on 8/16/2018. (voc) (Entered: 08/16/2018) |
| 08/20/2018 | | Set Telephone Pretrial Conference: Telephone Pretrial Conference set for 10/16/2018 at 01:00 PM before Magistrate Judge Stephen L. Crocker. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5153. [Standing Order Governing Preliminary Pretrial Conference attached] (voc) (Entered: 08/20/2018) |
| 08/27/2018 | 200 | Notice of Appearance filed by Karla Z. Keckhaver for Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Steve King, Don Millis, Mark L. Thomsen. (Keckhaver, Karla) (Entered: 08/27/2018) |
| 09/07/2018 | | Appeal Record Returned. (voc) (Entered: 09/07/2018) |
| 09/14/2018 | 201 | AMENDED COMPLAINT against All Defendants, filed by All Plaintiffs. (Poland, Douglas) (Entered: 09/14/2018) |
| 09/14/2018 | 202 | Notice by Amicus The League of Women Voters of Wisconsin *of Substitution of Counsel*. (Welsh, Diane) Modified on 9/19/2018. (lak) (Entered: 09/14/2018) |
| 09/17/2018 | 203 | Notice of Withdrawal of Counsel by Diane Mary Welsh re: Amicus The League of Women Voters of Wisconsin (Welsh, Diane) (Entered: 09/17/2018) |
| 09/18/2018 | 204 | Motion to Consolidate Cases by Plaintiffs Roger Anclam, Emily Bunting, Mary Lynn Donohue, Helen Harris, Wayne Jensen, Wendy Sue Johnson, Janet Mitchell, Allison Seaton, James Seaton, Jerome Wallace, William Whitford, Donald Winter. (Pines, Lester) (jls) (Entered: 09/18/2018) |
| 09/18/2018 | 205 | ** TEXT ONLY ORDER ** The Wisconsin Assembly Democratic Campaign Committee has filed a new lawsuit challenging the constitutionality of the Wisconsin State Assembly district plan. No. 18-cv-763-jdp. The Committee seeks to consolidate its case with No. 15-cv-421-jdp. Defendants in No. 18-cv-763-jdp and any party in No. 15-cv-421-jdp who wishes to be heard may have until October 1, 2018, to respond to the motion. The Committee may |

| | | |
|---|---|---|
| | | have until October 9, 2018, to file a reply. Signed by District Judge James D. Peterson on 9/18/2018. (jls) (Entered: 09/18/2018) |
| 09/26/2018 | 206 | Response Stating No Opposition by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Steve King, Dean Knudson, Don Millis, Mark L. Thomsen re: 204 Motion to Consolidate Cases, filed by Jerome Wallace, Allison Seaton, Helen Harris, Donald Winter, James Seaton, Emily Bunting, Wayne Jensen, Mary Lynne Donohue, William Whitford, Janet Mitchell, Wendy Sue Johnson, Roger Anclam. (Keenan, Brian) (Entered: 09/26/2018) |
| 09/28/2018 | 207 | ANSWER to Amended Complaint by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Dean Knudson, Mark L. Thomsen. (Keenan, Brian) Modified on 10/1/2018: Per Answer, added Dean Knudson and Jodi Jensen to docket text, removed Steve King and Don Millis from docket text. (lak) (Entered: 09/28/2018) |
| 10/04/2018 | 208 | Notice of Appearance filed by Kevin Michael St. John for Intervenor Defendant Wisconsin State Assembly. (St. John, Kevin) (Entered: 10/04/2018) |
| 10/04/2018 | 209 | Motion to Intervene by Intervenor Defendant Wisconsin State Assembly. Response due 10/11/2018. (St. John, Kevin) Modified on 10/5/2018: If this motion is granted, they request that the Court file their attachments. (lak) (Entered: 10/04/2018) |
| 10/04/2018 | 210 | Brief in Support of 209 Motion to Intervene by Intervenor Defendant Wisconsin State Assembly, (Attachments: <br> # 1 Attachment 1 - Proposed Motion to Dismiss, <br> # 2 Attachment 2 - Proposed Brief in Support of Motion to Dismiss, <br> # 3 Attachment 3 - Proposed Answer to Amended Complaint, <br> # 4 Attachment 4 - LMV of Michigan v. Johnson, <br> # 5 Attachment 5 - Baumgart v. Wendelberger) (St. John, Kevin) Modified on 10/5/2018. (lak) (Entered: 10/04/2018) |
| 10/04/2018 | 211 | Corporate Disclosure Statement by Intervenor Defendant Wisconsin State Assembly. (St. John, Kevin) (Entered: 10/04/2018) |
| 10/05/2018 | 212 | ORDER that the motion filed by the Wisconsin Assembly Democratic Campaign Committee to consolidate No. 18-cv-763-jdp with No. 15-cv-421-jdp is GRANTED for the limited purpose of scheduling. After the October 16, 2018 preliminary pretrial conference, the court will revisit the issue of consolidation if it becomes apparent that individual issues predominate or if consolidation is otherwise impractical. <br> The committee may have until October 10, 2018, to file any objections to the joint preliminary pretrial report submitted by the parties in No. 15-cv-421-jdp. Signed by Judges Kenneth F. Ripple, William C. Griesbach and James D. Peterson on 10/5/2018. (voc) (Entered: 10/05/2018) |
| 10/05/2018 | | Set Briefing Deadlines as to 209 Motion to Intervene . Brief in Opposition due 10/19/2018. Brief in Reply due 10/26/2018. (voc/sv) (Entered: 10/05/2018) |
| 10/05/2018 | 213 | Joint Preliminary Pretrial Conference Report by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane |

