IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO,
TIMOTHY B. DALEY, MARGARET LESLIE
DEMUTH, DANIEL DIETERICH, MARY LYNNE
DONOHUE, LEAH DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,
JAMES SEATON, ANN E. STEVNING-ROE,        OPINION and ORDER
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,
JEROME WALLACE, DONALD WINTER,                 15-cv-421-jdp
EDWARD WOHL, and ANN WOLFE,

                Plaintiffs,
  v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
and MARK L. THOMSEN,

                Defendants,

  and

THE WISCONSIN STATE ASSEMBLY,

                Intervenor-Defendant.

---

      Defendants (including the intervenor-defendants) move to strike four witnesses that plaintiffs identified in supplemental disclosures served on May 15, 2019. Dkt. 282. Three of the witnesses—Sandy Pasch, Amy Sue Vruwink, and Peter Barca—were Representatives in the

Wisconsin State Assembly after the enactment of Act 43, the Assembly districting plan that plaintiffs are challenging in this case. The fourth witness—Brittany Keyes—was a candidate for the Assembly in 2018. All are Democrats and all ran for office in a district where one of the plaintiffs lives. Plaintiffs say that each of these witnesses may testify about the partisan intent and effect of Act 43. Dkt. 284-1. Defendants contend that plaintiffs' disclosure of these witnesses was untimely and prejudicial, so the court should preclude the witnesses from testifying at trial under Federal Rule of Civil Procedure 37. Dkt. 282.

We are not persuaded that the disclosure was untimely. When the case came back after remand from the Supreme Court, this court set September 28, 2108 as the deadline for the parties to update initial disclosures under Ruel 26(a)(1). Dkt. 199, at 2. Of course, the parties had a duty under Rule 26(e) to supplement these disclosures if they learned that their disclosure were materially incomplete. In a later scheduling order, Dkt. 248, the court set June 14, 2019, as the deadline for the pretrial disclosures under Rule 26(a), which means that is the date to disclose trial witnesses. Plaintiffs' four new witnesses were disclosed about a month before the deadline for disclosing trial witnesses, and two months before the start of the trial. We see no violation of the court's scheduling order.

We don't buy plaintiffs' statement that they disclosed these trial witness only as a courtesy, with no obligation to do so. Once plaintiffs decided that they wanted these four to testify at trial, they were obligated to supplement their initial disclosures. But we see no evidence—despite defendants' accusation—that plaintiffs were deceptive for not disclosing these four witnesses before May 15.

We are also not persuaded that the disclosures were unfairly prejudicial. The topics identified in the disclosures (and further elaborated on in the briefs) are topics that are central

to the case, so they should not be a surprise to defendants. The primary topic discussed in the parties' briefs is the effect that Act 43 had on a particular district, and thus the injury suffered by particular plaintiffs, a topic that has been addressed by witnesses on both sides, including experts, as acknowledged by defendants in their motion. Dkt. 282, at 7 n.3 (citing report of Assembly's expert regarding Assembly election results). Defendants have not explained why they believe that they will not be able to fairly respond to any testimony offered by the new witnesses.

When plaintiffs disclosed the four new witnesses, there were two months remaining before trial. Defendants acknowledge that have submitted requests for written discovery related to the new witnesses. *Id.* at 10, n.5. Defendants do not say that they have asked to depose the new witnesses, but that was their choice. There are numerous lawyers representing the parties on both sides of this case, so defendants can assign one the task of deposing these witnesses if they want their depositions before trial. Defendants have been willing to push a lot of work into July, in hopes that a Supreme Court decision will moot this case and make it all unnecessary. That's a reasonable calculated risk, but it undermines the defendants' claim of unfair prejudice.

Defendants' motion to strike is denied. Whether the testimony of these new witnesses is relevant is a question the court will be able to answer only after we get guidance from the Supreme Court.

ORDER

IT IS ORDERED that defendants' motion to strike plaintiffs' May 15, 2019 supplemental disclosures, Dkt. 282, is DENIED.

Entered June 21, 2019.

BY THE COURT:

/s/_____
KENNETH F. RIPPLE
Circuit Judge

/s/_____
WILLIAM C. GRIESBACH
District Judge

/s/_____
JAMES D. PETERSON
District Judge