# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, et al.,

    Plaintiffs,

v.                                                    No. 15-cv-421-jdp

BEVERLY R. GILL, et al.,

    Defendants;

    and

THE WISCONSIN STATE ASSEMBLY,

    Intervenor-Defendant.

## PLAINTIFFS' MOTION FOR DISMISSAL FOR LACK OF JURISDICTION

In *Rucho, et al. v. Common Cause, et al.*, No. 18-422, slip op. (June 27, 2019), the Supreme Court overruled its prior precedent holding that partisan gerrymandering claims were justiciable, *see Davis v. Bandemer*, 478 U.S. 109, 113 (1986). As a result, this Court now lacks subject matter jurisdiction over this action. *See Rucho*, slip. op. at 34 (remanding with instructions to dismiss for lack of jurisdiction). Plaintiffs thus move the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), for an order of dismissal for lack of jurisdiction.[1]

The Court may dismiss the case "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiffs request that the Court order that each party bear its own costs and fees in this case. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (explaining that "the decision

---

[1] Such a dismissal, however, should not be deemed "with prejudice." *See, e.g.*, *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not on the merits. 'No jurisdiction' and 'with prejudice' are mutually exclusive.' A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice." (quoting *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)).

whether to award costs [under Rule 54] ultimately lies within the sound discretion of the district court"). An award of costs is not appropriate here, where defendant and defendant-intervenor did not prevail on the merits, *see Mother & Father v. Cassidy*, 338 F.3d 704, 707 (7th Cir. 2003) (noting that only dismissal with prejudice warrants costs under Rule 54), and where the case is being dismissed only because the Supreme Court has overruled its precedent—binding when the case was filed—that the claims are justiciable. Moreover, defendant and defendant-intervenors are not entitled to an award of attorneys' fees. They have not prevailed on the merits, or obtained a judicially-ordered change in the relationship of the parties. Moreover, such an award would be improper even if they were "prevailing" parties. *See CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) ("When a defendant is the prevailing party on a civil rights claim . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continues to litigate after it clearly became so.'" (quoting *Christiansburg Garmant Co. v. EEOC*, 434 U.S. 412, 422 (1978)).[2]

      Plaintiffs respectfully request that the Court dismiss this case for lack of jurisdiction, with each party bearing its own cost and attorneys' fees.

---

[2] Counsel for Plaintiffs sought a stipulation of dismissal with each party bearings its own costs and fees from defendant and defendant-intervenor. Defendant-intervenor the Wisconsin State Assembly would not stipulate that each party bear its own fees and costs.

Dated: June 28, 2019.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　RATHJE WOODWARD LLC

　　　　　　　　By:　　*/s/ Douglas. M. Poland*

　　　　　　　　　　　　Douglas M. Poland
　　　　　　　　　　　　State Bar No. 1055189
　　　　　　　　　　　　10 Easy Doty Street, Suite 507
　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　(608) 960-7430
　　　　　　　　　　　　dpoland@rathjewoodward.com

　　　　　　　　　　　　CAMPAIGN LEGAL CENTER
　　　　　　　　　　　　Annabelle E. Harless
　　　　　　　　　　　　Ruth M. Greenwood
　　　　　　　　　　　　73 W. Monroe St., Ste. 302
　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　(312) 561-5508
　　　　　　　　　　　　aharless@campaignlegalcenter.org
　　　　　　　　　　　　rgreenwood@campaignlegalcenter.org

　　　　　　　　　　　　J. Gerald Hebert
　　　　　　　　　　　　Mark P. Gaber
　　　　　　　　　　　　Danielle M. Lang
　　　　　　　　　　　　1101 14th St. NW, Ste. 400
　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　(202) 736-2200
　　　　　　　　　　　　ghebert@campaignlegalcenter.org
　　　　　　　　　　　　mgaber@campaignlegalcenter.org
　　　　　　　　　　　　dlang@campaignlegalcenter.org

　　　　　　　　　　　　*Attorneys for Plaintiffs William Whitford, et al.*