IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIAM WHITFORD, et al.,

    Plaintiffs,

    v.                                    Case No. 15-CV-421-JDP

BEVERLY R. GILL, et al.,

    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF AN AWARD OF COSTS

The Wisconsin Election Commission defendants (WEC Defendants) submit this brief in support of their bill of costs. (Dkt. 320.) As an initial matter, the WEC Defendants are not seeking attorneys' fees because this case does not meet the standard for awarding fees to defendants.

With respect to costs, however, the Court should award the WEC Defendants the $19,308.56 in their bill of costs. The WEC Defendants agree with the plaintiffs that an award of costs in this case is governed by 28 U.S.C. § 1919 because this case was dismissed for lack of jurisdiction. The WEC Defendants seek costs for only for routine items that are typically included as costs as a matter of course: transcripts (trial, hearing, and depositions) and associated costs of obtaining copies of deposition exhibits. The Court should award these as "just costs" under Section 1919 because they were reasonable

costs incurred during the four years this case has been pending. Further supporting an award of costs, this case, for all practical purposes, is over and will not continue in a different forum.

I.  **The WEC Defendants are not seeking attorneys' fees.**

The WEC Defendants are not seeking an award of attorneys' fees. Under 42 U.S.C. § 1988, defendants are entitled to attorneys' fees in civil rights actions when a "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This case does not meet that standard.

II. **The Court should award the WEC Defendants their costs because they are "just costs."**

The WEC Defendants agree with the plaintiffs that an award of costs is governed by 28 U.S.C. § 1919, which provides that a "court may order the payment of just costs" when a case is dismissed for lack of jurisdiction. This statute abrogates a rule federal courts applied in the nineteenth century that a court could not award costs when a case was dismissed for lack of jurisdiction. *See Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 926–27 (7th Cir. 2000). The Court should award the WEC Defendants their costs because they were necessary and typical costs incurred in defending this case—trial transcripts, hearing transcripts, deposition transcripts of the plaintiffs themselves and

2

their expert witnesses, as well as copies of depositions the plaintiffs took of the defendants' experts and fact witnesses.[1] These are routine costs of litigation, and their reasonableness is shown by the fact that they are specifically listed as proper costs under 28 U.S.C. § 2020.

These costs are consistent with what federal courts have awarded under 28 U.S.C. § 1919. For example, in upholding an award of transcript costs, the Tenth Circuit noted that "[t]he costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). After finding the depositions were necessary for the proper preparation of the case, the court found the costs to be just because a

> dismissal for lack of jurisdiction should not alter the fact that the costs requested here relate to expenses that, when incurred, appeared reasonably necessary in order to adequately prepare defendants' case for trial and to provide adequate grounds for the filing of pretrial and potentially dispositive motions.

*Id.* at 1341. Further, the court noted that the costs were appropriate because, "at the time of their allowance," there was "no ongoing state court litigation between [the plaintiff] and [the defendant]." *Id.* at 1432. Given the lack of an ongoing state court case, the defendant "could not recover any costs in the state

---

[1] The WEC Defendants do not anticipate the plaintiffs will argue that any of the depositions were somehow unnecessary for the defendants to litigate this case. The WEC Defendants will address any argument to the contrary in their reply brief.

3

court suit—those covering preparations on the jurisdictional issue or those dealing with the merits of the controversy." *Id.*

Similarly, the Southern District of New York allowed for costs of a deposition transcript. *Oster v. Rubinstein*, 142 F. Supp. 620, 621 (S.D.N.Y. 1956). As the court noted, the defendant "would have been remiss had he neglected to take the deposition," and "[t]hat the action was subsequently dismissed for lack of jurisdiction should not deprive a defendant of costs necessarily incurred in the preparation for trial." *Id.*

The Court should follow that reasoning here. While this case was ultimately dismissed for lack of jurisdiction, significant costs were incurred along the way, including taking depositions and obtaining transcripts to prepare for both the May 2016 trial and the scheduled post-remand trial. These costs were "reasonably necessary in order to adequately prepare defendants' case for trial," *Callicrate*, 139 F.3d at 1341, and the defendants "would have been remiss," *Oster*, 142 F. Supp. at 621, in not taking depositions and obtaining transcripts. Even under the case-by-case analysis desired by the plaintiffs, it is not unjust to award the WEC Defendants under $20,000 in costs after this significant litigation, including a trial, over a four-year period. This Court should award these necessary costs incurred to defend this case.

