IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO, TIMOTHY
B. DALEY, MARGARET LESLIE DEMUTH, DANIEL
DIETERICH, MARY LYNNE DONOHUE, LEAH
DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,
JAMES SEATON, ANN E. STEVNING-ROE,             OPINION and ORDER
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,
JEROME WALLACE, DONALD WINTER,                 15-cv-421-jdp
EDWARD WOHL, and ANN WOLFE,

                Plaintiffs,

  v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON, and
MARK L. THOMSEN,

                Defendants,

  and

THE WISCONSIN STATE ASSEMBLY,

                Intervenor-Defendant.

---

Before the court are Defendants Wisconsin Election Commission members' Bill of Costs as well as Intervenor-Defendant Wisconsin State Assembly's Bill of Costs and motion for

attorney's fees. For the reasons explained below, we deny the Assembly's motion for attorney's fees and decline to award costs to either defendant.

BACKGROUND

Plaintiffs, registered voters who support the election of Democratic candidates and the implementation of Democratic policies, filed this action against the members of the Wisconsin Election Commission (collectively, "WEC") asserting that Wisconsin's Assembly redistricting map constitutes an unconstitutional partisan gerrymander. Plaintiffs claimed that the Republican-controlled legislature created and enacted a redistricting plan ("Act 43") that systematically dilutes the voting strength of Democratic voters statewide. After a four-day trial, a majority of the court concluded that the redistricting plan embodied in Act 43 constituted an unconstitutional gerrymander. *See Whitford v. Gill*, 218 F. Supp. 3d 837 (W.D. Wis. 2016). The WEC appealed to the Supreme Court pursuant to 28 U.S.C. § 1253. The Court vacated this court's judgment and remanded the case to allow the court to address the issue of standing. *Gill v. Whitford*, 138 S. Ct. 1932 (2018). On remand, the Wisconsin State Assembly moved for, and was granted, leave to intervene as an additional defendant.

On January 7, 2019, the defendants requested that the court stay the case pending the resolution of *Rucho v. Common Cause*, No. 18-422 (U.S.), and *Lamone v. Benisek*, No. 18-726 (U.S.), two cases pending before the Supreme Court that raised partisan gerrymandering claims. The court denied the stay and allowed discovery to proceed but rescheduled the trial to a date after which it anticipated that the Supreme Court would issue its decisions in *Rucho* and *Lamone*. Dkt. No. 42. On June 27, 2019, the Supreme Court held in *Rucho v. Common Cause* that "partisan gerrymandering claims present political questions beyond the reach of the federal courts." 139 S. Ct. 2484, 2506–07 (2019). The parties thereafter moved to dismiss this case based on the Supreme

Court's decision. On July 2, 2019, the court dismissed the suit without prejudice for lack of jurisdiction and entered judgment the following day. On July 15, 2019, the WEC filed a Bill of Costs, requesting a total of $19,308.59 in costs, and the Assembly filed a Bill of Costs requesting $45,043.40 in costs. The Assembly also filed a motion for attorney's fees.

ANALYSIS

A. Bill of Costs

The WEC and the Assembly both request their costs associated with this litigation. The Assembly contends it is entitled to costs as a prevailing party under Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Plaintiffs argue, on the other hand, and the WEC concedes, that requests for costs where, as here, a case is dismissed for lack of jurisdiction are controlled by 28 U.S.C. § 1919, which states, "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." The WEC argues that it should be awarded its costs as a matter of justice under § 1919.

We agree with Plaintiffs and the WEC that the award of costs in this case is governed by § 1919. There was no judgment on the merits; the case was dismissed for lack of jurisdiction. By its plain language, § 1919 therefore applies. We also read § 1919, as has every other court to address the issue in a decision brought to our attention, as an exception to the presumption in favor of awarding costs to the prevailing party codified in Rule 54(d)(1). *See, e.g., Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1156 (9th Cir. 2012) ("Unlike Rule 54(d)(1), . . . a cost award