| | | |
|---|---|---|
| | | Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. (Poland, Douglas) Modified on 10/8/2018: This is captioned for case 18-cv-763 but was not filed in that case. (lak) Modified on 10/9/2018: Cases are consolidated for the limited purpose of scheduling. No other consolidation has been made. Text/events are not spreading. (lak) (Entered: 10/05/2018) |
| 10/11/2018 | | Set/Reset Telephone Pretrial Conference: Telephone Pretrial Conference set for 10/16/2018 at 01:00 PM before Judge James D. Peterson. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5504. (voc/jdp/sv) (Entered: 10/11/2018) |
| 10/15/2018 | | **Notice to Counsel: The Preliminary Pretrial Conference on 10/16/2018 will take place via teleconference. Please dial (888) 557-8511 to join the conference call. Please enter access code 2955378 when prompted. (arw/skv)** (Entered: 10/15/2018) |
| 10/17/2018 | | Minute Entry for proceedings held before District Judge James D. Peterson: Preliminary Pretrial Conference held on 10/16/2018. [:38] (Court Reporter JD) (arw) (Entered: 10/17/2018) |
| 10/17/2018 | 214 | Pretrial Conference Order - Preliminary Pretrial Packet in cases assigned to District Judge James D. Peterson attached. Rule 26(a)(3) disclosures due 3/1/2019. Motions in Limine and objections to Rule 26(a)(3) disclosures due 3/15/2019. Responses to Motions in limine due 3/29/2019. Statement of stipulated facts and trial briefs due 4/12/2019. Court Trial set for 4/23/2019 at 09:00 AM. Signed by District Judge James D. Peterson on 10/17/2018. (jls) (Entered: 10/17/2018) |
| 10/18/2018 | 215 | Transcript of Preliminary Pretrial Conference, held 10/16/2018 before Judge James D. Peterson. Court Reporter: JD. Please review the court's new policy regarding electronic transcripts of court proceedings: see Electronic Transcript Instructions. (voc) (Entered: 10/18/2018) |
| 10/19/2018 | 216 | Response Stating No Opposition by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Steve King, Dean Knudson, Don Millis, Mark L. Thomsen re: 209 Motion to Intervene filed by Wisconsin State Assembly. (Keenan, Brian) (Entered: 10/19/2018) |
| 10/19/2018 | 217 | Brief in Opposition by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 209 Motion to Intervene filed by Wisconsin State Assembly. (Harless, Annabelle) (Entered: 10/19/2018) |
| 10/25/2018 | 218 | Notice of Appearance filed by Adam Mortara for Intervenor Defendant Wisconsin State Assembly. (Mortara, Adam) (Entered: 10/25/2018) |
| 10/25/2018 | 219 | Notice of Appearance filed by Joshua Ackerman for Intervenor Defendant Wisconsin State Assembly. (Ackerman, Joshua) (Entered: 10/25/2018) |