The plaintiffs' argument against costs is based on the notion that partisan gerrymandering claims were viable claims until the Supreme Court

4

recently reversed course. However, whether the costs are just here should turn on whether they were reasonably necessary under the circumstances and not on the merits of plaintiffs' claims. In any event, while the Court had refused to hold these claims nonjusticiable, it also had never held that there was a viable claim for partisan gerrymandering. As another district court in this Circuit said, following the decisions in *Vieth v. Jubelirer,* 541 U.S. 267 (2004) and *League of United Latin American Citizens v. Perry*, 548 U.S. 399 (2006), "political gerrymandering claims are justiciable *in principle*, but also currently unsolvable." *Radogno v. Illinois State Bd. of Elections*, No. 1:11-CV-04884, 2011 WL 5025251, at *6 (N.D. Ill. Oct. 21, 2011) (emphasis in original). At the time this case was filed, the plaintiffs could have lost in two ways: (1) via a decision like *Vieth* or *LULAC* that rejected the legal standard proposed but held open the possibility of a standard emerging in the future or (2) by a determination that partisan gerrymandering claims are nonjusticiable. Given that no redistricting plan had ever been struck down as a partisan gerrymander—and affirmed on appeal—the plaintiffs knew that a successful challenge would be difficult to achieve.

The plaintiffs do not offer a persuasive explanation why defendants, who would be entitled to costs if the plaintiffs lost via a *Vieth*-like decision, should be denied costs because the Supreme Court held all partisan gerrymandering claims nonjusticiable. The WEC Defendants achieved the same result—

5

dismissal of the case with no future challenges to the redistricting plan—yet would be denied costs because the Supreme Court did not allow these types of claims to continue in the future. Simply put, the "dismissal for lack of jurisdiction should not alter the fact that the costs requested here relate to expenses that, when incurred, appeared reasonably necessary in order to adequately prepare defendants' case." *Callicrate*, 139 F.3d at 1341.

The plaintiffs' position would only make sense if the plaintiffs were to carry on this litigation in a new forum. The *Callicrate* court, which awarded costs to a defendant in a dismissed diversity jurisdiction suit who was not added to the subsequent state court action, denied costs to defendants who were parties to the state court case because they could recover costs when that case was ultimately resolved. 139 F.3d at 1342–43. While the plaintiffs claim they could, hypothetically, file a case in state court, the plaintiffs have not started a state court action, nor is there any indication that they actually would. The WEC Defendants' victory on jurisdictional issues did not "merely prolong[] litigation," such that "the dispute will continue later, or elsewhere, and it remains to be seen who will prevail." *Citizens for a Better Env't*, 230 F.3d at 929–30. Instead, this is the end of the litigation. The defendants prevailed because the plaintiffs' claim was dismissed. As a result, this Court should award the WEC Defendants their costs.

# CONCLUSION

For the foregoing reasons, the Court should award the WEC Defendants their costs.

Dated this 15th day of July, 2019.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Brian P. Keenan
BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

KARLA KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020 (*AAG Keenan*)
(608) 264-6365 (*AAG Keckhaver*)
(608) 266-8549 *(AAG Kawski)*
(608) 267-2223 (fax)
*keenanbp@doj.state.wi.us*
*keckhaverkz@doj.state.wi.us*
*kawskicp@doj.state.wi.us*