under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court."); *Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 625 (3d Cir. 2002) ("Because there is a statute, 28 U.S.C. § 1919, that expressly covers the situation here, i.e., dismissal for lack of subject matter jurisdiction, Rule 54(d)(1) is not applicable."); *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 n.8 (10th Cir. 1998) (noting that "there is a fundamental distinction between awarding costs under § 1919, and under § 1920 and Fed. R. Civ. P. 54(d)," because § 1919 is permissive and "unlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party"); *see also, e.g.*, *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, No. 94-7316, 2007 WL 4270622, at *2 (E.D. Pa. Dec. 3, 2007) ("Section 1919 is an express carve out from Rule 54(d) and § 1920 . . . ."); *Ohio Cas. Ins. Co. v. Reed*, No. 1:04-cv-2027-DFH-WTL, 2006 WL 3240501, at *1 n.1 (S.D. Ind. Nov. 2, 2006) (noting that "Rule 54(d) cannot serve as the basis for an award of costs because defendants are not 'prevailing parties' under Rule 54(d) when the action is dismissed for lack of subject matter jurisdiction" and that § 1919 would apply instead); *Ericsson GE Mobile Commcn's, Inc. v. Motorola Commcn's & Elecs., Inc.*, 179 F.R.D. 328, 330 (N.D. Ala. 1998) ("Why is § 1919 controlling? Simply because this case was dismissed for lack of jurisdiction. Section 1919 was expressly and specifically designed to cover such a situation."); *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27 (E.D. Wis. 1996) ("The parties erroneously assert this case is controlled by Rule 54. Rather, it is governed by 28 U.S.C. 1919."). To hold otherwise would be to read § 1919 out of existence.

Notwithstanding this authority and the plain language of the statute, the Assembly maintains that § 1919 does not displace Rule 54(d)(1) and that it is entitled to costs under Rule 54(d). The Assembly's argument is predicated almost entirely on *Marx v. General Revenue Corp.*,

568 U.S. 371 (2013). In *Marx*, the Supreme Court addressed the application of Rule 54(d) to the Fair Debt Collection Practices Act's ("FDCPA") remedial scheme. There, the district court found that Marx had failed to prove a violation of the FDCPA and awarded costs to the defendant pursuant to Rule 54(d)(1). The plaintiff moved to vacate the award of costs, arguing that § 1692k(a)(3) of the FDCPA set forth the exclusive basis for awarding costs in FDCPA cases. That section provides, in relevant part, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." § 1692k(a)(3). Because it had not found the action was brought in bad faith, the plaintiff argued the court lacked any basis to award either attorney's fees or costs to the defendant. The district court denied the motion, finding that § 1692k(a)(3) did not displace its discretion to award costs under Rule 54(d)(1), and the Tenth Circuit affirmed.

The Supreme Court granted certiorari to address "whether a prevailing defendant in an FDCPA case may be awarded costs where the lawsuit was not brought in bad faith and for the purpose of harassment." 568 U.S. at 376. In other words, the issue in *Marx* was whether a district court retains discretion to award statutory costs to the prevailing defendant under Rule 54(d)(1), notwithstanding the provision of the FDCPA allowing an award to the defendant of reasonable attorney's fees, as well as costs, upon a finding that the action was brought in bad faith. That, of course, is not the issue here. There is no dispute in this case that the court has discretion to award costs to the defendants; the issue here is whether Rule 54(d)(1)'s presumption in favor of costs to the prevailing party applies when a case is dismissed for lack of jurisdiction. *Marx* is silent on that issue. What Marx did say is that "[a] statute may limit a court's discretion in several ways, and it need not expressly state that it is displacing Rule 54(d)(1) to do so." *Id.* at 377. As the above cases

hold, § 1919, by its plain terms, clearly displaces Rule 54(d)(1) where an action is dismissed for lack of jurisdiction. That is what occurred here. Rule 54(d)(1) thus does not apply.

There remains the question of whether an award of costs to the defendants is just. While the Seventh Circuit has not addressed what constitute "just costs" under § 1919, the Ninth Circuit has instructed that, in awarding "'just costs' under [Section] 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Otay Land Co.*, 672 F.3d at 1157. Upon consideration of the totality of the circumstances surrounding the case, we conclude that requiring the individual Plaintiffs to pay the defendants' costs under § 1919 would not be just. Plaintiffs brought this action to remedy what they in good faith believed was the unconstitutional diminishment of their ability to cast a vote for meaningful representation in the State Assembly. A majority of this court initially ruled in their favor. The Supreme Court vacated the court's decision and remanded the case to allow Plaintiffs the opportunity to establish standing. *Gill*, 138 S. Ct. at 1934. But before Plaintiffs had the opportunity to present their evidence of standing, the Court ruled that partisan gerrymandering cases were not justiciable. In so ruling, the Court did not hold that Act 43 was lawful; in fact, the majority acknowledged that "[e]xcessive partisanship in districting leads to results that reasonably seem unjust," *Rucho*, 139 S. Ct. at 2506, and is "incompatible with democratic principles." *Id.* (quoting *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S. Ct. 2652, 2658 (2015)). Instead, the Court held that such claims present political questions beyond the reach of the federal courts. *Id.* at 2506–07.