| | | |
|---|---|---|
| 10/26/2018 | 220 | Brief in Reply by Intervenor Defendant Wisconsin State Assembly in Support of 209 Motion to Intervene, (Attachments:<br># 1 Expert Report of Jowei Chen, Ph.D. (See 221 .),<br># 2 Expert Report of Kenneth R. Mayer, Ph.D. (See 222 .)) (Mortara, Adam) Modified on 10/26/2018: Expert reports to be filed separately. (lak) (Entered: 10/26/2018) |
| 10/26/2018 | 221 | Expert Report of Jowei Chen, Ph.D. by Intervenor Defendant Wisconsin State Assembly (Attachments:<br># 1 Table 1 - Comparison of Chen Composite Measure to Exhibit 172 Partisan Measure,<br># 2 Table 2 - Comparison of Act 43 Map and Computer-Simulated 43995 Map,<br># 3 Table 3 - District-Level Characteristics of the Act 43 Enacted Assembly Map,<br># 4 Table 4 - District-Level Characteristics of Computer-Simulated Map 43995,<br># 5 Table 5 - List of 67 Municipalities Split into Multiple District in Enacted Act 43 Plan,<br># 6 Table 6 - List of 58 Counties Split into Multiple Districts in Enacted Act 43 Plan,<br># 7 Table 7 - List of 53 Municipalities Split into Multiple Districts in Simulated Plan 43995,<br># 8 Table 8 - List of 43 Counties Split into Multiple Districts in Simulated Plan 43995,<br># 9 Table 9 - Incumbent Representatives as of November 2012,<br># 10 Table 10 - Act 43 Districts and Simulated Plan 43995 Districts in which 31 Plaintiffs Reside,<br># 11 Figure 1 - Comparison of Chen Composite Measure,<br># 12 Figure 2a - Act 43 Assembly District-Level Republican Vote Share,<br># 13 Figure 2b - Act 43 Map District-Level Republican Vote Share,<br># 14 Figure 3a - Simulated Plan 43995 District-Level Republican Vote Share,<br># 15 Figure 3b - Simulated Plan 43995 District-Level Republican Vote Share,<br># 16 Figure 4a - Ward-Level Republican Vote Share,<br># 17 Figure 4b - Ward-Level Republican Vote Share And Act 43 District Boundaries,<br># 18 Figure 5a - Ward-Level Republican Vote Share,<br># 19 Figure 5b - Ward-Level Republican Vote Share And Simulated Plan 43995 District Boundaries,<br># 20 Figure 6 - Efficiency Gap of Simulated Plan 34995 with Different Uniform Swings,<br># 21 Exhibit - Plaintiffs' Maps) (Mortara, Adam) Modified on 10/29/2018: Added exhibit descriptions. (lak) (Entered: 10/26/2018) |
| 10/26/2018 | 222 | Expert Report of Kenneth R. Mayer, Ph.D. (With Sources Attached) by Intervenor Defendant Wisconsin State Assembly. (Mortara, Adam) Modified on 10/29/2018. (lak) (Entered: 10/26/2018) |
| 11/13/2018 | 223 | ORDER granting Wisconsin State Assembly's 209 Motion to Intervene; setting deadlines on the Assembly's motions to dismiss. Signed by Judges Kenneth F. Ripple, William C. Griesbach and James D. Peterson on 11/13/2018. (jls) (Entered: 11/13/2018) |
| 11/13/2018 | 224 | **MOTION TO DISMISS** by Intervenor Defendant Wisconsin State Assembly. Brief in Opposition due 12/21/2018. Brief in Reply due 1/11/2019. (jls) (Entered: 11/13/2018) |
| 11/13/2018 | 225 | Brief in Support of 224 Motion to Dismiss by Intervenor Defendant Wisconsin State Assembly. (jls) (Entered: 11/13/2018) |