It was not unreasonable for Plaintiffs to seek redress in the federal courts. Indeed, more than thirty-five years ago, a majority of the Court appeared to have held that such claims were justiciable. *See Davis v. Bandemer*, 478 U.S. 109 (1986). And even though eighteen years later a plurality rejected the tests for the constitutionality of districting plans that lower courts had

attempted to apply in the meantime, *see Vieth v. Jubelirer*, 541 U.S. 267 (2004), the central holding of *Bandemer* that political gerrymandering claims may be justiciable was not overturned. Instead, interested parties and lower courts were left to continue their search for a judicially discernable and manageable standard for identifying unconstitutional partisan gerrymanders. That is what Plaintiffs sought to accomplish with this lawsuit. When the Court unequivocally held in *Rucho* that such claims were not justiciable, Plaintiffs immediately agreed to dismissal.

The Assembly argues that Plaintiffs unreasonably opposed the defendants' request to stay the case after the Supreme Court granted certiorari in *Rucho* and *Lamone* and it became clear that the Court's decision in those cases could dispose of this case too, as it ultimately did. "From that point on," the Assembly argues, "Plaintiffs bore the risk of forging ahead with costly litigation." Assembly Mot. for Atty's Fees at 2, Dkt. No. 326. But this argument ignores the fact that this court, realizing time was of the essence if any remedy were to be possible before the 2020 elections, denied the defendants' motion to stay the case entirely and instead moved the trial to commence shortly after the Court's term would end. Plaintiffs cannot be faulted for opposing a stay which would have risked rendering their claims moot, especially where the court likewise concluded that a stay was not warranted.

To be sure, both the WEC and the Assembly incurred substantial costs in defending against Plaintiffs' action. But Plaintiffs, or those who supported their effort, also incurred significant costs in their attempt to eliminate a practice the Court made clear it did not condone. The Assembly and the members of the WEC, sued in their official capacity and thus entitled to indemnification from the State, are in a better position to absorb those costs than the individual Plaintiffs who brought the action. Under these circumstances, we conclude that justice is best served by leaving each to bear their own costs.

7

B. Motion for Attorney's Fees

The Assembly also seeks attorney's fees pursuant to 42 U.S.C. § 1988. In an action to enforce civil rights, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs . . . ." 42 U.S.C. § 1988(b). To recover attorney's fees, the defendant must demonstrate that the "plaintiff brought this action in subjective bad faith, or that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227–28 (7th Cir. 1995) (quoting *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978)). A lawsuit is frivolous "if it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs. v. Lake Cty., Ill.*, 424 F.3d 659, 675 (7th Cir. 2005) (quoting *Tarkowski v. Cty. of Lake*, 775 F.2d 173, 176 (7th Cir. 1985)). In this case, the court dismissed the case for lack of jurisdiction based on the Supreme Court's decision that "partisan gerrymandering claims present political questions beyond the reach of the federal courts." *Rucho*, 139 S. Ct. at 2506–07. It does not follow that, because Plaintiffs' claims were ultimately nonjusticiable, Plaintiffs' claims were frivolous at the outset of the litigation. For the reasons explained above, an award of attorney's fees is not warranted. Accordingly, the court denies the Assembly's motion for attorney's fees.

ORDER

IT IS ORDERED that the Assembly's motion for attorney's fees, Dkt. 326, is DENIED. The WEC and the Assembly's requests for an award of costs, Dkt. 328 and Dkt. 330, are DENIED.

Entered August 22, 2019.

                BY THE COURT:

                /s/_____
                KENNETH F. RIPPLE
                Circuit Judge

                /s/_____
                WILLIAM C. GRIESBACH
                District Judge

                /s/_____
                JAMES D. PETERSON
                District Judge