| 11/15/2018 | 226 | Motion to Withdraw as Attorney by Amicus Jowei Chen. Response due 11/23/2018. (Attachments: # 1 Text of Proposed Order) (Boehm, Theodore) (Entered: 11/15/2018) |
|---|---|---|
| 11/16/2018 | 227 | ** TEXT ONLY ORDER ** ORDER granting 226 Motion to Withdraw as Attorney. Attorney Theodore Reed Boehm withdrawn from the case. Signed by Magistrate Judge Stephen L. Crocker on 11/16/2018. (voc) (Entered: 11/16/2018) |
| 12/21/2018 | 228 | Declaration of Ruth Merewyn Greenwood filed by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 224 Motion to Dismiss, (Attachments: # 1 Exhibit A - Complaints Redline) (Greenwood, Ruth) (Entered: 12/21/2018) |
| 12/21/2018 | 229 | Brief in Opposition by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 224 Motion to Dismiss filed by Wisconsin State Assembly. (Stephanopoulos, Nicholas) (Entered: 12/21/2018) |
| 01/07/2019 | 230 | Emergency Motion to Stay by Intervenor Defendant Wisconsin State Assembly. Response due 1/14/2019. (Mortara, Adam) (Entered: 01/07/2019) |
| 01/07/2019 | 231 | Brief in Support of 230 Motion to Stay by Intervenor Defendant Wisconsin State Assembly, (Attachments: # 1 Exhibit A - Supreme Court Order List, # 2 Exhibit B - Jurisdictional Statement in Rucho v Common Cause, # 3 Exhibit C - Jurisdiction Statement in Lamone v Benisek) (Mortara, Adam) Modified on 1/8/2019. (lak) (Entered: 01/07/2019) |
| 01/07/2019 | 232 | Declaration of Joshua P. Ackerman filed by Intervenor Defendant Wisconsin State Assembly *in Support* re: 230 Motion to Stay. (Mortara, Adam) (Entered: 01/07/2019) |
| 01/07/2019 | 233 | Unopposed Motion for Extension of Time *to file its Reply Brief in Support of The Assembly's Motion to Dismiss* by Intervenor Defendant Wisconsin State Assembly. Motions referred to Magistrate Judge Stephen L. Crocker. (Mortara, Adam) (Entered: 01/07/2019) |
| 01/07/2019 | 234 | Declaration of Joshua P. Ackerman filed by Intervenor Defendant Wisconsin State Assembly re: 233 MOTION for Extension of Time. (Mortara, Adam) (Entered: 01/07/2019) |

| | | |
|---|---|---|
| 01/07/2019 | | Set/Reset Deadlines as to 230 Emergency Motion to Stay . Brief in Opposition due 1/14/2019. Brief in Reply due 1/17/2019. (voc) (Entered: 01/07/2019) |
| 01/07/2019 | 235 | ** TEXT ONLY ORDER ** ORDER granting 233 Motion for Extension of Time. Signed by District Judge James D. Peterson on 1/7/2019. (voc) (Entered: 01/07/2019) |
| 01/08/2019 | 236 | Motion to Admit Taylor A. R. Meehan Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2388577.) by Intervenor Defendant Wisconsin State Assembly. Motions referred to Magistrate Judge Stephen L. Crocker. (Meehan, Taylor) (Entered: 01/08/2019) |
| 01/09/2019 | 237 | ** TEXT ONLY ORDER ** ORDER granting 236 Motion to Admit Taylor A. R. Meehan Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 1/9/2019. (lak) (Entered: 01/09/2019) |
| 01/09/2019 | 238 | ** TEXT ONLY ORDER ** Because the court has provisionally consolidated these cases, all further docketing for both cases will appear in Case No. 15-cv-421-jdp until further order of the court. Signed by District Judge James D. Peterson on 1/9/2019. (voc) (Entered: 01/09/2019) |
| 01/14/2019 | 239 | Brief in Opposition by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 230 Motion to Stay filed by Wisconsin State Assembly. (Harless, Annabelle) (Entered: 01/14/2019) |
| 01/14/2019 | 240 | Response Stating No Opposition by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Steve King, Dean Knudson, Don Millis, Mark L. Thomsen re: 230 Motion to Stay filed by Wisconsin State Assembly. (Russomanno, Anthony) (Entered: 01/14/2019) |
| 01/16/2019 | 241 | Disregard. See 242 . Modified on 1/18/2019. (lak) (Entered: 01/16/2019) |
| 01/17/2019 | 242 | Corrected Brief in Reply by Intervenor Defendant Wisconsin State Assembly in Support of 230 Motion to Stay. (Ackerman, Joshua) (Entered: 01/17/2019) |
| 01/23/2019 | 243 | ORDER denying without prejudice 224 Motion to Dismiss and 27 Motion to Dismiss; granting in part and denying in part 230 Motion to Stay. Signed by Judges William C. Griesbach, James D. Peterson and Kenneth F. Ripple on 1/23/2019. Associated Cases: 3:15-cv-00421-jdp, 3:18-cv-00763-jdp. (voc) (Entered: 01/23/2019) |
| 01/23/2019 | | Set Telephone Hearing: Telephone Scheduling Conference set for 2/1/2019 at 09:00 AM before Judge James D. Peterson. Counsel for Plaintiff responsible for setting up the call to chambers at (608) 264-5504. Associated Cases: 3:15-cv-00421-jdp, 3:18-cv-00763-jdp (voc/sv/jdp) (Entered: 01/23/2019) |
| 01/24/2019 | | Notice to Counsel: **The Telephone Scheduling Conference on 2/1/2019 will take place via teleconference. Please dial (888) 557-8511 to join the conference call. Please enter access code 2955378 when prompted.** AssociatedCases: 3:15- |

| | | |
|---|---|---|
| | | cv-00421-jdp, 3:18-cv-00763-jdp (voc) (Entered: 01/24/2019) |
| 01/25/2019 | 244 | Unopposed Motion to Dismiss the Complaint of The Wisconsin Assembly Democratic Campaign Committee, filed by plaintiff The Wisconsin Assembly Democratic Campaign Committee. Associated Cases: 3:18-cv-00763-jdp, 3:15-cv-00421-jdp. (Pines, Lester) (Entered: 01/25/2019) |
| 01/29/2019 | 245 | Status Report *Letter from Plaintiffs' Counsel Regarding Counsel's Availability for July 22, 2019 Trial Date* by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. Associated Cases: 3:15-cv-00421-jdp, 3:18-cv-00763-jdp. (Poland, Douglas) (Entered: 01/29/2019) |
| 01/29/2019 | 246 | ** TEXT ONLY ORDER ** ORDER granting (244) Stipulation of Dismissal in case 3:15-cv-00421-jdp; Granting (43) Motion to Dismiss in case 3:18-cv-00763-jdp. Signed by Judges William C. Griesbach, Kenneth F. Ripple and James D. Peterson on 1/29/2019. Associated Cases: 3:15-cv-00421-jdp, 3:18-cv-00763-jdp (voc) (Entered: 01/29/2019) |
| 02/01/2019 | 247 | Minute Entry for proceedings held before District Judge James D. Peterson: Scheduling Conference held on 2/1/2019. [:41] (Court Reporter CS.) (jls) (Entered: 02/01/2019) |
| 02/01/2019 | 248 | Scheduling Order: Court Trial set for 7/15/2019 - 7/18/2019 at 09:00 AM. Signed by District Judge James D. Peterson on 2/1/2019. (voc) (Entered: 02/01/2019) |
| 02/04/2019 | 249 | Expert Report, Sources and CV of James Gimpel by Intervenor Defendant Wisconsin State Assembly, (Attachments: # 1 Appendix A - Act 43 Core Retention Report, # 2 Appendix B - Chen 43995 Core Retention Report, # 3 Appendix C - Chen 43995 Incumbent Pairing Report, # 4 Appendix D - Act 43 Composite Election Percentages, # 5 Appendix E - Plan 43995 Composite Election Percentages, # 6 Appendix F - 2016 President and US Senate Election Performance on Chen 43995, # 7 Appendix G - 2018 Election Results) (Mortara, Adam) Modified on 2/4/2019: Signature, etc. (lak) (Entered: 02/04/2019) |
| 02/04/2019 | 250 | Expert Report, Data Sources and Other References of Brian J. Gaines by Intervenor Defendant Wisconsin State Assembly. (Mortara, Adam) Modified on 2/4/2019: Signature, etc. (lak) (Entered: 02/04/2019) |
| 02/12/2019 | 251 | Motion to Admit Mark P. Gaber Pro Hac Vice. ( Pro Hac Vice fee $ 100 receipt number 0758-2407850.) by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert |

| | | |
|---|---|---|
| | | Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. Motions referred to Magistrate Judge Stephen L. Crocker. (Gaber, Mark) (Entered: 02/12/2019) |
| 02/12/2019 | 252 | ** TEXT ONLY ORDER **<br>ORDER granting 251 Motion to Admit Mark P. Gaber Pro Hac Vice. Signed by Magistrate Judge Peter A. Oppeneer on 2/12/2019. (lak) (Entered: 02/12/2019) |
| 03/15/2019 | 253 | Motion for Protective Order by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. (Poland, Douglas) (Entered: 03/15/2019) |
| 03/15/2019 | 254 | Declaration of Annabelle E. Harless filed by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 253 Motion for Protective Order, (Sealed Document) (Attachments:<br># 1 Exhibit 1 - Proposed Protective Order,<br># 2 Exhibit 2 - Lentini Deposition Transcript,<br># 3 Exhibit 3 - Patel Deposition Transcript,<br># 4 Exhibit 4 - Seaton Deposition Transcript) (Poland, Douglas) Modified on 3/15/2019. (lak) (Entered: 03/15/2019) |
| 03/15/2019 | 255 | Redaction to 254 Declaration of Annabelle E. Harless, (Attachments:<br># 1 Exhibit 1 - Proposed Protective Order,<br># 2 Exhibit 2 - Lentini Deposition Transcript,<br># 3 Exhibit 3 - Patel Deposition Transcript,<br># 4 Exhibit 4 - Seaton Deposition Transcript) (Poland, Douglas) Modified on 3/15/2019. (lak) (Entered: 03/15/2019) |
| 03/15/2019 | 256 | Motion to Seal Document 254 Declaration, by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. Motions referred to Magistrate Judge Stephen L. Crocker. (Poland, Douglas) (Entered: |

| | | |
|---|---|---|
| | | 03/15/2019) |
| 03/15/2019 | | Set Deadlines as to 253 Motion for Protective Order. Response due 3/25/2019. No Reply. (jat) (Entered: 03/15/2019) |
| 03/19/2019 | 257 | Motion to Compel *Deposition and Production of Documents by Robin J. Vos* by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. Motions referred to Magistrate Judge Stephen L. Crocker. Response due 3/26/2019. (Greenwood, Ruth) (Entered: 03/19/2019) |
| 03/19/2019 | 258 | Brief in Support of 257 Motion to Compel *Deposition and Production of Documents by Robin J. Vos* by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. (Greenwood, Ruth) (Entered: 03/19/2019) |
| 03/19/2019 | 259 | Declaration of Ruth Merewyn Greenwood filed by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 257 Motion to Compel, (Attachments: # 1 Exhibit 1 - Subpoena to Testify at a Deposition, # 2 Exhibit 2 - Letter dated February 13, 2019 with Attachments, # 3 Exhibit 3 - Notice of Subpoena, # 4 Exhibit 4 - Letter dated February 20, 2019, # 5 Exhibit 5 - Letter dated February 27, 2019, # 6 Exhibit 6 - Letter dated March 5, 2019, # 7 Exhibit 7 - Letter dated February 13, 2019 with Attachments, # 8 Exhibit 8 - Response to Requests for Production, # 9 Exhibit 9 - E-mail dated January 21, 2013, # 10 Exhibit 10 - See 260 ., # 11 Exhibit 11 - Proof of Service) (Greenwood, Ruth) Modified on 3/20/2019: Removed duplicate text. Added exhibit descriptions. E-mail sent to counsel. (lak) (Entered: 03/19/2019) |

| | | |
|---|---|---|
| 03/20/2019 | | Set/Reset Briefing Deadlines as to <u>257</u> Motion to Compel *Deposition and Production of Documents by Robin J. Vos*. Brief in Opposition due 4/3/2019. Brief in Reply due 4/10/2019. (voc/slc) (Entered: 03/20/2019) |
| 03/20/2019 | <u>260</u> | Exhibit to <u>259</u> Declaration, filed by Helen Harris, Leah Dudley, Margaret Leslie DeMuth, Emily Bunting, Wayne Jensen, Sandra Carlson-Kaye, Allison Seaton, Norah McCue, Michael Switzenbaum, Donald Winter, Judith Brey, Ann E. Stevning-Roe, Nancy Petulla, Graham Adsit, Warren Braun, William Whitford, Guy Costello, Jerome Wallace, Timothy B. Daley, Deborah Patel, Robert Pfundheller, Michael Lecker, Jennifer Estrada, Daniel Dieterich, Janet Mitchell, Rosalie Schnick, Barbara Flom, Roger Anclam, Elizabeth Lentini, Sara Ramaker, James Seaton, Gail Hohenstein, Edward Wohl, Ann Wolfe, Linea Sundstrom, Jane Pedersen, Mary Lynne Donohue, Hans Breitenmoser, Wendy Sue Johnson, Brent Brigson. *Corrected Exhibit 10 - Letter dated March 18, 2019 and Attachments*. (Greenwood, Ruth) Modified on 3/20/2019: Linked to the pending motion. (lak) (Entered: 03/20/2019) |
| 03/25/2019 | <u>261</u> | Notice of Withdrawal of Motion re: <u>253</u> Motion for Protective Order by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe. (Poland, Douglas) Modified on 3/26/2019. (lak) (Entered: 03/25/2019) |
| 03/29/2019 | <u>262</u> | Stipulated Motion for Protective Order by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe, (Attachments: # <u>1</u> Text of Proposed Order) (Poland, Douglas) Modified on 4/1/2019. (lak) (Entered: 03/29/2019) |
| 04/03/2019 | <u>263</u> | Brief in Opposition by Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Dean Knudson, Mark L. Thomsen re: <u>257</u> Motion to Compel, filed by Helen Harris, Leah Dudley, Margaret Leslie DeMuth, Emily Bunting, Wayne Jensen, Sandra Carlson-Kaye, Allison Seaton, Norah McCue, Michael Switzenbaum, Donald Winter, Judith Brey, Ann E. Stevning-Roe, Nancy Petulla, Graham Adsit, Warren Braun, William Whitford, Guy Costello, Jerome Wallace, Timothy B. Daley, Deborah Patel, Robert Pfundheller, Michael Lecker, Jennifer Estrada, Daniel Dieterich, Janet Mitchell, Rosalie Schnick, Barbara Flom, Roger Anclam, Elizabeth Lentini, Sara Ramaker, James Seaton, Gail Hohenstein, Edward Wohl, Ann Wolfe, Linea Sundstrom, Jane Pedersen, Mary Lynne Donohue, Hans Breitenmoser, Wendy Sue Johnson, Brent Brigson. (Keenan, Brian) (Entered: 04/03/2019) |

| 04/03/2019 | 264 | ** TEXT ONLY ORDER ** The parties' proposed protective order, Dkt. 262 , is APPROVED. For clarity, documents that meet the definition of "confidential" in the protective order may be filed under seal without a further motion, in accordance with Administrative Order No. 337. As always, any filing under seal is subject to review of the court. Signed by District Judge James D. Peterson on 4/3/2019. (voc) (Entered: 04/03/2019) |
|---|---|---|
| 04/03/2019 | 265 | Brief in Opposition by Third Party Defendant Robin J. Vos re: 257 Motion to Compel, filed by Helen Harris, Leah Dudley, Margaret Leslie DeMuth, Emily Bunting, Wayne Jensen, Sandra Carlson-Kaye, Allison Seaton, Norah McCue, Michael Switzenbaum, Donald Winter, Judith Brey, Ann E. Stevning-Roe, Nancy Petulla, Graham Adsit, Warren Braun, William Whitford, Guy Costello, Jerome Wallace, Timothy B. Daley, Deborah Patel, Robert Pfundheller, Michael Lecker, Jennifer Estrada, Daniel Dieterich, Janet Mitchell, Rosalie Schnick, Barbara Flom, Roger Anclam, Elizabeth Lentini, Sara Ramaker, James Seaton, Gail Hohenstein, Edward Wohl, Ann Wolfe, Linea Sundstrom, Jane Pedersen, Mary Lynne Donohue, Hans Breitenmoser, Wendy Sue Johnson, Brent Brigson. (Mortara, Adam) (Entered: 04/03/2019) |
| 04/03/2019 | 266 | Brief in Opposition by Intervenor Defendant Wisconsin State Assembly re: 257 Motion to Compel, filed by Helen Harris, Leah Dudley, Margaret Leslie DeMuth, Emily Bunting, Wayne Jensen, Sandra Carlson-Kaye, Allison Seaton, Norah McCue, Michael Switzenbaum, Donald Winter, Judith Brey, Ann E. Stevning-Roe, Nancy Petulla, Graham Adsit, Warren Braun, William Whitford, Guy Costello, Jerome Wallace, Timothy B. Daley, Deborah Patel, Robert Pfundheller, Michael Lecker, Jennifer Estrada, Daniel Dieterich, Janet Mitchell, Rosalie Schnick, Barbara Flom, Roger Anclam, Elizabeth Lentini, Sara Ramaker, James Seaton, Gail Hohenstein, Edward Wohl, Ann Wolfe, Linea Sundstrom, Jane Pedersen, Mary Lynne Donohue, Hans Breitenmoser, Wendy Sue Johnson, Brent Brigson. (Mortara, Adam) (Entered: 04/03/2019) |
| 04/10/2019 | 267 | Deposition of Patrick E. Fuller taken on March 29, 2019. (Greenwood, Ruth) (Entered: 04/10/2019) |
| 04/10/2019 | 268 | Brief in Reply by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe in Support of 257 Motion to Compel. (Greenwood, Ruth) (Entered: 04/10/2019) |
| 04/10/2019 | 269 | Second Declaration of Ruth M. Greenwood filed by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, |

| | | |
|---|---|---|
| | | Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 257 Motion to Compel, (Attachments: <br># 1 Exhibit 1 - Order from Benisek v. Lamone, Mar. 16, 2017, <br># 2 Exhibit 2 - Order from LWVMI v Johnson, May 23, 2018, <br># 3 Exhibit 3 - Order from Benisek v. Lamone, Jan. 31, 2017) (Greenwood, Ruth) Modified on 4/11/2019. (lak) (Entered: 04/10/2019) |
| 04/24/2019 | 270 | Transcript of Scheduling Conference, held 2/1/2019 before Judge James D. Peterson. Court Reporter: CS. <br>Please review the court's new policy regarding electronic transcripts of court proceedings: see Electronic Transcript Instructions. (voc) (Entered: 04/24/2019) |
| 04/26/2019 | 271 | Notice of Appearance *and Notice of Substitution* filed by Clayton P. Kawski for Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Dean Knudson, Mark L. Thomsen. (Kawski, Clayton) (Entered: 04/26/2019) |
| 04/26/2019 | 272 | Notice by Intervenor Defendant Wisconsin State Assembly re: 257 Motion to Compel, (Attachments: <br># 1 Exhibit 1 - Foltz Subpoena, <br># 2 Exhibit 2 - Ottman Subpoena) (Mortara, Adam) Modified on 4/29/2019: Linked to the pending motion instead of the brief. (lak) (Entered: 04/26/2019) |
| 04/30/2019 | 273 | Supplemental Brief in Reply by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe in Support of 257 Motion to Compel. (Greenwood, Ruth) (Entered: 04/30/2019) |
| 04/30/2019 | 274 | Third Declaration of Ruth Merewyn Greenwood filed by Plaintiffs Graham Adsit, Roger Anclam, Warren Braun, Hans Breitenmoser, Judith Brey, Brent Brigson, Emily Bunting, Sandra Carlson-Kaye, Guy Costello, Timothy B. Daley, Margaret Leslie DeMuth, Daniel Dieterich, Mary Lynne Donohue, Leah Dudley, Jennifer Estrada, Barbara Flom, Helen Harris, Gail Hohenstein, Wayne Jensen, Wendy Sue Johnson, Michael Lecker, Elizabeth Lentini, Norah McCue, Janet Mitchell, Deborah Patel, Jane Pedersen, Nancy Petulla, Robert Pfundheller, Sara Ramaker, Rosalie Schnick, Allison Seaton, James Seaton, Ann E. Stevning-Roe, Linea Sundstrom, Michael Switzenbaum, Jerome Wallace, William Whitford, Donald Winter, Edward Wohl, Ann Wolfe re: 257 Motion to Compel, (Attachments: <br># 1 Exhibit 1 - Assembly's Initial Disclosures dated 12.13.2018) (Greenwood, Ruth) Modified on 5/1/2019. (lak) (Entered: 04/30/2019) |
| 05/03/2019 | 275 | ORDER: It is ordered that plaintiffs' motion to compel discovery, Dkt. 257 , is granted as to the deposition of Robin Vos and requests for production nos. 1-3, 6-9, and 15. The motion is otherwise denied. Signed by Judges Kenneth F. Ripple, William C. Griesbach and James D. Peterson on 5/3/2019. (voc) (Entered: 05/03/2019) |
| 05/10/2019 | 276 | Emergency Motion to Stay *Enforcement of this Court's May 3, 2019 Order* by Third Party Defendant Robin J. Vos. Response due 5/17/2019. (Mortara, Adam) (Entered: |

| | | |
|---|---|---|
| | | 05/10/2019) |
| 05/10/2019 | 277 | Brief in Support of 276 Motion to Stay *Enforcement of this Court's May 3, 2019 Order* by Third Party Defendant Robin J. Vos (Mortara, Adam) (Entered: 05/10/2019) |
| 05/10/2019 | 278 | Declaration of Joshua P. Ackerman filed by Third Party Defendant Robin J. Vos re: 276 Motion to Stay (Attachments:<br># 1 Exhibit A - Letter from Ruth Greenwood,<br># 2 Exhibit B - Vos Subpoena) (Mortara, Adam) (Entered: 05/10/2019) |
| 05/10/2019 | 279 | Notice by Third Party Defendant Robin J. Vos *of Filing Petition for Writ of Mandamus*. (Attachments:<br># 1 Exhibit A - Petition for Writ of Mandamus) (Mortara, Adam) (Entered: 05/10/2019) |

**PACER Service Center**

**Transaction Receipt**

05/10/2019 15:40:38

| PACER Login: | us4852us:5699723:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 3:15-cv-00421-jdp |
| Billable Pages: | 30 | Cost: | 3.00 |